PAUL HASTINGS LLP
ELENA R. BACA (SB# 160564)
elenabaca@paulhastings.com
JENNIFER L. MILAZZO (SB# 318356)
jennifermilazzo@paulhastings.com
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

PAUL HASTINGS LLP
RYAN D. DERRY (SB# 244337)
ryanderry@paulhastings.com
101 California Street
Forty-Eight Floor
San Francisco, California 94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Attorneys for Defendant
FAMILY DOLLAR, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOSEPHINE PERFECTO, MARK BOULDIN, YVETTE SUMMONS, ASHLEY LEE, DANIEL MENJIVAR, CRYSTAL STALLINGS, individually, and on behalf of others similarly situated,

Plaintiffs,

vs.

FAMILY DOLLAR, INC., a North Carolina corporation; and DOES 1 through 50, inclusive,

Defendants.

Case No. 2:22-CV-1410

**DEFENDANT FAMILY DOLLAR, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION**

Los Angeles County Superior Court, No. 21STCV47449

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Family Dollar, Inc. ("Family Dollar") hereby removes this action from the Superior Court of California in and for the County of Los Angeles (the "Superior Court") to this Court, based on diversity of citizenship jurisdiction under 28 U.S.C. section 1332 (as amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, § 4(a), 119 Stat. 9). In support of removal, Family Dollar alleges as follows:

1. On December 29, 2021, plaintiffs Josephine Perfecto, Mark Bouldin, Yvette Simmons, Ashley Lee, Daniel Menjivar, and Crystal Stallings, commenced a putative class action and Private Attorneys General Act, California Labor Code section 2698, *et seq*. ("PAGA") representative action in Los Angeles County Superior Court entitled: "*Josephine Perfecto, Mark Bouldin, Yvette Simmons, Ashley Lee, Daniel Menjivar, Crystal Stallings, individually, and on behalf of others similarly situated, Plaintiffs, vs. Family Dollar, Inc., a North Carolina corporation; and DOES 1 through 50, inclusive, Defendants*," Los Angeles County Superior Court Case No. 21STCV47449 (the "Action"). A true copy of the complaint filed in the Action and served on Family Dollar (the "Complaint" or "Cmplt.") is attached as Exhibit A to this notice. The allegations in the Complaint are incorporated into this notice by reference without admitting the truth of any of them.

2. The Complaint asserts nine putative class action causes of action for (1) failure to provide required meal periods; (2) failure to provide required rest periods; (3) failure to pay overtime wages; (4) failure to pay minimum wages; (5) failure to pay all wages due to discharged and quitting employees; (6) failure to maintain required records; (7) failure to furnish accurate itemized wage statements; (8) failure to indemnify employees for necessary expenditures incurred in the discharge of duties; and (9) unfair and unlawful business practices. Plaintiffs purport to bring these class claims on behalf of themselves and a class of "current and former non-exempt employees" of Family

Dollar in California from December 29, 2017 to settlement or final judgment. (Cmplt., ¶ 8.)

3.     The Complaint also asserts a tenth cause of action seeking civil penalties under PAGA on behalf of a group of allegedly aggrieved employees composed of "current and former non-exempt employees" of Family Dollar in California. (Cmplt., ¶ 7.)

4.     On January 31, 2022, Plaintiffs personally served Family Dollar with the Summons and the Complaint in this Action. A true copy of the Summons and Complaint served on Family Dollar is attached to this notice as Exhibit A.

5.     With the Summons and the Complaint, Plaintiffs also served Civil Case Cover Sheet, Civil Case Coversheet Addendum and Statement of Location, Notice of Case Assignment, Peremptory Challenge to Judicial Officer, Notice of Deposit of Advance Jury Fee, Alternative Dispute Resolution (ADR) Information Packet, and Court Order re: Peremptory Challenge. A true copy of these documents served on Family Dollar on January 31, 2022, are attached to this notice as Exhibit B.

6.     On February 16, 2022, Plaintiffs served Family Dollar with a "Notice of Case Reassignment." A true copy of the Notice of Case Reassignment served on Family Dollar is attached to this notice as Exhibit C.

7.     Exhibits A through C contain all process, pleadings, and orders served on Family Dollar, as of the date of this removal.

8.     A true and correct copy of the complete docket in this matter from the Los Angeles County Superior Court is attached to this notice as Exhibit D.

9.     A true and correct copy of all other documents that are reflected on the Los Angeles County Superior Court's docket, as of the date of this removal are attached to this notice as Exhibit E.

10.     On March 2, 2022, before filing this Notice of Removal, Family Dollar filed an Answer in the Action. A true copy of Family Dollar's Answer is attached to this

Notice of Removal as Exhibit F. Family Dollar will submit a conformed copy of the Answer to the Court once received from the Superior Court.

11. No other defendant is named in the Complaint in this Action and Family Dollar is informed and believes that no other defendant has been served with process in this Action.

12. This notice of removal is effected properly and timely pursuant to 28 U.S.C. section 1446(b).

13. Notice of this removal will promptly be given to both Plaintiffs and the Superior Court pursuant to 28 U.S.C. section 1446(d).

14. Venue of this Action exists in this District pursuant to 28 U.S.C. section 1441(a) because the Superior Court is located within this District.

**Removal Is Proper Under CAFA**

15. The Action is properly removed to this Court under the amended rules for diversity of citizenship jurisdiction under CAFA. CAFA amended 28 U.S.C. section 1332 to provide that a putative class action is removable to federal court if (a) any member of a class of plaintiffs is a citizen of a state different from any defendant; (b) the proposed class members number at least 100; and (c) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d). Each of these requirements is met in this Action.

***The Citizenship of the Parties Is Diverse***

16. Family Dollar is informed and believes that Plaintiffs are now, and were at the time the Action was commenced, citizens of the State of California within the meaning of 28 U.S.C. section 1332(a). (*See* Cmplt., ¶¶ 1-6: "PERFECTO is a female resident of the State of California and a former employee of DEFENDANTS."; "BOULDIN is a male resident of the State of California and a former employee of DEFENDANTS."; "SIMMONS is a female resident of the State of California and a former employee of DEFENDANTS."; "LEE is a female resident of the State of California and a former employee of DEFENDANTS."; "MENJIVAR is a male resident

of the State of California and a former employee of DEFENDANTS."; "STALLINGS is a female resident of the State of California and a former employee of DEFENDANTS.").

17. Family Dollar is now, and was at the time the Action was commenced, a citizen of a state other than the State of California within the meaning of 28 U.S.C. section 1332(c)(1). Family Dollar is now, and was at the time the Action was commenced, a corporation organized under the laws of the State of North Carolina with its principal place of business in the State of Virginia.

18. Family Dollar is the only named defendant named in this Action. The presence of Doe defendants has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."). Accordingly, no named defendant is a citizen of California, in which state this Action was filed, and there is complete diversity of citizenship between the parties.

***The Proposed Class Members Number at Least 100***

19. Since December 29, 2017, Family Dollar has employed more than 5,000 non-exempt employees at its store locations in the State of California. Accordingly, the requirement that the proposed class members number at least 100 is satisfied.

***The Amount in Controversy Exceeds $5,000,000***

20. Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(6). Plaintiffs do not allege a specific amount in damages. *See* Compl. Where the complaint does not specify the amount of damages sought, the removing defendant under CAFA must only show that it is "*more likely than not*" that amount in controversy exceeds five million dollars. *Coleman v. Estes Express Lines, Inc*., 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphasis in original).

21. The amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs.

Waiting Time Penalties

22. Under their Fifth Cause of Action, Plaintiffs allege that Family Dollar failed to pay all wages due to discharged and quitting employees, in violation of California Labor Code section 203. (Cmplt., ¶ 38; Prayer ¶ 6.)

23. In a case of willful failure to pay final wages upon termination, as Plaintiffs allege here, California Labor Code section 203 imposes a waiting-time penalty equal to the employee's daily wage rate for a maximum of 30 days. Cal. Lab. Code § 203(a). These penalties are calculated as an employee's final daily rate of pay (*i.e.*, the employee's final wage rate times the employee's average shift length) times the number of days of waiting-time penalties (up to 30 days). *See id*.; *Mamika v. Barca*, 68 Cal. App. 4th 487, 491-93 (1998).

24. Plaintiffs purport to bring a claim for waiting-time penalties pursuant to California Labor Code section 203 on behalf of themselves and a putative class of "current and former non-exempt employees" of Family Dollar, Inc. in California from December 29, 2017 to settlement or final judgment.[1] (Cmplt. ¶¶ 36, 38; Prayer ¶ 6.) Derivative of Plaintiffs' underlying claims discussed above, Plaintiffs allege that Family Dollar "willfully failed to pay accrued wages and other compensation" to Plaintiffs and Class Members under California Labor Code sections 201 and 202, thereby entitling them to waiting time penalties under California Labor Code section 203. (Cmplt. ¶¶ 37-38; Prayer ¶ 6.)

25. Under California Code of Civil Procedure section 338 and *Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1395 (2010), the statute of limitations for a claim under Section 203 is three years.

26. Applying a potential three-year statute of limitations, the amount in controversy as to Plaintiffs' Section 203 claim only is more than $8,259,840.

---

[1] Plaintiffs can only seek three years of penalties under California Labor Code section 203. *See* Cal. Civ. Proc. Code § 338; *Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1395 (2010).

27.     Family Dollar calculated these waiting-time penalties placed at issue by the Complaint as follows:

    a.      Using its employment data, Family Dollar has determined that it employed 5,736 non-exempt California associates whose employment was terminated between December 29, 2018 and March 1, 2022.

    b.      Associates at Family Dollar in California are paid equal to or in excess of applicable California minimum wage.  Minimum wage in California was $12.00/hour, as of January 1, 2019.  Since January 1, 2019, minimum wage in California has increased to $15.00/hour currently.

    c.      Associates at Family Dollar in California work, on average, shifts that are longer than 4 hours in length.

    d.      Family Dollar assumed that each of the 5,736 terminated associates was entitled to up to 30 days' worth of waiting-time penalties based on Plaintiffs' allegations discussed above.

    e.      For a conservative calculation, applying the minimum wage that applied as of January 1, 2019 ($12.00 per hour) and a shift length of 4 hours for each terminated associate, the amount in controversy is equal to $8,259,840 (5,736 associates * 30 days penalties * 4 hour shift length * $12.00/hr. wage rate).

28.     The calculations above do not account for any of Plaintiffs' other eight putative class claims for relief or their request for attorneys' fees.  Taking those into account would only increase the amount in controversy.

29.     Accordingly, there is no question that the amount in controversy exceeds the jurisdictional threshold.

30.     In setting forth these calculations, Family Dollar does not admit that Plaintiffs or any other person are owed any additional wages or that they were not paid all of their final wages upon termination; or that Family Dollar is liable to Plaintiffs or any

other person in any amount or for any relief. On the contrary, Family Dollar denies that it is liable to plaintiffs or any other person in any amount and for any relief.

31. Based on the foregoing, all requirements under 28 U.S.C. section 1332(d) are satisfied and the Action may be removed to this Court on grounds of diversity of citizenship jurisdiction under CAFA.

DATED: March 2, 2022

PAUL HASTINGS LLP
ELENA R. BACA
RYAN D. DERRY
JENNIFER L. MILAZZO

By: ______________________
RYAN D. DERRY

Attorneys for Defendant
FAMILY DOLLAR, INC.

# EXHIBIT A

21STCV47449

Electronically FILED by Superior Court of California, County of Los Angeles on 12/29/2021 01:29 PM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Martinez, Deputy Clerk **SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** FAMILY DOLLAR, INC., a North Carolina
***(AVISO AL DEMANDADO):*** corporation; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** JOSEPHINE PERFECTO, MARK
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):*** BOULDIN, YVETTE SIMMONS, ASHLEY LEE, DANIEL MENJIVAR, CRYSTAL STALLINGS, individually, and on behalf of others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California* (www.sucorte.ca.gov)*, en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,* (www.lawhelpcalifornia.org)*, en el Centro de Ayuda de las Cortes de California,* (www.sucorte.ca.gov) *o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Los Angeles
312 North Spring Street
Los Angeles, California 90012

CASE NUMBER: *(Número del Caso):* 21STCV47449

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Mikael H. Stahle
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matern Law Group, PC
1230 Rosecrans Avenue, Suite 200, Manhattan Beach, CA 90266 (310) 531-1900

DATE: *(Fecha)* 12/29/2021 Clerk, by *(Secretario)* Sherri R. Carter Executive Officer / Clerk of Court K. Martinez, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify)*: FAMILY DOLLAR, INC., a North Carolina corporation

under: [X] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] **SUMMONS** Code of Civil Procedure §§ 412.20, 465 *www.courtinfo.ca.gov* Westlaw Doc & Form Builder

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: William Highberger

Electronically FILED by Superior Court of California, County of Los Angeles on 12/29/2021 01:29 PM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Martinez,Deputy Clerk

**MATERN LAW GROUP, PC**
Matthew J. Matern (SBN 159798)
Email: mmatern@maternlawgroup.com
Mikael H. Stahle (SBN 182599)
Email: mstahle@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Tel: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for PLAINTIFFS JOSEPHINE PERFECTO, MARK BOULDIN, YVETTE SIMMONS, ASHLEY LEE, DANIEL MENJIVAR, CRYSTAL STALLINGS individually, and on behalf of others similarly situated

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

JOSEPHINE PERFECTO, MARK BOULDIN, YVETTE SIMMONS, ASHLEY LEE, DANIEL MENJIVAR, CRYSTAL STALLINGS, individually, and on behalf of others similarly situated,

Plaintiffs,

vs.

FAMILY DOLLAR, INC., a North Carolina corporation; and DOES 1 through 50, inclusive,

Defendants.

CASE NO.: 21STCV47449

**COMPLAINT**

**CLASS ACTION:**

1. Failure to Provide Required Meal Periods
2. Failure to Provide Required Rest Periods
3. Failure to Pay Overtime Wages
4. Failure to Pay Minimum Wages
5. Failure to Pay All Wages Due to Discharged and Quitting Employees
6. Failure to Maintain Required Records
7. Failure to Furnish Accurate Itemized Wage Statements
8. Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties
9. Unfair and Unlawful Business Practices

**REPRESENTATIVE ACTION:**

10. Penalties under the Labor Code Private Attorneys General Act, as Representative Action

**DEMAND FOR JURY TRIAL**

MATERN LAW GROUP
1230 ROSECRANS AVENUE, STE 200
MANHATTAN BEACH, CA 90266

## INTRODUCTION

PLAINTIFFS JOSEPHINE PERFECTO ("PERFECTO"), MARK BOULDIN ("BOULDIN"), YVETTE SIMMONS ("SIMMONS"), ASHLEY LEE ("LEE"), DANIEL MENJIVAR ("MENJIVAR"), CRYSTAL STALLINGS ("STALLINGS") (collectively "PLAINTIFFS") an individually, demanding a jury trial, on behalf of herself and other persons similarly situated, hereby alleges as follows:

## JURISDICTION AND VENUE

1. The Superior Court of the State of California has jurisdiction in this matter because PLAINTIFFS are residents of the State of California, and Defendants FAMILY DOLLAR, INC., a North Carolina corporation; and DOES 1 through 50 inclusive (collectively "DEFENDANTS"), are qualified to do business in California and regularly conduct business in California. Further, no federal question is at issue because the claims are based solely on California law.

2. Venue is proper in this judicial district and the County of Los Angeles, California because PLAINTIFFS, and other persons similarly situated, performed work for DEFENDANTS in the County of Los Angeles, DEFENDANTS maintain offices and facilities and transact business in the County of Los Angeles, and because DEFENDANTS' illegal payroll policies and practices which are the subject of this action were applied, at least in part, to PLAINTIFFS, and other persons similarly situated, in the County of Los Angeles.

## PLAINTIFFS

1. PERFECTO is a female resident of the State of California and a former employee of DEFENDANTS.

2. BOULDIN is a male resident of the State of California and a former employee of DEFENDANTS.

3. SIMMONS is a female resident of the State of California and a former employee of DEFENDANTS.

4. LEE is a female resident of the State of California and a former employee of DEFENDANTS.

5. MENJIVAR is a male resident of the State of California and a former employee of

MATERN LAW GROUP
1230 ROSECRANS AVENUE, STE 200
MANHATTAN BEACH, CA 90266

DEFENDANTS.

6. STALLINGS is a female resident of the State of California and a former employee of DEFENDANTS.

7. PLAINTIFFS, on behalf of himself and other similarly situated current and former non-exempt employees of DEFENDANTS in the State of California at any time during the four years preceding the filing of this action, and continuing while this action is pending, brings this class action to recover, among other things, wages and penalties from unpaid wages earned and due, including but not limited to unpaid minimum wages, unpaid and illegally calculated overtime compensation, illegal meal and rest period policies, failure to pay all wages due to discharged and quitting employees, failure to indemnify employees for necessary expenditures and/or losses incurred in discharging their duties, failure to provide accurate itemized wage statements, failure to maintain required records, and interest, attorneys' fees, costs, and expenses.

8. PLAINTIFFS brings this action on behalf of himself and the following similarly situated class of individuals ("CLASS MEMBERS"): all current and former non-exempt employees of DEFENDANTS in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment (the "CLASS PERIOD"). PLAINTIFFS reserves the right to name additional class representatives.

**DEFENDANTS**

9. PLAINTIFFS are informed and believes, and thereon alleges, that DEFENDANT FAMILY DOLLAR, INC. is, and at all times relevant hereto was, a North Carolina corporation organized and existing under the laws of the State of California. PLAINTIFFS are further informed and believes, and thereon alleges, that DEFENDANT FAMILY DOLLAR, INC. is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT FAMILY DOLLAR, INC. maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Los Angeles, State of California.

10. The true names and capacities of DOES 1 through 50, inclusive, are unknown to

PLAINTIFFS at this time, and PLAINTIFFS therefore sue such DOE Defendants under fictitious names. PLAINTIFFS are informed and believes, and thereon alleges, that each Defendant designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and that PLAINTIFFS and CLASS MEMBERS' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE Defendants. PLAINTIFFS will seek leave of the court to amend this Complaint to allege their true names and capacities of such DOE Defendants when ascertained.

11. At all relevant times herein, DEFENDANTS were the joint employers of PLAINTIFFS and CLASS MEMBERS. PLAINTIFFS are informed and believes, and thereon allege, that at all times material to this complaint DEFENDANTS were the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other. Each Defendant was completely dominated by his, her or its co-Defendant, and each was the alter ego of the other.

12. At all relevant times herein, PLAINTIFFS and CLASS MEMBERS were employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied. In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFFS and CLASS MEMBERS all wages earned and due, through methods and schemes which include, but are not limited to, failing to pay overtime premiums; failing to provide rest and meal periods; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; failing to properly compensate PLAINTIFFS and CLASS MEMBERS for necessary expenditures; and requiring, permitting or suffering the employees to work off the clock, in violation of the California Labor Code and the applicable Welfare Commission ("IWC") Orders.

13. PLAINTIFFS are informed and believes, and thereon allege, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control

MATERN LAW GROUP
1230 ROSECRANS AVENUE, STE 200
MANHATTAN BEACH, CA 90266

of, each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

14. Pursuant to California Labor Code § 558.1, DEFENDANTS and any person acting on behalf of any of the DEFENDANTS, are liable for violating, or causing to violate, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802.

15. As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFFS and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

**CLASS ACTION DESIGNATION**

16. This action is appropriately suited for a Class Action because:

a. The potential class is a significant number. Joinder of all current and former employees individually would be impractical.

b. This action involves common questions of law and fact to the potential class because the action focuses on DEFENDANTS' systematic course of illegal payroll practices and policies, which was applied to all non-exempt employees in violation of the Labor Code, the applicable IWC wage order, and the Business and Professions Code which prohibits unfair business practices arising from such violations.

c. The claims of PLAINTIFFS are typical of the class because DEFENDANTS subjected all non-exempt employees to identical violations of the Labor Code, the applicable IWC wage order, and the Business and Professions Code.

d. PLAINTIFFS are able to fairly and adequately protect the interests of all members of the class because it is in his best interests to prosecute the claims alleged herein to obtain full compensation due to them for all services rendered and hours worked.

///

///

///

**FIRST CAUSE OF ACTION**

**Failure to Provide Required Meal Periods**

**[Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order No. 7-2001, § 11]**

**(Against all DEFENDANTS)**

15. PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

16. During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS required, permitted or otherwise suffered PLAINTIFFS and CLASS MEMBERS to take less than the 30-minute meal period, or to work through them, and have failed to otherwise provide the required meal periods to PLAINTIFFS and CLASS MEMBERS pursuant to California Labor Code § 226.7, 512 and IWC Order No. 7-2001, § 11.

17. DEFENDANTS further violated California Labor Code §§ 226.7 and IWC Wage Order No. 7-2001, § 11 by failing to compensate PLAINTIFFS and CLASS MEMBERS who were not provided with a meal period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

18. DEFENDANTS further violated California Labor Code §§ 226.7, 510, 1194, 1197, and IWC Wage Order No. 7-2001 by failing to compensate PLAINTIFFS and CLASS MEMBERS for all hours worked during their meal periods.

19. As a proximate result of the aforementioned violations, PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

**SECOND CAUSE OF ACTION**

**Failure to Provide Required Rest Periods**

**[Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 7-2001, § 12]**

**(Against all DEFENDANTS)**

20. PLAINTIFFS incorporate herein by specific reference, as though fully set forth,

the allegations in the foregoing paragraphs.

21. At all times relevant herein, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS failed to provide rest periods to PLAINTIFFS and CLASS MEMBERS as required under California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 7-2001, § 12.

22. DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order No. 7-2001, § 12 by failing to pay PLAINTIFFS and CLASS MEMBERS who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

23. As a proximate result of the aforementioned violations, PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

**THIRD CAUSE OF ACTION**

**Failure to Pay Overtime Wages**

**[Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 7-2001, § 3]**

**(Against all DEFENDANTS)**

24. PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

25. Pursuant to California Labor Code §§ 510, 1194, and IWC Wage Order No. 7-2001, § 3, DEFENDANTS are required to compensate PLAINTIFFS and CLASS MEMBERS for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

26. PLAINTIFFS and CLASS MEMBERS are current and former non-exempt employees entitled to the protections of California Labor Code §§ 510, 1194, and IWC Wage

Order No. 7-2001. During the CLASS PERIOD, DEFENDANTS failed to compensate PLAINTIFFS and CLASS MEMBERS for all overtime hours worked as required under the foregoing provisions of the California Labor Code and IWC Wage Order by, among other things: failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by California Labor Code §§ 510, 1194, and IWC Wage Order No. 7-2001, § 3; requiring, permitting or suffering PLAINTIFFS and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFFS and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFFS and CLASS MEMBERS worked; failing to properly maintain PLAINTIFFS' and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFFS for each pay period; and other methods to be discovered.

27. In violation of California law, DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate PLAINTIFFS and CLASS MEMBERS for all wages earned and all hours worked. As a proximate result, PLAINTIFFS and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

28. DEFENDANTS' conduct described herein violates California Labor Code §§ 510, 1194, 1198 and IWC Wage Order No. 7-2001, § 3. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the California Labor Code and IWC Wage Orders, PLAINTIFFS and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

///

///

///

MATERN LAW GROUP
1230 ROSECRANS AVENUE, STE 200
MANHATTAN BEACH, CA 90266

**FOURTH CAUSE OF ACTION**

**Failure to Pay Minimum Wages**

**[Cal Labor Code §§ 1194, 1197; IWC Wage Order No. 7-2001, § 4]**

**(Against all DEFENDANTS)**

29. PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

30. Pursuant to California Labor Code §§ 1194, 1197, and IWC Wage Order No. 7-2001, § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

31. During the CLASS PERIOD, DEFENDANTS failed to pay PLAINTIFFS and CLASS MEMBERS minimum wages for all hours worked by, among other things: requiring, permitting or suffering PLAINTIFFS and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFFS and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFFS and CLASS MEMBERS worked; failing to properly maintain PLAINTIFFS' and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFFS and CLASS MEMBERS for each pay period; and other methods to be discovered.

32. DEFENDANTS' conduct described herein violates California Labor Code §§ 1194, 1197, and IWC Wage Order No. 7-2001, § 4. As a proximate result of the aforementioned violations, PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFFS and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

///

///

///

**FIFTH CAUSE OF ACTION**

**Failure to Pay All Wages Due to Discharged and Quitting Employees**

**[Cal. Labor Code §§ 201, 202, 203]**

**(Against all DEFENDANTS)**

33. PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

34. Pursuant to California Labor Code § 201, 202, and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged. California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

35. Furthermore, pursuant to California Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

36. California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

37. During the CLASS PERIOD, DEFENDANTS have willfully failed to pay accrued wages and other compensation to PLAINTIFFS and CLASS MEMBERS in accordance with California Labor Code §§ 201 and 202.

38. As a result, PLAINTIFFS and CLASS MEMBERS are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code § 203, together with interest thereon, as well as other available remedies.

39. As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFFS and CLASS MEMBERS have been deprived of compensation in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, pursuant

to California Labor Code §§ 1194 and 2699.

**SIXTH CAUSE OF ACTION**

**Failure to Maintain Required Records**

**[Cal. Labor Code §§ 226; IWC Wage Order No. 7-2001, § 7]**

**(Against all DEFENDANTS)**

40. PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

41. During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive PLAINTIFFS and CLASS MEMBERS of all wages earned and due, DEFENDANTS knowingly and intentionally failed to maintain records as required under California Labor Code §§ 226, 1174, and IWC Wage Order No. 7-2001, § 7, including but not limited to the following records: total daily hours worked by each employee; applicable rates of pay; all deductions; meal periods; time records showing when each employee begins and ends each work period; and accurate itemized statements.

42. As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial, and are entitled to all wages earned and due, plus interest thereon. Additionally, PLAINTIFFS and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

**SEVENTH CAUSE OF ACTION**

**Failure to Furnish Accurate Itemized Wage Statements**

**[Cal. Labor Code §§ 226, 1174; IWC Wage Order No. 7-2001, § 7]**

**(Against all DEFENDANTS)**

43. PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

44. During the CLASS PERIOD, DEFENDANTS routinely failed to provide

PLAINTIFFS and CLASS MEMBERS with timely, accurate, and itemized wage statements in writing showing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity or entities employing PLAINTIFFS and CLASS MEMBERS, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226 and IWC Wage Order No. 7-2001, § 7.

45. During the CLASS PERIOD, DEFENDANTS knowingly and intentionally failed to provide PLAINTIFFS and CLASS MEMBERS with timely, accurate, and itemized wage statements in accordance with California Labor Code § 226(a).

46. As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon. Additionally, PLAINTIFFS and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

**EIGHTH CAUSE OF ACTION**

**Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties**

**[Cal. Labor Code § 2802]**

**(Against all DEFENDANTS)**

47. PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

48. California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

49. During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to indemnify PLAINTIFFS and CLASS MEMBERS for all business expenses and/or losses

incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including but not limited to expenses for uniforms, cell phone usage, and other employment-related expenses, in violation of California Labor Code § 2802.

50. As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b). Additionally, PLAINTIFFS and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

**NINTH CAUSE OF ACTION**

**Unfair and Unlawful Business Practices**

**[Cal. Bus. & Prof. Code §§ 17200 et. seq.]**

**(Against all DEFENDANTS)**

51. PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

52. Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure and refusal to provide required meal periods, DEFENDANTS' failure and refusal to provide required rest periods, DEFENDANTS' failure and refusal to pay overtime compensation, DEFENDANTS' failure and refusal to pay minimum wages, DEFENDANTS' failure and refusal to pay all wages due to discharged or quitting employees, DEFENDANTS' failure and refusal to furnish accurate itemized wage statements; DEFENDANTS' failure and refusal to maintain required records, DEFENDANTS' failure and refusal to indemnify PLAINTIFFS and CLASS MEMBERS for necessary expenditures and/or losses incurring in discharging their duties, constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200 et seq.

53. DEFENDANTS' violations of California wage and hour laws constitute a business

MATERN LAW GROUP
1230 ROSECRANS AVENUE, STE 200
MANHATTAN BEACH, CA 90266

practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFFS and CLASS MEMBERS.

54. DEFENDANTS have avoided payment of wages, overtime wages, meal periods, rest periods, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

55. As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFFS, CLASS MEMBERS, and members of the public. DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFFS and CLASS MEMBERS.

56. DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFFS and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFFS and CLASS MEMBERS the wages and other compensation unlawfully withheld from them. PLAINTIFFS and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court.

## TENTH CAUSE OF ACTION

**Representative Action for Civil Penalties**

**[Cal. Labor Code §§ 2698–2699.5]**

**(Against All DEFENDANTS)**

57. PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in all preceding paragraphs, with exception of the allegations in paragraph 16 and the subparagraphs thereto.

58. PLAINTIFFS are an "aggrieved employee" within the meaning of California

MATERN LAW GROUP
1230 ROSECRANS AVENUE, STE 200
MANHATTAN BEACH, CA 90266

Labor Code § 2699(c), and a proper representative to bring a civil action on behalf of herself and other current and former employees of DEFENDANTS pursuant to the procedures specified in California Labor Code § 2699.3, because PLAINTIFFS and CLASS MEMBERS were employed by DEFENDANTS and the alleged violations of the California Labor Code were committed against PLAINTIFFS and CLASS MEMBERS.

59. Pursuant to the California Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698–2699.5, PLAINTIFFS and CLASS MEMBBERS seeks to recover civil penalties, including but not limited to penalties under California Labor Code §§ 2699, 210, 226.3, 558, 1174.5, 1197.1, and IWC Wage Order No. 7-2001, § 20, from DEFENDANTS in a representative action for the violations set forth above, including but not limited to violations of California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1174, 1194, 1197, 1198, and 2802. PLAINTIFFS and CLASS MEMBERS are also entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

60. Pursuant to California Labor Code §§ 2699.3, PLAINTIFFS gave written notice on October 5, 2021 by online filing to the California Labor and Workforce Development Agency ("LWDA") and by certified mail to DEFENDANTS of the specific provisions of the California Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations. More than sixty-five (65) days have passed and the LWDA has not provided notice to PLAINTIFFS that it intends to investigate the alleged violations.

61. Therefore, PLAINTIFFS has complied with all of the requirements set forth in California Labor Code § 2699.3 to commence a representative action under PAGA.

## PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFFS, individually and on behalf of all other persons similarly situated, respectfully pray for relief against DEFENDANTS and DOES 1 through 50, inclusive, and each of them, as follows:

1. For compensatory damages in an amount to be ascertained at trial;

2. For restitution of all monies due to PLAINTIFFS and CLASS MEMBERS, as well as disgorged profits from DEFENDANTS' unfair and unlawful business practices;

3. For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 7-2001;

4. For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

5. For preliminary and permanent injunctive relief enjoining DEFENDANTS from violating the relevant provisions of the California Labor Code and the IWC Wage Orders, and from engaging in the unlawful business practices complained of herein;

6. For waiting time penalties pursuant to California Labor Code § 203;

7. For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code §§ 226(e) and §§ 2698–2699.5;

8. For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

9. For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194, 2699, 2802, California Civil Code § 1021.5, and any other applicable provisions providing for attorneys' fees and costs;

10. For declaratory relief;

11. For an order requiring and certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action as a class action;

12. For an order appointing PLAINTIFFS as class representative, and PLAINTIFFS' counsel as class counsel; and

///

///

///

13. For such further relief that the Court may deem just and proper.

DATED: December 29, 2021

**MATERN LAW GROUP, PC**

By: ______________________

MATTHEW J. MATERN
MIKAEL H. STAHLE

Attorneys for PLAINTIFFS JOSEPHINE PERFECTO, MARK BOULDIN, YVETTE SIMMONS, ASHLEY LEE, DANIEL MENJIVAR, CRYSTAL STALLINGS individually, and on behalf of others similarly situated

MATERN LAW GROUP
1230 ROSECRANS AVENUE, STE 200
MANHATTAN BEACH, CA 90266

-17-

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

**DEMAND FOR JURY TRIAL**

PLAINTIFFS hereby demands a trial by jury with respect to all issues so triable.

DATED: December 29, 2021

**MATERN LAW GROUP, PC**

By: [signature]

MATTHEW J. MATERN
MIKAEL H. STAHLE

Attorneys for PLAINTIFFS JOSEPHINE PERFECTO, MARK BOULDIN, YVETTE SIMMONS, ASHLEY LEE, DANIEL MENJIVAR, CRYSTAL STALLINGS individually, and on behalf of others similarly situated

MATERN LAW GROUP
1230 ROSECRANS AVENUE, STE 200
MANHATTAN BEACH, CA 90266

-18-

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 12/29/2021 01:29 PM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Martinez, Deputy Clerk

CM-010

21STCV47449

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): Matthew J. Matern; Mikael H. Stahle SBN: 159798; 182599
Matern Law Group, PC
1230 Rosecrans Avenue, Suite 200, Manhattan Beach, CA 90266
TELEPHONE NO.: (310) 531-1900 FAX NO. (Optional): (310) 531-1901
E-MAIL ADDRESS:
ATTORNEY FOR (Name): Josephine Perfecto, et al.

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 312 North Spring Street
MAILING ADDRESS: 312 North Spring Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Spring Street Courthouse

CASE NAME: Josephine Perfecto, et al. v. Family Dollar, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 21STCV47449 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (*not specified above*) (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (*check all that apply*): a. [ ] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (*specify*): Ten (10)
5. This case [ ] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: December 29, 2021
Mikael H. Stahle
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev.September 1, 2021]
CIVIL CASE COVER SHEET
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET



**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
  - Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SHORT TITLE: Josephine Perfecto, et al. v. Family Dollar, Inc., et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

**Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

| SHORT TITLE: Josephine Perfecto, et al. v. Family Dollar, Inc., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☒ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | (1), 2, 3<br>10 |
| Contract | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels______ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Josephine Perfecto, et al. v. Family Dollar, Inc., et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160 Abstract of Judgment | 2, 6 |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123 Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100 Other Civil Petition | 2, 9 |

| SHORT TITLE: Josephine Perfecto, et al. v. Family Dollar, Inc., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☒ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | | | ADDRESS: 1230 Rosecrans Avenue, Suite 200 |
|---|---|---|---|
| CITY: Manhattan Beach | STATE: | ZIP CODE: 90266 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Spring Street District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: December 29, 2021

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles
12/29/2021
Sherri R. Carter, Executive Officer / Clerk of Court
By: K. Martinez Deputy

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE**

**Your case is assigned for all purposes to the judicial officer indicated below.**

CASE NUMBER:
21STCV47449

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | William F. Highberger | 10 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on 12/30/2021 (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By K. Martinez, Deputy Clerk

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

***Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|
| Matthew J. Matern; Mikael H. Stahle<br>Matern Law Group, PC<br>1230 Rosecrans Avenue, Suite 200<br>Manhattan Beach, CA 90266<br>Tel.:(310)531-1900; Fax:(310)531-1901<br>ATTORNEY FOR (Name): Plaintiff Josephine Perfecto, et al. | 159798;182599 | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br>JAN 05 2022<br>Sherri R. Carter, Executive Officer/Clerk<br>By: M.R. Gomez-Barrientos, Deputy |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS:<br>312 S. Springstreet, Los Angeles, CA 90012 | | |
| PLAINTIFF/PETITIONER:<br>Josephine Perfecto, et al. | | |
| DEFENDANT/RESPONDENT:<br>Family Dollar, Inc., et al. | | |
| **PEREMPTORY CHALLENGE TO JUDICIAL OFFICER (Code Civ. Proc., § 170.6)** | | CASE NUMBER:<br>21STCV47449 |

| Name of Judicial Officer: (PRINT) | Dept. Number: |
|---|---|
| William F. Highberger | 10 |
| ☑ Judge ☐ Commissioner | ☐ Referee |

BY FAX

I am a party (or attorney for a party) to this action or special proceeding. The judicial officer named above, before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer.

## DECLARATION

**I declare under penalty of perjury, under the laws of the State of California, that the information entered on this form is true and correct.**

Filed on behalf of: Josephine Perfecto
Name of Party

☑ Plaintiff/Petitioner ☐ Cross Complainant
☐ Defendant/Respondent ☐ Cross Defendant
☐ Other:

Dated: January 4, 2022

[signature]
Signature of Declarant

Mikael H. Stahle
Printed Name

Electronically FILED by Superior Court of California, County of Los Angeles on 01/20/2022 11:39 AM Sherri R. Carter, Executive Officer/Clerk of Court, by U. Smith,Deputy Clerk

**MATERN LAW GROUP, PC**
Matthew J. Matern (SBN 159798)
Email: mmatern@maternlawgroup.com
Mikael H. Stahle (SBN 182599)
Email: mstahle@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Tel: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for PLAINTIFFS JOSEPHINE PERFECTO, MARK BOULDIN, YVETTE SIMMONS, ASHLEY LEE, DANIEL MENJIVAR, CRYSTAL STALLINGS individually, and on behalf of others similarly situated

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

JOSEPHINE PERFECTO, MARK BOULDIN, YVETTE SUMMONS, ASHLEY LEE, DANIEL MENJIVAR, CRYSTAL STALLINGS, individually, and on behalf of others similarly situated,

Plaintiffs,

vs.

FAMILY DOLLAR, INC., a North Carolina corporation; and DOES 1 through 50, inclusive,

Defendants. .

CASE NO. 21STCV47449

**CLASS ACTION**

[Assigned for all purposes to the Honorable David S. Cunningham, Dept. SS-11]

**NOTICE OF DEPOSIT OF ADVANCE JURY FEE BY PLAINTIFF JOSEPHINE PERFECTO**

Complaint Filed: December 29, 2021
Trial Date: None set

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to California Code of Civil Procedure § 631(b), Plaintiff JOSEPHINE PERFECTO hereby deposits an advance jury fee in the amount of $150.00 in the above-captioned matter.

DATED: January 20, 2022

Respectfully submitted,

**MATERN LAW GROUP, PC**

By: ______________________

Matthew J. Matern
Mikael H. Stahle
Attorneys for Plaintiffs
Josephine Perfecto, Mark Bouldin, Yvette Simmons, Ashley Lee, Daniel Menjivar, and Crystal Stallings

MATERN LAW GROUP
1230 ROSECRANS AVENUE, STE 200
MANHATTAN BEACH, CA 90266

-2-

NOTICE OF DEPOSIT OF ADVANCE JURY FEE

Superior Court of California
County of Los Angeles

**Receipt** EFM-2022-4273598.1

**Date:** 1/20/22 12:16 PM
**Time:** 1/20/22 12:16 PM

CASE # 21STCV47449
JOSEPHINE PERFECTO, et al. vs FAMILY

| | |
|---|---|
| Advance Jury Fee - CCP 631(b) | 150.00 |
| Court Transaction Fee | 2.25 |
| **Case Total:** | 152.25 |
| **Total Paid:** | 152.25 |

22LA00079575

 Superior Court of California, County of Los Angeles

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

## What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
- **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

Day of trial mediation programs have been paused until further notice.

**Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

Superior Court of California
County of Los Angeles

Los Angeles County
Bar Association
Litigation Section

Los Angeles County
Bar Association Labor and
Employment Law Section

Consumer Attorneys
Association of Los Angeles

Southern California
Defense Counsel

Association of
Business Trial Lawyers

California Employment
Lawyers Association

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | | CASE NUMBER: |

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to ________________ (INSERT DATE) for the complaint, and ________________ (INSERT DATE) for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

________________________ ➤ ________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR PLAINTIFF)

Date:

________________________ ➤ ________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

________________________ ➤ ________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

________________________ ➤ ________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

________________________ ➤ ________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ________________)

Date:

________________________ ➤ ________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ________________)

Date:

________________________ ➤ ________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ________________)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – DISCOVERY RESOLUTION** | | CASE NUMBER: |

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| | |

iii. Be filed within two (2) court days of receipt of the Request; and

iv. Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

   It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR PLAINTIFF)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR DEFENDANT)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR DEFENDANT)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR DEFENDANT)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR ____________)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR ____________)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR ____________)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | | CASE NUMBER: |

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _______________ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _______________ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| --- | --- | --- |
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | | CASE NUMBER: |

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

➢ ______________________

(TYPE OR PRINT NAME) (ATTORNEY FOR PLAINTIFF)

Date:

➢ ______________________

(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

➢ ______________________

(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

➢ ______________________

(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

➢ ______________________

(TYPE OR PRINT NAME) (ATTORNEY FOR ____________________)

Date:

➢ ______________________

(TYPE OR PRINT NAME) (ATTORNEY FOR ____________________)

Date:

➢ ______________________

(TYPE OR PRINT NAME) (ATTORNEY FOR ____________________)

**THE COURT SO ORDERS.**

Date: ______________________ ______________________

JUDICIAL OFFICER

FILED
LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK
N. Navarro
BY NANCY NAVARRO, DEPUTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | | |
|---|---|---|
| General Order Re Use of Voluntary Efficient Litigation Stipulations | ) ) ) ) ) ) | ORDER PURSUANT TO CCP 1054(a), EXTENDING TIME TO RESPOND BY 30 DAYS WHEN PARTIES AGREE TO EARLY ORGANIZATIONAL MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: May 11, 2011

Carolyn B. Kuhl, Supervising Judge of the Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp<br>FILED<br>Superior Court of California<br>County of Los Angeles<br>01/03/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: K. Martinez Deputy |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | |
| PLAINTIFF/PETITIONER:<br>Josephine Perfecto et al | |
| DEFENDANT/RESPONDENT:<br>Family Dollar, Inc. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21STCV47449 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the, New Case Handout/ADR Information Packet upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Mikael Stahle
Matern Law Group PC
1230 Rosecrans Avenue Suite 200
Manhattan Beach, CA 90266

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 01/3/2022

By: K. Martinez
Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Central District, Spring Street Courthouse, Department 10

**21STCV47449**
**JOSEPHINE PERFECTO, et al. vs FAMILY DOLLAR, INC.**

January 6, 2022
1:52 PM

Judge: Honorable William F. Highberger
Judicial Assistant: M. Mata
Courtroom Assistant: None

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order re: Peremptory Challenge

The Court reviews the Peremptory Challenge filed by Josephine Perfecto (Plaintiff) on 01/05/2022 pursuant to Code of Civil Procedure section 170.6 and finds that it was timely filed, in proper format, and is accepted.

The case is ordered transferred to Judge David S. Cunningham in Department 11 at the Spring Street Courthouse for reassignment purposes only.

Counsel for plaintiff is to give notice.

Certificate of Mailing is attached.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp<br><br>FILED<br>Superior Court of California<br>County of Los Angeles<br>01/06/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: M. Mata Deputy |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | |
| PLAINTIFF/PETITIONER:<br>Josephine Perfecto et al | |
| DEFENDANT/RESPONDENT:<br>Family Dollar, Inc. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21STCV47449 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order re: Peremptory Challenge) of 01/06/2022 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Mikael Stahle
Matern Law Group PC
1230 Rosecrans Avenue Suite 200
Manhattan Beach, CA 90266

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 01/6/2022

By: M. Mata
Deputy Clerk

# EXHIBIT C

**MATERN LAW GROUP, PC**
Matthew J. Matern (SBN 159798)
Email: mmatern@maternlawgroup.com
Mikael H. Stahle (SBN 182599)
Email: mstahle@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Tel: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for PLAINTIFFS JOSEPHINE PERFECTO, MARK BOULDIN, YVETTE SIMMONS, ASHLEY LEE, DANIEL MENJIVAR, CRYSTAL STALLINGS individually, and on behalf of others similarly situated

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

JOSEPHINE PERFECTO, MARK BOULDIN, YVETTE SUMMONS, ASHLEY LEE, DANIEL MENJIVAR, CRYSTAL STALLINGS, individually, and on behalf of others similarly situated,

Plaintiffs,

vs.

FAMILY DOLLAR, INC., a North Carolina corporation; and DOES 1 through 50, inclusive,

Defendants.

CASE NO. 21STCV47449

**CLASS ACTION**

[Assigned for all purposes to the Honorable William F. Highberger, Dept. SS-10]

**NOTICE OF CASE REASSIGNMENT**

Complaint Filed: December 29, 2021
Trial Date: None set

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, effective February 8, 2022, an order was made that the above-entitled action, previously assigned to the Honorable David S. Cunningham, is now and shall be assigned to the Honorable William F. Highberger for all purposes, including trial, in Department 10 at the Spring Street Courthouse, 312 N. Spring Street, Los Angeles, California 90012. A true and correct copy of the Notice of Case Reassignment and of Order for Plaintiff to Give Notice is attached hereto as **Exhibit A.**

DATED: February 16, 2022

Respectfully submitted,

**MATERN LAW GROUP, PC**

By: ______________________

Matthew J. Matern
Mikael H. Stahle
Attorneys for Plaintiffs
Josephine Perfecto, Mark Bouldin, Yvette Simmons, Ashley Lee, Daniel Menjivar, and Crystal Stallings

# EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Central District, Spring Street Courthouse, Department 11

**21STCV47449**
**JOSEPHINE PERFECTO, et al. vs FAMILY DOLLAR, INC.**

February 8, 2022
2:00 PM

Judge: Honorable David S. Cunningham
Judicial Assistant: P. Martinez
Courtroom Assistant: None

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re: Case Reassignment

This case was ordered transferred to the Assistant Supervising Judge of Complex Civil Litigation, Judge David S. Cunningham in Department 11, for reassignment purposes only.

The case is reassigned for the following reason: Peremptory Challenge to Judicial Officer William F. Highberger.

Good cause appearing and on order of the Court, the above matter is reassigned at the direction of the Supervising Judge to Judge Yvette M. Palazuelos in Department 9 at the Spring Street Courthouse for all further proceedings.

Plaintiff is ordered to forthwith serve a copy of this minute order on all parties and file a proof of service within seven (7) days of service.

Certificate of Mailing is attached.

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Spring Street Courthouse 312 North Spring Street, Los Angeles, CA 90012 | FILED Superior Court of California County of Los Angeles 02/08/2022 Sherri R. Carter, Executive Officer / Clerk of Court By: P. Martinez Deputy |
| PLAINTIFF/PETITIONER: Josephine Perfecto et al | |
| DEFENDANT/RESPONDENT: Family Dollar, Inc. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER: 21STCV47449 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re: Case Reassignment) of 02/08/2022 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Mikael Stahle
Matern Law Group PC
1230 Rosecrans Avenue Suite 200
Manhattan Beach, CA 90266

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 02/8/2022

By: P. Martinez
Deputy Clerk

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years, and not a party to this action. My business address is 1230 Rosecrans Avenue, Suite 200, Manhattan Beach, California 90266.

On February 16, 2022, I served the following document or documents:

**NOTICE OF CASE REASSIGNMENT**

☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the address listed below (specify one):

☐ Deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

☒ Placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the business's practices for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where mailing occurred. The envelope or package was placed in the mail at Manhattan Beach, California.

| | |
|---|---|
| 2710 Gateway Oaks Drive, Suite 150N<br>Sacramento, CA 95833 | Agent of Process for FAMILY DOLLAR, INC., |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 16, 2022 at Manhattan Beach, California.

Cathy Lozano



MATERN LAW GROUP

1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266

UNITED STATES POSTAGE
PITNEY BOWES
02 1P
$ 000.73⁰
0000315054 FEB 16 2022
MAILED FROM ZIP CODE 90266

Agent of Process for
FAMILY DOLLAR, INC.
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

9583383502 R034

# EXHIBIT D

## CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:** 21STCV47449
JOSEPHINE PERFECTO, ET AL. VS FAMILY DOLLAR, INC.

**Filing Courthouse:** Spring Street Courthouse

**Filing Date:** 12/29/2021
**Case Type:** Other Employment Complaint Case (General Jurisdiction)
**Status:** Pending

Click here to access document images for this case
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**05/06/2022** at 10:00 AM in Department 9 at 312 North Spring Street, Los Angeles, CA 90012
Initial Status Conference

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

BOULDIN MARK - Plaintiff

FAMILY DOLLAR INC. - Defendant

LEE ASHLEY - Plaintiff

MENJIVAR DANIEL - Plaintiff

PERFECTO JOSEPHINE - Plaintiff

SIMMONS YVETTE - Plaintiff

STAHLE MIKAEL - Attorney for Plaintiff

STALLINGS CRYSTAL - Plaintiff

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Documents Filed (Filing dates listed in descending order)

**02/24/2022** Clerks Certificate of Service By Electronic Service
Filed by Clerk

**02/24/2022** Minute Order ( (Court Order Regarding Newly Filed Class Action;))
Filed by Clerk

**02/24/2022** Initial Status Conference Order
Filed by Clerk

**02/16/2022** Notice (of Case Reassignment)
Filed by Josephine Perfecto (Plaintiff); Mark Bouldin (Plaintiff); Yvette Simmons (Plaintiff) et al.

**02/09/2022** Proof of Personal Service (of Summons (Family Dollar, Inc.))
Filed by Josephine Perfecto (Plaintiff)

**02/08/2022** Certificate of Mailing for ((Court Order Re: Case Reassignment) of 02/08/2022)
Filed by Clerk

**02/08/2022** Minute Order ( (Court Order Re: Case Reassignment))
Filed by Clerk

**01/20/2022** Notice of Posting of Jury Fees
Filed by Josephine Perfecto (Plaintiff); Mark Bouldin (Plaintiff); Yvette Simmons (Plaintiff) et al.

**01/06/2022** Certificate of Mailing for ((Court Order re: Peremptory Challenge) of 01/06/2022)
Filed by Clerk

**01/06/2022** Minute Order ( (Court Order re: Peremptory Challenge))
Filed by Clerk

**01/05/2022** Challenge To Judicial Officer - Peremptory (170.6)
Filed by Josephine Perfecto (Plaintiff)

**01/03/2022** Certificate of Mailing for (New Case Handout/ADR Information Packet)
Filed by Clerk

**12/29/2021** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**12/29/2021** Summons (on Complaint)
Filed by Josephine Perfecto (Plaintiff); Mark Bouldin (Plaintiff); Yvette Simmons (Plaintiff) et al.

**12/29/2021** Civil Case Cover Sheet
Filed by Josephine Perfecto (Plaintiff); Mark Bouldin (Plaintiff); Yvette Simmons (Plaintiff) et al.

**12/29/2021** Complaint
Filed by Josephine Perfecto (Plaintiff); Mark Bouldin (Plaintiff); Yvette Simmons (Plaintiff) et al.


## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Proceedings Held (Proceeding dates listed in descending order)

**02/24/2022** at 2:30 PM in Department 9, Yvette M. Palazuelos, Presiding
Court Order

**02/08/2022** at 2:00 PM in Department 11, David S. Cunningham, Presiding
Court Order

**01/06/2022** at 1:52 PM in Department 10, William F. Highberger, Presiding
Court Order


## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

## Register of Actions (Listed in descending order)

**02/24/2022** at 2:30 PM in Department 9, Yvette M. Palazuelos, Presiding
Court Order

**02/24/2022** Minute Order ( (Court Order Regarding Newly Filed Class Action;))
Filed by Clerk

**02/24/2022** Clerks Certificate of Service By Electronic Service
Filed by Clerk

**02/24/2022** Initial Status Conference Order
Filed by Clerk

**02/16/2022** Notice (of Case Reassignment)
Filed by Josephine Perfecto (Plaintiff); Mark Bouldin (Plaintiff); Yvette Simmons (Plaintiff) et al.

**02/09/2022** Proof of Personal Service (of Summons (Family Dollar, Inc.))
Filed by Josephine Perfecto (Plaintiff)

**02/08/2022** at 2:00 PM in Department 11, David S. Cunningham, Presiding
Court Order

**02/08/2022** Minute Order ( (Court Order Re: Case Reassignment))
Filed by Clerk

**02/08/2022** Certificate of Mailing for ((Court Order Re: Case Reassignment) of 02/08/2022)
Filed by Clerk

**01/20/2022** Notice of Posting of Jury Fees
Filed by Josephine Perfecto (Plaintiff); Mark Bouldin (Plaintiff); Yvette Simmons (Plaintiff) et al.

**01/06/2022** at 1:52 PM in Department 10, William F. Highberger, Presiding
Court Order

**01/06/2022** Minute Order ( (Court Order re: Peremptory Challenge))
Filed by Clerk

**01/06/2022** Certificate of Mailing for ((Court Order re: Peremptory Challenge) of 01/06/2022)
Filed by Clerk

**01/05/2022** Challenge To Judicial Officer - Peremptory (170.6)
Filed by Josephine Perfecto (Plaintiff)

**01/03/2022** Certificate of Mailing for (New Case Handout/ADR Information Packet)
Filed by Clerk

**12/29/2021** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**12/29/2021** Summons (on Complaint)
Filed by Josephine Perfecto (Plaintiff); Mark Bouldin (Plaintiff); Yvette Simmons (Plaintiff) et al.

**12/29/2021** Civil Case Cover Sheet
Filed by Josephine Perfecto (Plaintiff); Mark Bouldin (Plaintiff); Yvette Simmons (Plaintiff) et al.

**12/29/2021** Complaint
Filed by Josephine Perfecto (Plaintiff); Mark Bouldin (Plaintiff); Yvette Simmons (Plaintiff) et al.

# EXHIBIT E

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES
**JOSEPHINE PERFECTO v. FAMILY DOLLAR, INC.**
**21STCV47449**
**INITIAL STATUS CONFERENCE ORDER**

FILED
Superior Court of California
County of Los Angeles
FEB 24 2022
Sherri R. Carter, Executive Officer/Clerk of Court
By: R. Arraiga, Deputy

The Court issues the following Initial Status Conference Order:

Due to the pandemic and the urgent need to avoid court appearances, the parties MUST sign up with an e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court, via email to sscdept9@lacourt.org which provider was selected.

This case has been assigned for all purposes to Judge Yvette M. Palazuelos in the Complex Litigation Program. An Initial Status Conference is set for **May 6, 2022**, at 10:00 a.m., in Department 09 located in the Spring Street Courthouse, at United States District Court, 312 N. Spring Street, Los Angeles, California 90012. Counsel for all the parties are ordered to attend.

Counsel for all parties are ordered to meet and confer regarding the following areas and be prepared to discuss them with the Court at the Initial Status Conference. Counsel for Plaintiff is to take the lead in preparing a Joint Initial Status Conference Report to be filed and served five (5) court days (**April 29, 2022**) prior to the hearing date. Do not the use the Judicial Council Form CM-110 (Case Management Statement) for this purpose.

The Joint Initial Status Conference Report must address the following:

1. Parties and Counsel: Please list all presently named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

2. Potential Additional Parties: Does any plaintiff presently intend to add more class representatives? If so, and if known, by what date and by what name? Does any plaintiff presently intend to name more defendants? If so, and if known, by what date and by what name? Does any appearing defendant presently intend to file a cross-complaint? If so, who will be named.

3. Adequacy of Proposed Class Representative(s): If any party believes one or more named plaintiffs might not be an adequate class representative, please explain. No prejudice will attach to these responses.

4. Estimated Class Size: Please discuss and indicate the estimated class size.

5. Other Actions with Overlapping Class Definitions: Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

6. Potentially Relevant Arbitration and/or Class Action Waiver Clauses: Please include a sample of any clause of this sort. Opposing parties must summarize their views on this issue.

7. Potential Early Crucial Motions: Opposing counsel are to identify and describe the significant core issues in the case. Counsel then are to identify efficient ways to resolve those issues. The vehicles include:

- Early motions in limine
- Early motions about particular jury instructions
- Demurrers
- Motions to strike
- Motions for judgment on the pleadings, and
- Motions for summary judgment and summary adjudication.

8. Class Contact Information: Does plaintiff need class contact information from the defendant's records? If so, do the parties consent to an "opt-out" notice process (as approved in Belaire-West Landscape, Inc. V. Superior Court (2007) 149 Cal.App.4th 554, 561) to precede defense delivery of this information to plaintiff's counsel? If the parties agree on the notice process, who should pay for it? Should there be a third-party administrator?

9. Protective Orders: Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

10. Discovery: Please discuss discovery. Do the parties agree on a plan? If not, can the parties negotiate a compromise? At minimum, please summarize each side's views on discovery. The Court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits. The Court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need. If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[1].

11. Insurance Coverage: Please state if there is insurance for indemnity or reimbursement.

12. Alternative Dispute Resolution: Please discuss ADR and state each party's position about it. If pertinent, how can the Court help identify the correct neutral and prepare the case for a successful settlement negotiation?

13. Timeline for Case Management: Please recommend dates and times for the following:

- The next status conference, if needed. The court does not schedule status conferences for most cases. Rather, the court gives deadlines for the filing of motions for class certification with non-appearance case management reviews set a few days after the filing deadlines
- A schedule for alternative dispute resolution, if it is relevant,
- A filing deadline for the motion for class certification, and
- Filing deadlines and descriptions for other anticipated non-discovery motions.

[1] California Rule of Court, Rule 3.768.

14. Electronic Service of Papers: The Court will issue an Order requiring electronic service. The parties must select of one of the following services:

Case Anywhere (http://www.caseanywhere.com).
File & Serve Xpress (https://secure.fileandservexpress.com)
CaseHomePage (http://www.casehomepage.com)

Electronic service is not the same as electronic filing.

15. For information on electronic filing in the Complex Courts, please refer to http://www.lacourt.org/division/efiling/pdf/ComplexefilingFAQs.pdf.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Initial Status Conference Report, the positions of each party or of various parties shall be set forth separately in the Joint Statement. The parties are encouraged to propose, either jointly or separately, any approaches to case management that they believe will promote the fair and efficient handling of this case. The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

Pending further order of this Court, and except as otherwise provided in the Initial Status Conference Order, these proceedings are stayed in their entirety. This stay shall preclude the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court. However, each defendant is directed to file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearances shall be without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this complex case through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in orderly management. This stay shall not preclude the parties from continuing informally exchange documents that may assist in their initial evaluation of the issues presented in this case. However, all outstanding discovery requests are stayed.

All management stays, including stays of discovery issued by the Court, shall not be considered as a stay per Code of Civil Procedure section 583.310 unless specifically ordered by the Court.

Remember that when seeking to dismiss or to obtain settlement approval, "[a] dismissal of an entire class action, or of any party or cause of action in a class action, requires Court approval . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail." If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

Plaintiffs' counsel is to serve this Initial Status Conference Order on counsel for Defendant, or if counsel is not known, on Defendant within five (5) days of service of this Order.

If the Complaint has not been served as of the date of this Order, Counsel for Plaintiff is to serve the Complaint within five (5) days of service of this Order.

IT IS SO ORDERED.

DATED: February 24, 2022

YVETTE M. PALAZUELOS
Judge of the Superior Court

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Spring Street Courthouse 312 North Spring Street, Los Angeles, CA 90012 | FILED Superior Court of California County of Los Angeles 02/24/2022 Sherri R. Carter, Executive Officer / Clerk of Court By: R. Arraiga Deputy |
| PLAINTIFF: Josephine Perfecto et al | |
| DEFENDANT: Family Dollar, Inc. | |
| **CERTIFICATE OF ELECTRONIC SERVICE CODE OF CIVIL PROCEDURE 1010.6** | CASE NUMBER: 21STCV47449 |

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the Minute Order entered herein, on 02/24/2022, upon each party or counsel of record in the above entitled action, by electronically serving the document(s) on Counsel for Plaintiff, Mikael Stahle at mstahle@maternlawgroup.com on 02/24/2022 from my place of business, Spring Street Courthouse 312 North Spring Street, Los Angeles, CA 90012 in accordance with standard court practices.

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 02/24/2022

By: R. Arraiga

Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

**Civil Division**

Central District, Spring Street Courthouse, Department 9

**21STCV47449**
**JOSEPHINE PERFECTO, et al. vs FAMILY DOLLAR, INC.**

February 24, 2022
2:30 PM

Judge: Honorable Yvette M. Palazuelos
Judicial Assistant: R. Arraiga
Courtroom Assistant: M. Tavakoli

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order Regarding Newly Filed Class Action;

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has assigned this case to this department for all purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 05/06/2022 at 10:00 AM in this department. At least ten (10) days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Spring Street Courthouse, Department 9

**21STCV47449** February 24, 2022
**JOSEPHINE PERFECTO, et al. vs FAMILY DOLLAR, INC.** 2:30 PM

Judge: Honorable Yvette M. Palazuelos CSR: None
Judicial Assistant: R. Arraiga ERM: None
Courtroom Assistant: M. Tavakoli Deputy Sheriff: None

---

Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for "Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's First Amended General Order of May 3, 2019, particularly including the provisions therein requiring Bookmarking with links to primary documents and citations; that Order is available on the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and parties to make audio or video appearances in Los Angeles County courtrooms. LACourtConnect technology provides a secure, safe and convenient way to attend hearings remotely. A key element of the Court's Access LACourt YOUR WAY program to provide services and access to justice, LACourtConnect is intended to enhance social distancing and change the traditional in-person courtroom appearance model. See https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

Counsel are directed to access the following link for further information on procedures in the

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Spring Street Courthouse, Department 9

**21STCV47449**
**JOSEPHINE PERFECTO, et al. vs FAMILY DOLLAR, INC.**

February 24, 2022
2:30 PM

Judge: Honorable Yvette M. Palazuelos
Judicial Assistant: R. Arraiga
Courtroom Assistant: M. Tavakoli

CSR: None
ERM: None
Deputy Sheriff: None

---

Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

Clerk's Certificate of Service By Electronic Service is attached.

# EXHIBIT F

PAUL HASTINGS LLP
ELENA R. BACA (SB# 160564)
elenabaca@paulhastings.com
JENNIFER L. MILAZZO (SB# 318356)
jennifermilazzo@paulhastings.com
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

PAUL HASTINGS LLP
RYAN D. DERRY (SB# 244337)
ryanderry@paulhastings.com
101 California Street
Forty-Eight Floor
San Francisco, California 94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Attorneys for Defendant
FAMILY DOLLAR, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

JOSEPHINE PERFECTO, MARK BOULDIN, YVETTE SUMMONS, ASHLEY LEE, DANIEL MENJIVAR, CRYSTAL STALLINGS, individually, and on behalf of others similarly situated,

Plaintiffs,

v.

FAMILY DOLLAR, INC., a North Carolina corporation; and DOES 1 through 50, inclusive,

Defendants.

CASE NO. 21STCV47449

**DEFENDANT FAMILY DOLLAR, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

Dept.: 9
Judge: Hon. Yvette M. Palazuelos

Complaint Filed: December 29, 2021
Trial Date: None set

TO PLAINTIFFS AND TO THEIR ATTORNEY OF RECORD:

Defendant Family Dollar, Inc. ("Family Dollar"), for itself alone and no other defendant, hereby answers the unverified complaint ("Complaint") of Plaintiffs Josephine Perfecto, Mark Bouldin, Yvette Summons, Ashley Lee, Daniel Menjivar, and Crystal Stallings (collectively, "Plaintiffs") as follows:

1. Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Family Dollar denies, generally and specifically, each and every allegation in Plaintiffs' Complaint.

2. Family Dollar further denies, generally and specifically, that Plaintiffs are entitled to the relief requested, or that Plaintiffs have been or will be damaged in any sum, or at all, by reason of any act or omission on the part of Family Dollar, or any of its past or present agents, representatives, or employees.

Without admitting any facts alleged by Plaintiffs, Family Dollar also pleads the following separate and affirmative defenses to the Complaint:

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE AND AFFIRMATIVE DEFENSE.

1. The Complaint, its causes of action, and/or Plaintiffs are barred from pursuing causes of action asserted by all applicable statutes of limitations, including, but not limited to, California Civil Procedure Code sections 338 and 340.

### SECOND SEPARATE AND AFFIRMATIVE DEFENSE

2. The Complaint and causes of action contained therein that are arbitrable are barred because Plaintiffs agreed to submit any employment disputes on an individual basis to binding arbitration. Therefore prosecution of this action should be dismissed or stayed pending such individual arbitrations of Plaintiffs' claims subject to arbitration.

THIRD SEPARATE AND AFFIRMATIVE DEFENSE

3.      The Plaintiffs lack standing to pursue their causes of action to the extent they are not "aggrieved employee[s]" as defined by the California Private Attorneys General Act, California Labor Code section 2698, *et seq*. ("PAGA").

FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

4.      The Complaint, and its causes of action, are barred to the extent it seeks penalties under PAGA that were released by the Court's Order Granting Plaintiffs' Motion For Final Approval Of PAGA Settlement, filed May 10, 2021, in *Terri R. Martinez v. Family Dollar, Inc.* in San Bernardino County Superior Court, Case No. CIVDS2001119.

FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

5.      To the extent that Plaintiffs seek penalties under PAGA for any period of time outside of the applicable limitations period, Plaintiffs' claims are time-barred.

SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

6.      To the extent Plaintiffs' claims for PAGA penalties arise from Family Dollar's alleged failure to provide accurate, itemized wage statements, Plaintiffs' claims are barred because there is no "knowing and intentional failure" to comply with California Labor Code section 226, and Plaintiffs, and the employees they seek to represent, did not suffer injury as a result of any alleged knowing and intentional failure within the meaning of California Labor Code section 226(e).

SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

7.      To the extent Plaintiffs' claims arise from Family Dollar's alleged failure to provide timely final pay, Plaintiffs' claims are barred because any failure to pay wages was not willful within the meaning of California Labor Code section 203.

EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

8. Damages sought by Plaintiffs will unjustly enrich Plaintiffs or the Labor & Workforce Development Agency.

NINTH SEPARATE AND AFFIRMATIVE DEFENSE

9. Plaintiffs attempt to bring an irreparably unmanageable representative action under PAGA, California Labor Code section 2699.3.

TENTH SEPARATE AND AFFIRMATIVE DEFENSE

10. The Complaint, and its causes of action are barred to the extent that Plaintiffs' failed to exhaust the administrative remedies under PAGA, California Labor Code section 2699.3.

ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

11. Plaintiffs waived the right, if any, to pursue the Complaint, and each of its causes of action, by reason of Plaintiffs' own actions and course of conduct.

TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

12. The Complaint, and each of its causes of action, are barred by the doctrine of unclean hands.

THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

13. The Complaint and its causes of action, fails to allege facts constituting causes of action.

FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

14. Plaintiffs are not entitled to any civil penalties because there is a good-faith dispute as to whether there was an obligation to pay any wages that may be found to be due.

FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

15. To the extent Plaintiffs' claims arise from Family Dollar's alleged failure to provide meal and/or rest periods, Plaintiffs' claims are barred because Plaintiffs, and the employees they seek to represent, either verbally or in writing, waived some or all of their meal and/or rest periods.

SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

16. To the extent Plaintiffs' claims arise from Family Dollar's alleged failure to reimburse for necessary business expenses, Plaintiffs' claims are barred as the expenditures and/or losses were not necessary or incurred as a direct consequence of the discharge of Plaintiffs or the purported aggrieved employees' duties.

SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

17. Plaintiffs are not entitled to civil penalties because, at all times relevant to the Complaint, any failure to comply with the provisions of the California Labor Code or the applicable Wage Order, which Family Dollar denies, was not knowing or intentional, but rather was done in good faith and with reasonable grounds.

EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

18. Plaintiffs may not recover damages in this action because under the circumstances presented that would constitute unjust enrichment.

NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

19. Imposition of any penalties against Family Dollar would be unjust, arbitrary and capricious, and confiscatory.

TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

20. Recovery of penalties is barred to the extent that the accumulation of penalties would be so disproportionate to the harm alleged to violate due process under the Constitutions of the United States and the State of California

TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

21. The Complaint and its causes of action are barred by the doctrine of laches.

WHEREFORE, Family Dollar prays for judgment as follows:

1. That Plaintiffs take nothing by reason of their Complaint, that the Complaint be dismissed in its entirety with prejudice, and that judgment be entered for Family Dollar;

2. Family Dollar be awarded its reasonable costs and attorneys' fees; and

3. Family Dollar be awarded such other and further relief as the Court deems just and proper.

DATED: March 2, 2022

PAUL HASTINGS LLP
ELENA R. BACA
RYAN D. DERRY
JENNIFER L. MILAZZO

By:____________________
RYAN D. DERRY

Attorneys for Defendant
FAMILY DOLLAR, INC.

**PROOF OF SERVICE**

I am employed in the City and County of San Francisco, State of California. I am over the age of 18, and not a party to the within action. My business address is 101 California Street, 48th Floor, San Francisco, California 94111. On March 2, 2022, I served the foregoing document(s) described as:

- **DEFENDANT FAMILY DOLLAR, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

on the interested parties by placing a true and correct copy thereof in an envelope(s) addressed as follows:

**Attorneys for Plaintiff**
***JOSEPHINE PERFECTO, ET AL.***

Matthew J. Matern
Mikael H. Stahle
MATERN LAW GROUP, PC
1230 Rosecrans Avenue
Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901
E-mail: mmaterngmaternlawgroup.com
mstahlegmaternlawgroup.com

☒ **VIA U.S. MAIL:** The envelope was then sealed. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such sealed envelope(s) would be deposited with the U.S. postal service on March 2, 2022 with postage thereon fully prepaid, at San Francisco, California.

☒ **VIA ELECTRONIC MAIL:** Based on a court order or an agreement of the parties to accept electronic service, I caused the document(s) to be sent to the person(s) at the electronic address(es) listed as above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on March 2, 2022, at San Francisco, California.

HGSmith
Hannah Grace Smith

## PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California. I am over the age of 18, and not a party to the within action. My business address is 101 California Street, 48th Floor, San Francisco, California 94111. On March 2, 2022, I served the foregoing document(s) described as:

- **DEFENDANT FAMILY DOLLAR, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION**

on the interested parties by placing a true and correct copy thereof in an envelope(s) addressed as follows:

**Attorneys for Plaintiff**
***JOSEPHINE PERFECTO, ET AL.***

Matthew J. Matern
Mikael H. Stahle
MATERN LAW GROUP, PC
1230 Rosecrans Avenue
Suite 200
Manhattan Beach, CA 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901
E-mail: mmaterngmaternlawgroup.com
mstahlegmaternlawgroup.com

☒ **VIA U.S. MAIL:** The envelope was then sealed. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such sealed envelope(s) would be deposited with the U.S. postal service on March 2, 2022 with postage thereon fully prepaid, at San Francisco, California.

☒ **VIA ELECTRONIC MAIL:** Based on a court order or an agreement of the parties to accept electronic service, I caused the document(s) to be sent to the person(s) at the electronic address(es) listed as above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on March 2, 2022, at San Francisco, California.

Hannah Grace Smith