PAUL HASTINGS LLP
ELENA R. BACA (SB# 160564)
elenabaca@paulhastings.com
JENNIFER L. MILAZZO (SB# 318356)
jennifermilazzo@paulhastings.com
515 South Flower Street, 25th Floor
Los Angeles, CA  90071
Telephone:   (213) 683-6000
Facsimile:   (213) 627-0705

PAUL HASTINGS LLP
RYAN D. DERRY (SB# 244337)
ryanderry@paulhastings.com
101 California Street, 48th Floor
San Francisco, CA  94111
Telephone:  (415) 856-7000
Facsimile:   (415) 856-7100

Attorneys for Defendant
FAMILY DOLLAR, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPHINE PERFECTO, MARK BOULDIN, YVETTE SIMMONS, ASHLEY LEE, DANIEL MENJIVAR, CRYSTAL STALLINGS, individually, and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FAMILY DOLLAR, INC., a North Carolina corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:22-CV-01410-GW-JC<br><br>**DECLARATION OF MATTHEW BROEL IN SUPPORT OF DEFENDANT FAMILY DOLLAR, INC.'S MOTION TO COMPEL ARBITRATION AND STAY ALL PROCEEDINGS**<br><br>Date:          June 2, 2022<br>Time:         9:00 a.m.<br>Courtroom:  9D<br>Judge:        George H. Wu<br><br>Complaint Filed: December 29, 2021 |

## DECLARATION OF MATTHEW BROEL

I, Matthew Broel, declare:

1. I am over the age of eighteen and am competent to testify to the matters contained in this Declaration. This Declaration is based upon my personal knowledge, or know of such facts by my review of the files maintained by Defendant Family Dollar, Inc., in the ordinary course of its business at or near the time of the acts, conditions, or events recorded herein. If called on as a witness, I would testify competently to the facts stated herein.

2. I am currently employed by Dollar Tree Stores, Inc., as Director Operations Project Program Management. In this role, I provide store operations support for all of the Dollar Tree stores operated by Dollar Tree Stores, Inc., and all of the "Family Dollar" bannered stores operated by other related entities, including Family Dollar, Inc. I have been providing store operations support for Family Dollar, Inc. ("Family Dollar") since July 2006.

3. Family Dollar stores receive merchandise and supply products through interstate shipping, and Family Dollar relies on interstate commerce to effectively run each store location. Family Dollar store employees ("Associates") use U.S. Mail, electronic mail, and interstate telephone lines to receive and transmit business information to out-of-state corporate parent entities.

4. In the scope of my employment, I am familiar with the electronic systems Family Dollar has used to share the Mutual Agreement to Arbitrate Claims with Associates at different periods of time, to provide information and training and other online learning programs to its Associates, and to gather, share, and maintain certain personnel records pertaining to each Associate.

5. Family Dollar presented training courses and company policies to its Associates through an online interface called Family Dollar University ("FDU"). FDU kept records of each module an Associate completed.

6. Each Associate used a unique ID and a password to access the FDU modules. Associates created their own passwords, and were prohibited from sharing their passwords with any other individual, for any reason.

## 2013 ARBITRATION AGREEMENT PROCESS

7. In 2013, Family Dollar rolled out a company-wide arbitration agreement. On August 9, 2013, Family Dollar sent a letter and copy of the "Family Dollar, Inc. Mutual Agreement to Arbitrate Claims" (the "2013 Arbitration Agreement") to Associates as part of that roll-out. The letter asked Associates to work with their manager to review an online training for the 2013 Arbitration Agreement and sign it using the FDU system by August 30, 2013. Family Dollar has maintained copies of these letters sent to Associates as part of its ordinary course of business.

8. Attached hereto as **Exhibit A** is a true and correct copy of the letter and attachments sent to Mark Bouldin on August 9, 2013, which includes a copy of the 2013 Arbitration Agreement. Mr. Bouldin's home address to where the letter was sent has been redacted to maintain his privacy.

9. Attached hereto as **Exhibit B** is a true and correct copy of the letter and attachments sent to Ashley Lee on August 9, 2013, which includes a copy of the 2013 Arbitration Agreement. Ms. Lee's home address to where the letter was sent has been redacted to maintain her privacy.

10. The FDU training module referred to in the letter was titled "Open Door & Arbitration at Family Dollar" ("Arbitration Module"). Once an Associate logged in to FDU and accessed the Arbitration Module, it walked the Associate through the Open Door Guidelines and Arbitration Agreement. Attached hereto as **Exhibit C** is a true and correct copy of the screens comprising the Arbitration Module.

11. The fourth screen of the Arbitration Module (page 4 of Exhibit C) explained the Open Door Guidelines and included a link for the Associate to view

and print that document.  Attached hereto as **Exhibit D** is a true and correct copy of the Open Door Guidelines accessible at that link.

12.     The Associate then proceeded to a screen to download and review the 2013 Arbitration Agreement.  The Associate had to click a button to download the agreement, click a box that indicated that the Associate had reviewed all the pages of the 2013 Arbitration Agreement, and then click a button acknowledging that the Associate had read the 2013 Arbitration Agreement and was ready to accept.  To accept the agreement, the Associate had to click all three buttons.

13.     Attached here as **Exhibit E** is a true and correct copy of the 2013 Arbitration Agreement, which Associates reviewed and agreed.

14.     Both the sixth screen of the Arbitration Module (page 6 of Exhibit C) and the final paragraph of the 2013 Arbitration Agreement presented to the Associate (page 3 of Exhibit E) stated in bold, capital letters:

> **BY CLICKING THE "I ACCEPT" BUTTON BELOW, I ACKNOWLEDGE THAT I HAVE CAREFULLY READ AND UNDERSTAND THIS AGREEMENT AND AGREE TO ITS TERMS. I AGREE THAT THROUGH THIS AGREEMENT, THE COMPANY AND I ARE GIVING UP OUR RIGHTS TO A JURY TRIAL AND THAT PURSUANT TO THE TERMS OF THIS AGREEMENT; WE ARE AGREEING TO ARBITRATE DISPUTES COVERED BY THIS AGREEMENT. I FURTHER UNDERSTAND AND AGREE TO THE USE OF AN ELECTRONIC METHOD OF SIGNATURE TO DEMONSTRATE MY ACCEPTANCE AND AGREEMENT TO THE TERMS OF THIS AGREEMENT.**

15.     The sixth screen of the Arbitration Module (page 6 of Exhibit C), had a button labeled "I ACCEPT" just beneath the bolded acknowledgement.  Once the Associate clicked the "I ACCEPT" button, FDU made a record of the date and time that the Associate accepted the 2013 Arbitration Agreement and completed the module, which was then stored and retained.  This is reflected in the seventh screen of the Arbitration Module (page 7 of Exhibit C).

16.     Attached hereto as **Exhibit F** is a true and correct copy of an excerpt of Mr. Bouldin's FDU records, created and maintained in the ordinary course of Family Dollar's business at or near the time of the acts, conditions, or events recorded.  The records show he completed the Arbitration Module, which means he agreed to and accepted the 2013 Arbitration Agreement, on October 7, 2013 at 04:58:00 p.m.

17.     Attached hereto as **Exhibit G** is a true and correct copy of an excerpt of Ms. Lee's FDU records, created and maintained in the ordinary course of Family Dollar's business at or near the time of the acts, conditions, or events recorded.  The records show she completed the Arbitration Module, which means she agreed to and accepted the 2013 Arbitration Agreement, on October 18, 2013 at 11:52:47 a.m.

## 2020 ARBITRATION AGREEMENT PROCESS

18.     In my role, I am also familiar with how communications are distributed to Family Dollar stores.  Specifically, I am familiar with the dissemination of a message and flyer to Family Dollar store management regarding an updated arbitration agreement in October 2020 (the "2020 Arbitration Agreement").

19.     In 2020, Family Dollar used "Project Manager" on the Family Dollar portal to communicate with and assign tasks to store management.  Managers were required to check Project Manager on a daily basis to look for new messages and tasks.  Project Manager creates and saves a copy of the tasks assigned in the ordinary course of its operations at or near the time of the acts, conditions, or events recorded therein.

20.     On October 26, 2020, a message was sent to all Store Managers regarding the 2020 Arbitration Agreement through Project Manager and stores were assigned the task of posting a notice titled "Announcing a New 2020 Arbitration Agreement."

21.     This task was given an identification number 1011739 ("TASK_ID"). A true and correct copy of the document to be posted is attached as **Exhibit H**.

1    22.    The October 26, 2020 task required each store to print the document,

2    post it in the break area of the store, and click "Done" after doing so.

3    23.    Family Dollar's records show that Ms. Lee worked at Store 11527 in

4    October 2020. For Store 11527, a manager checked off the "Done" box on October

5    27, 2020, indicating that the task had been completed. This is reflected and

6    memorialized by the screenshot of information from Project Manager with

7    information that TASK_ID 1011739 was "Completed" on "2020-10-27", of which a

8    true and correct copy is attached as **Exhibit I**.

9    24.    Family Dollar's records show that Ms. Stallings worked at Store 9182

10    in October 2020. For Store 9182, a manager checked off the "Done" box on October

11    27, 2020, indicating that the task had been completed. This is reflected and

12    memorialized by the screenshot of information from Project Manager with

13    information that TASK_ID 1011739 was "Completed" on "2020-10-27", of which a

14    true and correct copy is attached as **Exhibit J**.

15    25.    Family Dollar's records show that Ms. Simmons worked at Store

16    10254 in October 2020. For Store 10254, a manager checked off the "Done" box

17    on October 27, 2020, indicating that the task had been completed. This is reflected

18    and memorialized by the screenshot of information from Project Manager with

19    information that TASK_ID 1011739 was "Completed" on "2020-10-27", of which a

20    true and correct copy is attached as **Exhibit K**.

21    26.    Family Dollar's records show that Ms. Lee, Ms. Stallings, and Ms.

22    Simmons remained employed by Family Dollar after December 10, 2020.

23    I declare under penalty of perjury under the laws of the United States that the

24    above statements are true and correct.

25    Executed this _2_ day of _May_ 2022 at Chesapeake, Virginia.

26

27    Matthew Broel

28

# EXHIBIT A



August 9, 2013

70 2 15279 *************AUTO**3-DIGIT 923
Mark T Bouldin

**Re: Open Door Communication Guidelines/Mutual Agreement to Arbitrate Claims**

Dear Mark T Bouldin:

Family Dollar is pleased to provide to you with copies of its *Open Door Communication Guidelines* ("Open Door Guidelines") and its *Mutual Agreement to Arbitrate Claims* ("Arbitration Agreement"). These apply to how you and Family Dollar resolve employment-related disputes.

The Open Door Guidelines provide Team Members with a process for resolving workplace concerns by working with their chain of leadership and our Human Resources department. We are convinced that a full internal review of differences is the quickest and most productive way to resolve these disputes. It also maintains good working relationships and avoids unnecessary confrontations.

Although the Company urges employees to participate in the Open Door Process, which many times will resolve employment-related disputes amicably and fairly, the Company also has an Arbitration Agreement, which will be rolled out beginning on June 17, 2013. The Open Door Guidelines is separate from the Arbitration Agreement.

The Arbitration Agreement is a stand-alone and binding agreement that will apply company-wide. We hope that you and Family Dollar will not have legal disputes in connection with your employment, and if such disputes do arise, we hope that they can be resolved informally through the Open Door Policy. However, if an employment-related dispute cannot be resolved, or should you or Family Dollar decide at any time to pursue covered employment-related legal disputes against the other, such disputes must be resolved individually in arbitration--not by way of a judge or jury. The Arbitration Agreement requires both you and Family Dollar to arbitrate covered disputes, as defined in the Arbitration Agreement, before a private and neutral third-party chosen by the Team Member and Family Dollar.

Again, a copy of the Arbitration Agreement is included with this letter. Further, Family Dollar is providing access to an online learning course (OLC) through the company's Learning Management System that will explain the Open Door process and Arbitration Agreement in more detail. Please work with your manager to complete the OLC at your work location, and electronically sign the Arbitration Agreement by August 30, 2013.

If you have any questions about the OLC, Open Door Policy or Arbitration Agreement, please contact the HR Service Center by visiting the My Family Dollar Life page from work or signing into MyFamilyDollarLife.com. In the Ask HR box, click Ask HR and View My Questions to submit your question. You may also call 1-866-377-6420. HR Service Center representatives are available Monday-Friday 8 a.m. to 10 p.m. Eastern time.

Si desea una copia en español de esta carta y del Acuerdo de Arbitraje adjunto, por favor, contacte al Centro de Servicio de Recursos Humanos, visitando la página de internet My Family Dollar Life desde su lugar de trabajo o desde su casa a través de MyFamilyDollar.com. En el cuadro Ask HR, haga clic en Ask HR y View My Questions. Además, puede llamar al Centro de Servicio de Recursos Humanos al 1-866-377-6420. Los representantes del Centro de Servicio de Recursos Humanos están disponibles de lunes a viernes de 8 a.m. a 10 p.m. hora del este.

Sincerely,

Bryan Venberg
Senior Vice President, Human Resources
Family Dollar

EXHIBIT A, Page 8

**FAMILY DOLLAR**

## Open Door Guidelines

Family Dollar's Open Door Guidelines provide Team Members with a process for expressing their work-related concerns with their leadership team. Family Dollar's leadership team maintains an environment of openness and mutual support.  A Team Member may contact a member of leadership to discuss concerns either verbally or in writing, in the following order:

1. **Supervisor/Manager:** Team Members are encouraged to first contact their immediate Supervisor/Manager to resolve work-related concerns.

2. **Next-Level Manager:** If the Team Member and their Supervisor/Manager cannot resolve the concern, or the Team Member is uncomfortable approaching their Supervisor/Manager, the Team Member may pursue the matter with the next level(s) of leadership.

3. **Human Resources Representative:** If the Team Member and their chain of leadership cannot resolve the concern, or the Team Member is uncomfortable approaching their chain of leadership, the Team Member may pursue the matter with their work location's HR representative.

4. **Written Appeal:** If a Team Member is not satisfied with the outcome through the above process, the Team Member has 21 days to submit a written appeal to Team Relations at Family Dollar, Inc., ATTN: Team Relations, PO Box 1017, Charlotte, North Carolina 28201-1017, which will be reviewed by the HR Divisional Vice President or HR Vice President of the appropriate line of business.  If the matter is not appealed in writing, the decision is final.



# FAMILY DOLLAR, INC.
## MUTUAL AGREEMENT TO ARBITRATE CLAIMS

**1. INTRODUCTION:** This Mutual Agreement to Arbitrate Claims ("Agreement") is between me and Family Dollar, Inc. (the "Company"). Any reference to Company will be a reference also to Company's parents, subsidiaries, partners, divisions, and affiliated entities, and all successors and assigns of any of them. The Federal Arbitration Act (9 U.S.C. § 1 et seq.) shall govern this Agreement, which evidences a transaction involving commerce, and the Company and I agree that the Company is engaged in transactions involving interstate commerce. **All disputes covered by this Agreement between me and the Company shall be decided by an arbitrator through arbitration and not by way of court or jury trial**.

**2. DISPUTES COVERED BY THE AGREEMENT:** The Company and I mutually consent and agree to the resolution by arbitration of all claims or controversies, past, present or future ("Disputes"), including without limitation, claims arising out of or related to my application for assignment/employment, assignment/employment, and/or the termination of my assignment/employment that the Company may have against me or that I may have against any of the following: (1) the Company, (2) its officers, directors, employees, or agents in their capacity as such or otherwise, (3) the Company's parent, subsidiary, and affiliated entities, (4) the benefit plans or the plans' sponsors, fiduciaries, administrators, affiliates, and agents, and/or (5) all successors and assigns of any of them.

Further, covered Disputes include any claim or controversy regarding the Agreement or any portion of the Agreement or its interpretation, enforceability, applicability, unconscionability, arbitrability or formation, or whether the Agreement or any portion of the Agreement is void or voidable, with the exception noted in section 7, below, the "Class Action Waiver."

Except as otherwise provided, this Agreement covers the following legal claims that either the Company or I could bring arising out of or relating to my employment relationship with the Company, including, but not limited to: (i) discrimination based on race, creed, color, religion, sex, age, disability, leave status, national origin, ancestry, sexual orientation, marital status, veteran or military reserve status, privacy or any other characteristic protected by federal, state or local law, (ii) retaliation, including, but not limited to, whistleblower status or retaliation for filing a workers' compensation claim, (iii) torts, including, but not limited to, defamation, invasion of privacy, infliction of emotional distress, or workplace injury not otherwise covered by applicable workers' compensation laws, (iv) all employment related laws, including, but not limited to, Title VII of the Civil Rights Act, the Civil Rights Acts and amendments of 1866, 1871 and 1991, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Americans with Disabilities Act, the Equal Pay Act, Genetic Information Nondiscrimination Act, the Family and Medical Leave Act,

the Worker Adjustment Retraining and Notification Act, the Fair Labor Standards Act, and any amendments to these laws, and any such related or similar state or local laws, (v) any federal, state or local law or common law doctrine for breach of contract, promissory estoppel, wrongful discharge or conversion, (vi) claims for interference with rights under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), or other claims concerning administration of ERISA plans not excluded below, and (vii) claims under federal or state law regarding wages (including without limitation claims for pay, minimum wage and overtime), wage penalties, meal and rest breaks, classification, reimbursement of expenses, compensation, stock or incentive bonus plans, or intellectual property rights and associated laws.

**3. CLAIMS NOT COVERED BY THE AGREEMENT:** I agree that the following claims are not considered as a covered Dispute and are excluded under the Agreement: (i) Workers' Compensation benefit claims; (ii) state unemployment or disability insurance compensation claims; (iii) claims for benefits under employee benefit plans covered by ERISA that contain an appeal procedure or other exclusive and/or binding dispute resolution procedure in the respective plan; (iv) claims under the National Labor Relations Act within the jurisdiction of the National Labor Relations Board; and (v) claims that the Dodd-Frank Wall Street Reform and Consumer Protection Act or other controlling federal statutes bar from the coverage of mandatory pre-dispute arbitration agreements.

The Company and I may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief in connection with an arbitrable controversy, but only upon the ground that the award to which that party may be entitled would be ineffectual without such provisional relief; provided, however, that all issues of final relief shall be decided in arbitration, and the pursuit of the temporary or preliminary injunctive relief described herein shall not constitute a waiver of rights under this Agreement.

**Pending Claims:** This Agreement does not apply to any civil lawsuit that was already filed by the Company or filed by me or on my behalf (whether individually or as a member of a class) ("Pending Claims") prior to the date that this Agreement is signed by me. However, this Agreement does apply to any civil lawsuit or other covered Dispute which is filed after I sign this Agreement. This Agreement also applies to any civil lawsuit that was filed before I began my employment with the Company, including without limitation civil lawsuits alleging class or collective claims on behalf of employees.

**4. HOW TO INITIATE ARBITRATION OF COVERED DISPUTES:** The Company and I agree that the aggrieved party must make a written "Request for Arbitration" of any claim to the other party no later than the expiration of the statute of limitations (deadline for filing) that applicable state or federal law prescribes for the claim. The parties are

encouraged to make written Request for Arbitration of any claim as soon as possible after the event or events in dispute so that arbitration of any differences may take place promptly.

Written Request for Arbitration to the Company, or its officers, directors, employees or agents, shall be sent to its home office, currently at:  Arbitration Intake, Family Dollar, PO Box 1017, Charlotte, NC 28201, to the attention of the Office of General Counsel.  I will be given written Request for Arbitration at the last home address I provided in writing to the Company.  The Request for Arbitration shall, unless otherwise required by law, clearly state "Request for Arbitration".  The Request for Arbitration shall be sent to the other party by certified or registered mail, return receipt requested, and first class mail.

**5.   THE ROLE OF ADMINISTRATIVE AGENCIES:** Disputes may be brought before an administrative agency to the extent applicable law permits access to an agency notwithstanding an agreement to arbitrate covered Disputes, including, but not limited to, claims or charges brought before the Equal Employment Opportunity Commission, the U.S. Department of Labor, the National Labor Relations Board and the Office of Federal Contract Compliance Programs. Nothing in the Agreement shall be construed to: (i) relieve any party of the duty to exhaust administrative remedies by filing a charge or complaint with an administrative agency and obtaining a right to sue notice, where otherwise required by law, or (ii) prevent either party from cooperating with a federal or state body as required by law. The Company will not retaliate against me for filing a claim with an administrative agency.

**6.   CLASS AND REPRESENTATIVE ACTION WAIVERS: THE COMPANY AND I HEREBY WAIVE ANY RIGHT FOR ANY DISPUTE TO BE BROUGHT, HEARD, DECIDED OR ARBITRATED AS A CLASS AND/OR COLLECTIVE ACTION ("Class Action Waiver").  Notwithstanding any other clause contained in this Agreement, the preceding sentence shall not be severable from this Agreement in any instance in which the Dispute is brought as a class and/or collective action. THE COMPANY AND I ALSO HEREBY WAIVE ANY RIGHT FOR ANY DISPUTE TO BE BROUGHT, HEARD, DECIDED OR ARBITRATED AS A REPRESENTATIVE ACTION ("Representative Action Waiver").** However, this Representative Action Waiver may be severed if it would otherwise render this Agreement unenforceable in any action brought under a private attorneys general law, and following severance the representative action may be brought in a court of law.

Notwithstanding any other clause contained in this Agreement, any claim that this Class Action Waiver or Representative Action Waiver, or any portion of this Class Action Waiver or Representative Action Waiver, is unenforceable, inapplicable, unconscionable, or void or voidable, shall be determined only by a court of competent jurisdiction and not by an arbitrator.

**7.   REPRESENTATION:**  Any party may be represented by an attorney selected by the party.  I understand and agree that I have been given the opportunity to discuss this Agreement with my private legal counsel and have availed myself of that opportunity to the extent I wish to do so.

**8.   PROCEDURES AND RULES:**  The parties shall select the neutral arbitrator and/or arbitration sponsoring organization by mutual agreement.

 If the parties are not able to mutually agree to an arbitrator and/or arbitration sponsoring organization, the arbitration will be held under the auspices of the American Arbitration Association ("AAA"), and except as provided in this Agreement, shall be in accordance with the then current Employment Arbitration Rules of the AAA ("AAA Rules") (the AAA Rules are available through the Company's Human Resources Department or via the internet at www.adr.org/employment).  Unless the parties jointly agree otherwise, the Arbitrator shall be either an attorney who is experienced in employment law and licensed to practice law in the state in which the arbitration is convened, or a retired judge from any jurisdiction (the "Arbitrator").  Unless the parties jointly agree otherwise, the arbitration shall take place in or near the city in which I am or was last employed by the Company.

In the event the parties mutually choose a sponsoring organization, or AAA is designated, the Arbitrator shall be selected as follows:  The organization selected shall give each party a list of eleven (11) arbitrators drawn from its panel of arbitrators. Each party shall have ten (10) calendar days from the postmark date on the list to strike all names on the list it deems unacceptable.  If only one common name remains on the lists of all parties, that individual shall be designated as the Arbitrator.  If more than one common name remains on the lists of all parties, the parties shall strike names alternately from the list of common names until only one remains, with the party to strike first to be determined by a coin toss.  If no common name remains on the lists of all parties, the selected organization shall furnish an additional list of eleven (11) arbitrators from which the parties shall strike alternately, with the party striking first to be determined by a coin toss, until only one name remains.  That person shall be designated as the Arbitrator.

**9.   DISCOVERY AND SUBPOENAS:** Each party shall at a minimum have the right to take the deposition of one individual and any expert witness designated by another party. Each party also shall have the right to propound requests for production of documents to any party.  Additional discovery may be had by mutual agreement of the parties or where the Arbitrator selected so orders pursuant to a request by either party.  Each party shall have the right to subpoena witnesses and documents for the arbitration, as well as documents relevant to the case from third parties.

**10.   ARBITRATION FEES AND COSTS:**  The Company shall pay the fees and costs of the Arbitrator and/or that are assessed by the organization through which the arbitration is conducted.

Each party shall pay for its own costs and attorneys' fees, if any.  However, if any party prevails on a claim which affords the prevailing party attorneys' fees, or if there is a written agreement providing for fees, the Arbitrator may award reasonable fees to the prevailing party as provided by law.  In the event the law (including the common law) of the jurisdiction in which the arbitration is held requires a different allocation of arbitral fees and costs in order for this Agreement to be enforceable, then such law shall be followed.

**11.  JURISDICTION OF ARBITRATOR:**

a)   The Arbitrator may award to me or the Company any remedy to which that party is entitled under applicable law (including, but not limited to, legal, equitable and injunctive relief), but such remedies are limited to those that would be available to a party in his or her individual capacity in a court of law for the Disputes presented to and decided by the Arbitrator.  The Arbitrator shall apply the substantive law of the state in which the claim arose, or federal law, or both, as applicable to the claims asserted.  The Arbitrator is without jurisdiction to apply any different substantive law.

b)   The Arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold prehearing conferences by telephone or in person, as the Arbitrator deems necessary.  The Arbitrator shall have the authority to hear and decide dispositive motions, and/or a motion to dismiss and/or a motion for summary judgment by any party and shall apply the standards governing such motions under the Federal Rules of Civil Procedure.  Should any party refuse or neglect to appear for, or participate in, the arbitration hearing, the Arbitrator shall have the authority to decide the dispute based upon whatever evidence is then before him or her.

c)   The Arbitrator shall render an award by written opinion no later than 30 days from the date the arbitration hearing concludes or the post-hearing briefs (if requested) are received, whichever is later, unless the parties agree otherwise.  The opinion shall be in writing and include the factual and legal basis for the decision.

**12.   JUDICIAL REVIEW:**   Judicial review shall be governed by the Federal Arbitration Act.  9 U.S.C. §§ 9-11.  The decision of the Arbitrator may be entered and enforced as a final judgment in any court of competent jurisdiction.

**13.  CONSTRUCTION:**   Except as provided in section 6, "Class and Representative Action Waivers" above, if any provision of this Agreement is adjudged to be void, voidable or otherwise unenforceable, in whole or in part, such provision shall, without affecting the validity of the remainder of the Agreement, be: (i) modified to the extent necessary to render such term or provision enforceable preserving to the fullest extent possible the intent and agreements herein, or (ii) to the extent such modification is not permissible, severed from this Agreement.  All remaining provisions shall remain in full force and effect.  A waiver of one or more provisions of this Agreement by any party shall not be a waiver of the entire Agreement or any other provision of the Agreement.

**14.  CONSIDERATION:**  I and the Company agree that the mutual obligations by the Company and me to arbitrate Disputes, and my employment and/or continued employment, and the Company's payment of fees and costs of the arbitrator and/or that are assessed by the organization through which the arbitration is conducted (including my filing fee) provide adequate consideration for this Agreement.

**15.  AT WILL EMPLOYMENT:**  I understand and agree that this Agreement does not in any way alter the "at-will" status of my employment.

**16.  SOLE AND ENTIRE AGREEMENT:**  I agree that this is the complete agreement of the parties on the subject of arbitration of Disputes. This Agreement shall survive the termination of my employment and the expiration of any benefit.  No party is relying on any representations, oral or written, on the subject of the effect, enforceability, or meaning of this Agreement, except as specifically set forth in this Agreement.  This Agreement does not supersede any restrictive covenant(s) or confidentiality obligations previously entered into by me and the Company.

# EXHIBIT B



August 9, 2013

9 1 2354 *********AUTO**MIXED AADC 300
Ashley S Lee

**Re: Open Door Communication Guidelines/Mutual Agreement to Arbitrate Claims**

Dear Ashley S Lee:

Family Dollar is pleased to provide to you with copies of its *Open Door Communication Guidelines* ("Open Door Guidelines") and its *Mutual Agreement to Arbitrate Claims* ("Arbitration Agreement"). These apply to how you and Family Dollar resolve employment-related disputes.

The Open Door Guidelines provide Team Members with a process for resolving workplace concerns by working with their chain of leadership and our Human Resources department. We are convinced that a full internal review of differences is the quickest and most productive way to resolve these disputes. It also maintains good working relationships and avoids unnecessary confrontations.

Although the Company urges employees to participate in the Open Door Process, which many times will resolve employment-related disputes amicably and fairly, the Company also has an Arbitration Agreement, which will be rolled out beginning on June 17, 2013. The Open Door Guidelines is separate from the Arbitration Agreement.

The Arbitration Agreement is a stand-alone and binding agreement that will apply company-wide. We hope that you and Family Dollar will not have legal disputes in connection with your employment, and if such disputes do arise, we hope that they can be resolved informally through the Open Door Policy. However, if an employment-related dispute cannot be resolved, or should you or Family Dollar decide at any time to pursue covered employment-related legal disputes against the other, such disputes must be resolved individually in arbitration--not by way of a judge or jury. The Arbitration Agreement requires both you and Family Dollar to arbitrate covered disputes, as defined in the Arbitration Agreement, before a private and neutral third-party chosen by the Team Member and Family Dollar.

Again, a copy of the Arbitration Agreement is included with this letter. Further, Family Dollar is providing access to an online learning course (OLC) through the company's Learning Management System that will explain the Open Door process and Arbitration Agreement in more detail. Please work with your manager to complete the OLC at your work location, and electronically sign the Arbitration Agreement by August 30, 2013.

If you have any questions about the OLC, Open Door Policy or Arbitration Agreement, please contact the HR Service Center by visiting the My Family Dollar Life page from work or signing into MyFamilyDollarLife.com. In the Ask HR box, click Ask HR and View My Questions to submit your question. You may also call 1-866-377-6420. HR Service Center representatives are available Monday-Friday 8 a.m. to 10 p.m. Eastern time.

Si desea una copia en español de esta carta y del Acuerdo de Arbitraje adjunto, por favor, contacte al Centro de Servicio de Recursos Humanos, visitando la página de internet My Family Dollar Life desde su lugar de trabajo o desde su casa a través de MyFamilyDollar.com. En el cuadro Ask HR, haga clic en Ask HR and View My Questions. Además, puede llamar al Centro de Servicio de Recursos Humanos al 1-866-377-6420. Los representantes del Centro de Servicio de Recursos Humanos están disponibles de lunes a viernes de 8 a.m. a 10 p.m. hora del este.

Sincerely,

*Bryan Venberg*

Bryan Venberg
Senior Vice President, Human Resources
Family Dollar

EXHIBIT B, Page 14

## Open Door Guidelines

Family Dollar's Open Door Guidelines provide Team Members with a process for expressing their work-related concerns with their leadership team. Family Dollar's leadership team maintains an environment of openness and mutual support.  A Team Member may contact a member of leadership to discuss concerns either verbally or in writing, in the following order:

1.  **Supervisor/Manager:** Team Members are encouraged to first contact their immediate Supervisor/Manager to resolve work-related concerns.

2.  **Next-Level Manager:** If the Team Member and their Supervisor/Manager cannot resolve the concern, or the Team Member is uncomfortable approaching their Supervisor/Manager, the Team Member may pursue the matter with the next level(s) of leadership.

3.  **Human Resources Representative:** If the Team Member and their chain of leadership cannot resolve the concern, or the Team Member is uncomfortable approaching their chain of leadership, the Team Member may pursue the matter with their work location's HR representative.

4.  **Written Appeal:** If a Team Member is not satisfied with the outcome through the above process, the Team Member has 21 days to submit a written appeal to Team Relations at Family Dollar, Inc., ATTN: Team Relations, PO Box 1017, Charlotte, North Carolina 28201-1017, which will be reviewed by the HR Divisional Vice President or HR Vice President of the appropriate line of business.  If the matter is not appealed in writing, the decision is final.



# FAMILY DOLLAR, INC.
## MUTUAL AGREEMENT TO ARBITRATE CLAIMS

**1. INTRODUCTION:** This Mutual Agreement to Arbitrate Claims ("Agreement") is between me and Family Dollar, Inc. (the "Company"). Any reference to Company will be a reference also to Company's parents, subsidiaries, partners, divisions, and affiliated entities, and all successors and assigns of any of them. The Federal Arbitration Act (9 U.S.C. § 1 et seq.) shall govern this Agreement, which evidences a transaction involving commerce, and the Company and I agree that the Company is engaged in transactions involving interstate commerce. **All disputes covered by this Agreement between me and the Company shall be decided by an arbitrator through arbitration and not by way of court or jury trial**.

**2. DISPUTES COVERED BY THE AGREEMENT:** The Company and I mutually consent and agree to the resolution by arbitration of all claims or controversies, past, present or future ("Disputes"), including without limitation, claims arising out of or related to my application for assignment/employment, assignment/employment, and/or the termination of my assignment/employment that the Company may have against me or that I may have against any of the following: (1) the Company, (2) its officers, directors, employees, or agents in their capacity as such or otherwise, (3) the Company's parent, subsidiary, and affiliated entities, (4) the benefit plans or the plans' sponsors, fiduciaries, administrators, affiliates, and agents, and/or (5) all successors and assigns of any of them.

Further, covered Disputes include any claim or controversy regarding the Agreement or any portion of the Agreement or its interpretation, enforceability, applicability, unconscionability, arbitrability or formation, or whether the Agreement or any portion of the Agreement is void or voidable, with the exception noted in section 7, below, the "Class Action Waiver."

Except as otherwise provided, this Agreement covers the following legal claims that either the Company or I could bring arising out of or relating to my employment relationship with the Company, including, but not limited to: (i) discrimination based on race, creed, color, religion, sex, age, disability, leave status, national origin, ancestry, sexual orientation, marital status, veteran or military reserve status, privacy or any other characteristic protected by federal, state or local law, (ii) retaliation, including, but not limited to, whistleblower status or retaliation for filing a workers' compensation claim, (iii) torts, including, but not limited to, defamation, invasion of privacy, infliction of emotional distress, or workplace injury not otherwise covered by applicable workers' compensation laws, (iv) all employment related laws, including, but not limited to, Title VII of the Civil Rights Act, the Civil Rights Acts and amendments of 1866, 1871 and 1991, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Americans with Disabilities Act, the Equal Pay Act, Genetic Information Nondiscrimination Act, the Family and Medical Leave Act, the Worker Adjustment Retraining and Notification Act, the Fair Labor Standards Act, and any amendments to these laws, and any such related or similar state or local laws, (v) any federal, state or local law or common law doctrine for breach of contract, promissory estoppel, wrongful discharge or conversion, (vi) claims for interference with rights under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), or other claims concerning administration of ERISA plans not excluded below, and (vii) claims under federal or state law regarding wages (including without limitation claims for pay, minimum wage and overtime), wage penalties, meal and rest breaks, classification, reimbursement of expenses, compensation, stock or incentive bonus plans, or intellectual property rights and associated laws.

**3. CLAIMS NOT COVERED BY THE AGREEMENT:** I agree that the following claims are not considered as a covered Dispute and are excluded under the Agreement: (i) Workers' Compensation benefit claims; (ii) state unemployment or disability insurance compensation claims; (iii) claims for benefits under employee benefit plans covered by ERISA that contain an appeal procedure or other exclusive and/or binding dispute resolution procedure in the respective plan; (iv) claims under the National Labor Relations Act within the jurisdiction of the National Labor Relations Board; and (v) claims that the Dodd-Frank Wall Street Reform and Consumer Protection Act or other controlling federal statutes bar from the coverage of mandatory pre-dispute arbitration agreements.

The Company and I may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief in connection with an arbitrable controversy, but only upon the ground that the award to which that party may be entitled would be ineffectual without such provisional relief; provided, however, that all issues of final relief shall be decided in arbitration, and the pursuit of the temporary or preliminary injunctive relief described herein shall not constitute a waiver of rights under this Agreement.

**Pending Claims:** This Agreement does not apply to any civil lawsuit that was already filed by the Company or filed by me or on my behalf (whether individually or as a member of a class) ("Pending Claims") prior to the date that this Agreement is signed by me. However, this Agreement does apply to any civil lawsuit or other covered Dispute which is filed after I sign this Agreement. This Agreement also applies to any civil lawsuit that was filed before I began my employment with the Company, including without limitation civil lawsuits alleging class or collective claims on behalf of employees.

**4. HOW TO INITIATE ARBITRATION OF COVERED DISPUTES:** The Company and I agree that the aggrieved party must make a written "Request for Arbitration" of any claim to the other party no later than the expiration of the statute of limitations (deadline for filing) that applicable state or federal law prescribes for the claim. The parties are

encouraged to make written Request for Arbitration of any claim as soon as possible after the event or events in dispute so that arbitration of any differences may take place promptly.

Written Request for Arbitration to the Company, or its officers, directors, employees or agents, shall be sent to its home office, currently at:  Arbitration Intake, Family Dollar, PO Box 1017, Charlotte, NC 28201, to the attention of the Office of General Counsel.  I will be given written Request for Arbitration at the last home address I provided in writing to the Company.  The Request for Arbitration shall, unless otherwise required by law, clearly state "Request for Arbitration".  The Request for Arbitration shall be sent to the other party by certified or registered mail, return receipt requested, and first class mail.

**5.   THE ROLE OF ADMINISTRATIVE AGENCIES:** Disputes may be brought before an administrative agency to the extent applicable law permits access to an agency notwithstanding an agreement to arbitrate covered Disputes, including, but not limited to, claims or charges brought before the Equal Employment Opportunity Commission, the U.S. Department of Labor, the National Labor Relations Board and the Office of Federal Contract Compliance Programs. Nothing in the Agreement shall be construed to: (i) relieve any party of the duty to exhaust administrative remedies by filing a charge or complaint with an administrative agency and obtaining a right to sue notice, where otherwise required by law, or (ii) prevent either party from cooperating with a federal or state body as required by law. The Company will not retaliate against me for filing a claim with an administrative agency.

**6.   CLASS AND REPRESENTATIVE ACTION WAIVERS: THE COMPANY AND I HEREBY WAIVE ANY RIGHT FOR ANY DISPUTE TO BE BROUGHT, HEARD, DECIDED OR ARBITRATED AS A CLASS AND/OR COLLECTIVE ACTION ("Class Action Waiver").  Notwithstanding any other clause contained in this Agreement, the preceding sentence shall not be severable from this Agreement in any instance in which the Dispute is brought as a class and/or collective action. THE COMPANY AND I ALSO HEREBY WAIVE ANY RIGHT FOR ANY DISPUTE TO BE BROUGHT, HEARD, DECIDED OR ARBITRATED AS A REPRESENTATIVE ACTION ("Representative Action Waiver").** However, this Representative Action Waiver may be severed if it would otherwise render this Agreement unenforceable in any action brought under a private attorneys general law, and following severance the representative action may be brought in a court of law.

Notwithstanding any other clause contained in this Agreement, any claim that this Class Action Waiver or Representative Action Waiver, or any portion of this Class Action Waiver or Representative Action Waiver, is unenforceable, inapplicable, unconscionable, or void or voidable, shall be determined only by a court of competent jurisdiction and not by an arbitrator.

**7.   REPRESENTATION:** Any party may be represented by an attorney selected by the party.  I understand and agree that I have been given the opportunity to discuss this Agreement with my private legal counsel and have availed myself of that opportunity to the extent I wish to do so.

**8.   PROCEDURES AND RULES:** The parties shall select the neutral arbitrator and/or arbitration sponsoring organization by mutual agreement.

 If the parties are not able to mutually agree to an arbitrator and/or arbitration sponsoring organization, the arbitration will be held under the auspices of the American Arbitration Association ("AAA"), and except as provided in this Agreement, shall be in accordance with the then current Employment Arbitration Rules of the AAA ("AAA Rules") (the AAA Rules are available through the Company's Human Resources Department or via the internet at www.adr.org/employment).  Unless the parties jointly agree otherwise, the Arbitrator shall be either an attorney who is experienced in employment law and licensed to practice law in the state in which the arbitration is convened, or a retired judge from any jurisdiction (the "Arbitrator").  Unless the parties jointly agree otherwise, the arbitration shall take place in or near the city in which I am or was last employed by the Company.

In the event the parties mutually choose a sponsoring organization, or AAA is designated, the Arbitrator shall be selected as follows:  The organization selected shall give each party a list of eleven (11) arbitrators drawn from its panel of arbitrators.  Each party shall have ten (10) calendar days from the postmark date on the list to strike all names on the list it deems unacceptable.  If only one common name remains on the lists of all parties, that individual shall be designated as the Arbitrator.  If more than one common name remains on the lists of all parties, the parties shall strike names alternately from the list of common names until only one remains, with the party to strike first to be determined by a coin toss.  If no common name remains on the lists of all parties, the selected organization shall furnish an additional list of eleven (11) arbitrators from which the parties shall strike alternately, with the party striking first to be determined by a coin toss, until only one name remains.  That person shall be designated as the Arbitrator.

**9.   DISCOVERY AND SUBPOENAS:** Each party shall at a minimum have the right to take the deposition of one individual and any expert witness designated by another party. Each party also shall have the right to propound requests for production of documents to any party.  Additional discovery may be had by mutual agreement of the parties or where the Arbitrator selected so orders pursuant to a request by either party.  Each party shall have the right to subpoena witnesses and documents for the arbitration, as well as documents relevant to the case from third parties.

**10.   ARBITRATION FEES AND COSTS:** The Company shall pay the fees and costs of the Arbitrator and/or that are assessed by the organization through which the arbitration is conducted.

Each party shall pay for its own costs and attorneys' fees, if any. However, if any party prevails on a claim which affords the prevailing party attorneys' fees, or if there is a written agreement providing for fees, the Arbitrator may award reasonable fees to the prevailing party as provided by law. In the event the law (including the common law) of the jurisdiction in which the arbitration is held requires a different allocation of arbitral fees and costs in order for this Agreement to be enforceable, then such law shall be followed.

**11. JURISDICTION OF ARBITRATOR:**

a) The Arbitrator may award to me or the Company any remedy to which that party is entitled under applicable law (including, but not limited to, legal, equitable and injunctive relief), but such remedies are limited to those that would be available to a party in his or her individual capacity in a court of law for the Disputes presented to and decided by the Arbitrator. The Arbitrator shall apply the substantive law of the state in which the claim arose, or federal law, or both, as applicable to the claims asserted. The Arbitrator is without jurisdiction to apply any different substantive law.

b) The Arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold prehearing conferences by telephone or in person, as the Arbitrator deems necessary. The Arbitrator shall have the authority to hear and decide dispositive motions, and/or a motion to dismiss and/or a motion for summary judgment by any party and shall apply the standards governing such motions under the Federal Rules of Civil Procedure. Should any party refuse or neglect to appear for, or participate in, the arbitration hearing, the Arbitrator shall have the authority to decide the dispute based upon whatever evidence is then before him or her.

c) The Arbitrator shall render an award by written opinion no later than 30 days from the date the arbitration hearing concludes or the post-hearing briefs (if requested) are received, whichever is later, unless the parties agree otherwise. The opinion shall be in writing and include the factual and legal basis for the decision.

**12. JUDICIAL REVIEW:** Judicial review shall be governed by the Federal Arbitration Act. 9 U.S.C. §§ 9-11. The decision of the Arbitrator may be entered and enforced as a final judgment in any court of competent jurisdiction.

**13. CONSTRUCTION:** Except as provided in section 6, "Class and Representative Action Waivers" above, if any provision of this Agreement is adjudged to be void, voidable or otherwise unenforceable, in whole or in part, such provision shall, without affecting the validity of the remainder of the Agreement, be: (i) modified to the extent necessary to render such term or provision enforceable preserving to the fullest extent possible the intent and agreements herein, or (ii) to the extent such modification is not permissible, severed from this Agreement. All remaining provisions shall remain in full force and effect. A waiver of one or more provisions of this Agreement by any party shall not be a waiver of the entire Agreement or any other provision of the Agreement.

**14. CONSIDERATION:** I and the Company agree that the mutual obligations by the Company and me to arbitrate Disputes, and my employment and/or continued employment, and the Company's payment of fees and costs of the arbitrator and/or that are assessed by the organization through which the arbitration is conducted (including my filing fee) provide adequate consideration for this Agreement.

**15. AT WILL EMPLOYMENT:** I understand and agree that this Agreement does not in any way alter the "at-will" status of my employment.

**16. SOLE AND ENTIRE AGREEMENT:** I agree that this is the complete agreement of the parties on the subject of arbitration of Disputes. This Agreement shall survive the termination of my employment and the expiration of any benefit. No party is relying on any representations, oral or written, on the subject of the effect, enforceability, or meaning of this Agreement, except as specifically set forth in this Agreement. This Agreement does not supersede any restrictive covenant(s) or confidentiality obligations previously entered into by me and the Company.

# EXHIBIT C

FD-ODARB-2013



## Purpose

The purpose of this learning module is to tell you about Family Dollar's revised Open Door Guidelines and the Mutual Agreement to Arbitrate Claims (Arbitration Agreement).

The Open Door Guidelines provide the process by which you can resolve your workplace concerns within the company through your direct chain of management or Human Resources.

The Arbitration Agreement outlines how Family Dollar and Team Members will handle covered disputes involving workplace concerns. The Arbitration Agreement applies to all Family Dollar Team Members, and is a condition of continued employment. Family Dollar believes this offers a great opportunity to resolve disputes privately, quickly, and efficiently.

## Learning Topics

This module will cover:

- The revised Open Door Guidelines

- The Arbitration Agreement

EXHIBIT C, Page 21

**FAMILY⊙DOLLAR** Case 2:19     **Open Door and Arbitration at Family Dollar**     Home  |  Exit



*my future,* **my family dollar.**

Dear Team Member:

Family Dollar is pleased to provide you with its Open Door Communication Guidelines ("Open Door Guidelines") and its Mutual Agreement to Arbitrate Claims ("Arbitration Agreement"). These apply to how you and Family Dollar resolve employment-related disputes.

The Open Door Guidelines provide Team Members with a process for resolving workplace concerns by working with their chain of leadership and our Human Resources department. We are convinced that a full internal review of differences is the quickest and most productive way to resolve these disputes. It also maintains good working relationships and avoids unnecessary confrontations.

Although the Company urges Team Members to participate in the Open Door Process, which many times will resolve employment-related disputes amicably and fairly, the Company also has an Arbitration Agreement. The Open Door Guidelines is separate from the Arbitration Agreement.

The Arbitration Agreement is a stand-alone and binding agreement that will apply company-wide. We hope that you and Family Dollar will not have legal disputes in connection with your employment, and if such disputes do arise, we hope that they can be resolved informally through the Open Door Policy. However, if an employment-related dispute cannot be resolved, or should you or Family Dollar decide at any time to pursue covered employment-related legal disputes against the other, such disputes must be resolved individually in arbitration—not by way of a judge or jury. The Arbitration Agreement requires both you and Family Dollar to arbitrate covered disputes, as defined in the Arbitration Agreement, before a private and neutral third-party chosen by the Team Member and Family Dollar.

If you have any questions about the Online Learning Course (OLC), Open Door Policy or Arbitration Agreement, please contact your Manager or contact the HR Service Center by visiting the My Family Dollar Life page from work or signing into MyFamilyDollarLife.com. In the Ask HR box, click Ask HR and View My Questions to submit your question. You may also call 1-866-377-6420. HR Service Center representatives are available Monday-Friday 8 a.m. to 10 p.m. Eastern time.

Sincerely,

*Bryan Venberg*

Bryan Venberg
Senior Vice President, Human Resources
Family Dollar

FD-ODARR-2018     **Page**     ACKNOWLEDGE   **BACK**   **NEXT**

## Open Door Guidelines

- Family Dollar has revised the Open Door Guidelines outlined in the Team Member Handbook.

- The Open Door Guidelines provide Team Members with a process for resolving workplace concerns by working with their direct chain of management and the Human Resources department. We want you to know that Family Dollar's leadership team maintains an environment of openness and mutual support.

- We are convinced that a full internal review of differences is the quickest and most productive way to resolve these disputes. It also maintains good and productive working relationships and avoids unnecessary confrontations.

- Family Dollar encourages Team Members to participate in the Open Door process as outlined in the link below.

**Click Here to View and Print Family Dollar's Open Door Guidelines**

*Click here after you have read the Guidelines*

↓

FD ODARB-2013        Page        ACKNOWLEDGE   BACK

**FAMILY DOLLAR**  Case 2:19  **Open Door and Arbitration at Family Dollar**  Home | Exit

## Arbitration

- Arbitration is a process that Team Members and Family Dollar will use to resolve covered employment disputes individually, privately, quickly and efficiently instead of through a court or jury system.

- In Arbitration, a neutral third party resolves a covered employment related dispute between a Team Member and Family Dollar.

- All Team Members and Family Dollar are covered by this Arbitration Agreement.

**Click Here to View and Print
Family Dollar's Mutual Agreement to Arbitrate Claims**

☐ Click this checkbox to indicate that you have scrolled to read all pages of the Arbitration Agreement.

*Click here after you read the Arbitration
Agreement to agree and acknowledge*
↓

FD-ODARB-2013   Page   ACKNOWLEDGE  BACK  NEXT

EXHIBIT C, Page 24

**FAMILY DOLLAR**   Open Door and Arbitration at Family Dollar   Home | Exit

BY CLICKING THE "I ACCEPT" BUTTON BELOW, I ACKNOWLEDGE THAT I HAVE CAREFULLY READ AND UNDERSTAND THIS AGREEMENT AND AGREE TO ITS TERMS. I AGREE THAT THROUGH THIS AGREEMENT, THE COMPANY AND I ARE GIVING UP OUR RIGHTS TO A JURY TRIAL AND THAT PURSUANT TO THE TERMS OF THIS AGREEMENT; WE ARE AGREEING TO ARBITRATE DISPUTES COVERED BY THIS AGREEMENT. I FURTHER UNDERSTAND AND AGREE TO THE USE OF AN ELECTRONIC METHOD OF SIGNATURE TO DEMONSTRATE MY ACCEPTANCE AND AGREEMENT TO THE TERMS OF THIS AGREEMENT.

**I ACCEPT**

FD-ODARB-2013   Page   ACKNOWLEDGE | BACK

# Congratulations!

You have completed the **Open Door and Arbitration** learning module.



Please close this learning module using the 'Exit' button in the upper right.

You may review this learning module at any time through your *Completed Work* in FDU.

FD-ODARB-2013   Page   NEXT

# EXHIBIT D

## Open Door Guidelines

Family Dollar's Open Door Guidelines provide Team Members with a process for expressing their work-related concerns with their leadership team. Family Dollar's leadership team maintains an environment of openness and mutual support.  A Team Member may contact a member of leadership to discuss concerns either verbally or in writing, in the following order:

1. **Supervisor/Manager:** Team Members are encouraged to first contact their immediate Supervisor/Manager to resolve work-related concerns.

2. **Next-Level Manager:** If the Team Member and their Supervisor/Manager cannot resolve the concern, or the Team Member is uncomfortable approaching their Supervisor/Manager, the Team Member may pursue the matter with the next level(s) of leadership.

3. **Human Resources Representative:** If the Team Member and their chain of leadership cannot resolve the concern, or the Team Member is uncomfortable approaching their chain of leadership, the Team Member may pursue the matter with their work location's HR representative.

4. **Written Appeal:** If a Team Member is not satisfied with the outcome through the above process, the Team Member has 21 days to submit a written appeal to Team Relations at Family Dollar, Inc., ATTN: Team Relations, PO Box 1017, Charlotte, North Carolina 28201-1017, which will be reviewed by the HR Divisional Vice President or HR Vice President of the appropriate line of business.  If the matter is not appealed in writing, the decision is final.



# **EXHIBIT E**

# FAMILY DOLLAR, INC.
# MUTUAL AGREEMENT TO ARBITRATE CLAIMS

**1. INTRODUCTION:** This Mutual Agreement to Arbitrate Claims ("Agreement") is between me and Family Dollar, Inc. (the "Company"). Any reference to Company will be a reference also to Company's parents, subsidiaries, partners, divisions, and affiliated entities, and all successors and assigns of any of them. The Federal Arbitration Act (9 U.S.C. § 1 et seq.) shall govern this Agreement, which evidences a transaction involving commerce, and the Company and I agree that the Company is engaged in transactions involving interstate commerce. **All disputes covered by this Agreement between me and the Company shall be decided by an arbitrator through arbitration and not by way of court or jury trial**.

**2. DISPUTES COVERED BY THE AGREEMENT:** The Company and I mutually consent and agree to the resolution by arbitration of all claims or controversies, past, present or future ("Disputes"), including without limitation, claims arising out of or related to my application for assignment/employment, assignment/employment, and/or the termination of my assignment/employment that the Company may have against me or that I may have against any of the following: (1) the Company, (2) its officers, directors, employees, or agents in their capacity as such or otherwise, (3) the Company's parent, subsidiary, and affiliated entities, (4) the benefit plans or the plans' sponsors, fiduciaries, administrators, affiliates, and agents, and/or (5) all successors and assigns of any of them.

Further, covered Disputes include any claim or controversy regarding the Agreement or any portion of the Agreement or its interpretation, enforceability, applicability, unconscionability, arbitrability or formation, or whether the Agreement or any portion of the Agreement is void or voidable, with the exception noted in section 7, below, the "Class Action Waiver."

Except as otherwise provided, this Agreement covers the following legal claims that either the Company or I could bring arising out of or relating to my employment relationship with the Company, including, but not limited to: (i) discrimination based on race, creed, color, religion, sex, age, disability, leave status, national origin, ancestry, sexual orientation, marital status, veteran or military reserve status, privacy or any other characteristic protected by federal, state or local law, (ii) retaliation, including, but not limited to, whistleblower status or retaliation for filing a workers' compensation claim, (iii) torts, including, but not limited to, defamation, invasion of privacy, infliction of emotional distress, or workplace injury not otherwise covered by applicable workers' compensation laws, (iv) all employment related laws, including, but not limited to, Title VII of the Civil Rights Act, the Civil Rights Acts and amendments of 1866, 1871 and 1991, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Americans with Disabilities Act, the Equal Pay Act, Genetic Information Nondiscrimination Act, the Family and Medical Leave Act,

the Worker Adjustment Retraining and Notification Act, the Fair Labor Standards Act, and any amendments to these laws, and any such related or similar state or local laws, (v) any federal, state or local law or common law doctrine for breach of contract, promissory estoppel, wrongful discharge or conversion, (vi) claims for interference with rights under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), or other claims concerning administration of ERISA plans not excluded below, and (vii) claims under federal or state law regarding wages (including without limitation claims for pay, minimum wage and overtime), wage penalties, meal and rest breaks, classification, reimbursement of expenses, compensation, stock or incentive bonus plans, or intellectual property rights and associated laws.

**3. CLAIMS NOT COVERED BY THE AGREEMENT:** I agree that the following claims are not considered as a covered Dispute and are excluded under the Agreement: (i) Workers' Compensation benefit claims; (ii) state unemployment or disability insurance compensation claims; (iii) claims for benefits under employee benefit plans covered by ERISA that contain an appeal procedure or other exclusive and/or binding dispute resolution procedure in the respective plan; (iv) claims under the National Labor Relations Act within the jurisdiction of the National Labor Relations Board; and (v) claims that the Dodd-Frank Wall Street Reform and Consumer Protection Act or other controlling federal statutes bar from the coverage of mandatory pre-dispute arbitration agreements.

The Company and I may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief in connection with an arbitrable controversy, but only upon the ground that the award to which that party may be entitled would be ineffectual without such provisional relief; provided, however, that all issues of final relief shall be decided in arbitration, and the pursuit of the temporary or preliminary injunctive relief described herein shall not constitute a waiver of rights under this Agreement.

**Pending Claims:** This Agreement does not apply to any civil lawsuit that was already filed by the Company or filed by me or on my behalf (whether individually or as a member of a class) ("Pending Claims") prior to the date that this Agreement is signed by me. However, this Agreement does apply to any civil lawsuit or other covered Dispute which is filed after I sign this Agreement. This Agreement also applies to any civil lawsuit that was filed before I began my employment with the Company, including without limitation civil lawsuits alleging class or collective claims on behalf of employees.

**4. HOW TO INITIATE ARBITRATION OF COVERED DISPUTES:** The Company and I agree that the aggrieved party must make a written "Request for Arbitration" of any claim to the other party no later than the expiration of the statute of limitations (deadline for filing) that applicable state or federal law prescribes for the claim. The parties are

encouraged to make written Request for Arbitration of any claim as soon as possible after the event or events in dispute so that arbitration of any differences may take place promptly.

Written Request for Arbitration to the Company, or its officers, directors, employees or agents, shall be sent to its home office, currently at:  Arbitration Intake, Family Dollar, PO Box 1017, Charlotte, NC 28201, to the attention of the Office of General Counsel.  I will be given written Request for Arbitration at the last home address I provided in writing to the Company.  The Request for Arbitration shall, unless otherwise required by law, clearly state "Request for Arbitration".  The Request for Arbitration shall be sent to the other party by certified or registered mail, return receipt requested, and first class mail.

**5. THE ROLE OF ADMINISTRATIVE AGENCIES:**
Disputes may be brought before an administrative agency to the extent applicable law permits access to an agency notwithstanding an agreement to arbitrate covered Disputes, including, but not limited to, claims or charges brought before the Equal Employment Opportunity Commission, the U.S. Department of Labor, the National Labor Relations Board and the Office of Federal Contract Compliance Programs. Nothing in the Agreement shall be construed to: (i) relieve any party of the duty to exhaust administrative remedies by filing a charge or complaint with an administrative agency and obtaining a right to sue notice, where otherwise required by law, or (ii) prevent either party from cooperating with a federal or state body as required by law. The Company will not retaliate against me for filing a claim with an administrative agency.

**6. CLASS AND REPRESENTATIVE ACTION WAIVERS: THE COMPANY AND I HEREBY WAIVE ANY RIGHT FOR ANY DISPUTE TO BE BROUGHT, HEARD, DECIDED OR ARBITRATED AS A CLASS AND/OR COLLECTIVE ACTION ("Class Action Waiver"). Notwithstanding any other clause contained in this Agreement, the preceding sentence shall not be severable from this Agreement in any instance in which the Dispute is brought as a class and/or collective action. THE COMPANY AND I ALSO HEREBY WAIVE ANY RIGHT FOR ANY DISPUTE TO BE BROUGHT, HEARD, DECIDED OR ARBITRATED AS A REPRESENTATIVE ACTION ("Representative Action Waiver").** However, this Representative Action Waiver may be severed if it would otherwise render this Agreement unenforceable in any action brought under a private attorneys general law, and following severance the representative action may be brought in a court of law.

Notwithstanding any other clause contained in this Agreement, any claim that this Class Action Waiver or Representative Action Waiver, or any portion of this Class Action Waiver or Representative Action Waiver, is unenforceable, inapplicable, unconscionable, or void or voidable, shall be determined only by a court of competent jurisdiction and not by an arbitrator.

**7. REPRESENTATION:** Any party may be represented by an attorney selected by the party. I understand and agree that I have been given the opportunity to discuss this Agreement with my private legal counsel and have availed myself of that opportunity to the extent I wish to do so.

**8. PROCEDURES AND RULES:** The parties shall select the neutral arbitrator and/or arbitration sponsoring organization by mutual agreement.

 If the parties are not able to mutually agree to an arbitrator and/or arbitration sponsoring organization, the arbitration will be held under the auspices of the American Arbitration Association ("AAA"), and except as provided in this Agreement, shall be in accordance with the then current Employment Arbitration Rules of the AAA ("AAA Rules") (the AAA Rules are available through the Company's Human Resources Department or via the internet at www.adr.org/employment).  Unless the parties jointly agree otherwise, the Arbitrator shall be either an attorney who is experienced in employment law and licensed to practice law in the state in which the arbitration is convened, or a retired judge from any jurisdiction (the "Arbitrator").  Unless the parties jointly agree otherwise, the arbitration shall take place in or near the city in which I am or was last employed by the Company.

In the event the parties mutually choose a sponsoring organization, or AAA is designated, the Arbitrator shall be selected as follows:  The organization selected shall give each party a list of eleven (11) arbitrators drawn from its panel of arbitrators.  Each party shall have ten (10) calendar days from the postmark date on the list to strike all names on the list it deems unacceptable.  If only one common name remains on the lists of all parties, that individual shall be designated as the Arbitrator.  If more than one common name remains on the lists of all parties, the parties shall strike names alternately from the list of common names until only one remains, with the party to strike first to be determined by a coin toss.  If no common name remains on the lists of all parties, the selected organization shall furnish an additional list of eleven (11) arbitrators from which the parties shall strike alternately, with the party striking first to be determined by a coin toss, until only one name remains.  That person shall be designated as the Arbitrator.

**9. DISCOVERY AND SUBPOENAS:** Each party shall at a minimum have the right to take the deposition of one individual and any expert witness designated by another party. Each party also shall have the right to propound requests for production of documents to any party.  Additional discovery may be had by mutual agreement of the parties or where the Arbitrator selected so orders pursuant to a request by either party.  Each party shall have the right to subpoena witnesses and documents for the arbitration, as well as documents relevant to the case from third parties.

**10. ARBITRATION FEES AND COSTS:** The Company shall pay the fees and costs of the Arbitrator and/or that are assessed by the organization through which the arbitration is conducted.

Each party shall pay for its own costs and attorneys' fees, if any. However, if any party prevails on a claim which affords the prevailing party attorneys' fees, or if there is a written agreement providing for fees, the Arbitrator may award reasonable fees to the prevailing party as provided by law. In the event the law (including the common law) of the jurisdiction in which the arbitration is held requires a different allocation of arbitral fees and costs in order for this Agreement to be enforceable, then such law shall be followed.

## 11. JURISDICTION OF ARBITRATOR:

a) The Arbitrator may award to me or the Company any remedy to which that party is entitled under applicable law (including, but not limited to, legal, equitable and injunctive relief), but such remedies are limited to those that would be available to a party in his or her individual capacity in a court of law for the Disputes presented to and decided by the Arbitrator. The Arbitrator shall apply the substantive law of the state in which the claim arose, or federal law, or both, as applicable to the claims asserted. The Arbitrator is without jurisdiction to apply any different substantive law.

b) The Arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold prehearing conferences by telephone or in person, as the Arbitrator deems necessary. The Arbitrator shall have the authority to hear and decide dispositive motions, and/or a motion to dismiss and/or a motion for summary judgment by any party and shall apply the standards governing such motions under the Federal Rules of Civil Procedure. Should any party refuse or neglect to appear for, or participate in, the arbitration hearing, the Arbitrator shall have the authority to decide the dispute based upon whatever evidence is then before him or her.

c) The Arbitrator shall render an award by written opinion no later than 30 days from the date the arbitration hearing concludes or the post-hearing briefs (if requested) are received, whichever is later, unless the parties agree otherwise. The opinion shall be in writing and include the factual and legal basis for the decision.

## 12. JUDICIAL REVIEW:
Judicial review shall be governed by the Federal Arbitration Act. 9 U.S.C. §§ 9-11. The decision of the Arbitrator may be entered and enforced as a final judgment in any court of competent jurisdiction.

**13. CONSTRUCTION:** Except as provided in section 6, "Class and Representative Action Waivers" above, if any provision of this Agreement is adjudged to be void, voidable or otherwise unenforceable, in whole or in part, such provision shall, without affecting the validity of the remainder of the Agreement, be: (i) modified to the extent necessary to render such term or provision enforceable preserving to the fullest extent possible the intent and agreements herein, or (ii) to the extent such modification is not permissible, severed from this Agreement. All remaining provisions shall remain in full force and effect. A waiver of one or more provisions of this Agreement by any party shall not be a waiver of the entire Agreement or any other provision of the Agreement.

**14. CONSIDERATION:** I and the Company agree that the mutual obligations by the Company and me to arbitrate Disputes, and my employment and/or continued employment, and the Company's payment of fees and costs of the arbitrator and/or that are assessed by the organization through which the arbitration is conducted (including my filing fee) provide adequate consideration for this Agreement.

**15. AT WILL EMPLOYMENT:** I understand and agree that this Agreement does not in any way alter the "at-will" status of my employment.

**16. SOLE AND ENTIRE AGREEMENT:** I agree that this is the complete agreement of the parties on the subject of arbitration of Disputes. This Agreement shall survive the termination of my employment and the expiration of any benefit. No party is relying on any representations, oral or written, on the subject of the effect, enforceability, or meaning of this Agreement, except as specifically set forth in this Agreement. This Agreement does not supersede any restrictive covenant(s) or confidentiality obligations previously entered into by me and the Company.

**BY CLICKING THE "I ACCEPT" BUTTON OR SIGNING BELOW, I ACKNOWLEDGE THAT I HAVE CAREFULLY READ AND UNDERSTAND THIS AGREEMENT AND AGREE TO ITS TERMS. I AGREE THAT THROUGH THIS AGREEMENT, THE COMPANY AND I ARE GIVING UP OUR RIGHTS TO A JURY TRIAL AND THAT PURSUANT TO THE TERMS OF THIS AGREEMENT; WE ARE AGREEING TO ARBITRATE DISPUTES COVERED BY THIS AGREEMENT.**

_____

_____

Employee Signature

Employee Name Printed

_____

Date

*Bryan Venberg*

_____

Bryan Venberg, Senior Vice President, Human Resources

# EXHIBIT F

Item Events

| Item ID | Title | Scheduled Offering IDdesc | Completion Date | Status |
|---------|-------|---------------------------|-----------------|--------|
| FD-LDS-SA-SO | SOFD - Self-Awareness: Driver of Success (SO) | | 10/7/2013 4:40:49 PM | COMPLETE |

Details

Comments:

Item Events

| Item ID | Title | Scheduled Offering IDdesc | Completion Date | Status |
|---------|-------|---------------------------|-----------------|--------|
| SO-STAR-17JUN13 | STAR Topics - June 2013 | | 10/7/2013 4:46:02 PM | COMPLETE |

Details

Comments:

Item Events

| Item ID | Title | Scheduled Offering IDdesc | Completion Date | Status |
|---------|-------|---------------------------|-----------------|--------|
| FD-ODARB-2013 | Open Door and Arbitration at Family Dollar | | 10/7/2013 4:58:00 PM | COMPLETE |

Details

Comments:

Item Events

| Item ID | Title | Scheduled Offering IDdesc | Completion Date | Status |
|---------|-------|---------------------------|-----------------|--------|
| SO-STAR-21OCT13 | STAR Topics - October 2013 | | 11/14/2013 11:09:50 PM | COMPLETE |

Details

Comments:

Item Events

| Item ID | Title | Scheduled Offering IDdesc | Completion Date | Status |
|---------|-------|---------------------------|-----------------|--------|
| SOFD-LCE | SOFD-LCE | | 1/9/2014 7:32:27 PM | COMPLETE |

Details

Comments:

# EXHIBIT G

Item Events

| Item ID | Title | Scheduled Offering IDdesc | Completion Date | Status |
|---|---|---|---|---|
| SO-FB-MER-APP | SOFD - Merchandising - Apparel | | 7/29/2013 6:34:03 PM | COMPLETE |

Details

Comments:

Item Events

| Item ID | Title | Scheduled Offering IDdesc | Completion Date | Status |
|---|---|---|---|---|
| SO-FB-MER-CW | SOFD - Merchandising - Cash Wrap | | 7/29/2013 6:44:27 PM | COMPLETE |

Details

Comments:

Item Events

| Item ID | Title | Scheduled Offering IDdesc | Completion Date | Status |
|---|---|---|---|---|
| SO-FB-MER-COOL | SOFD - Merchandising - Coolers | | 7/29/2013 6:59:16 PM | COMPLETE |

Details

Comments:

Item Events

| Item ID | Title | Scheduled Offering IDdesc | Completion Date | Status |
|---|---|---|---|---|
| SO-FB-MER-DISP | SOFD - Merchandising - Displays | | 7/29/2013 7:03:01 PM | COMPLETE |

Details

Comments:

Item Events

| Item ID | Title | Scheduled Offering IDdesc | Completion Date | Status |
|---|---|---|---|---|
| FD-ODARB-2013 | Open Door and Arbitration at Family Dollar | | 10/18/2013 11:52:47 AM | COMPLETE |

Details

Comments:

# EXHIBIT H



# ANNOUNCING A NEW 2020 ARBITRATION AGREEMENT

The Company's Arbitration Program has been in place for more than five years. Associates at Dollar Tree and Family Dollar will soon be receiving a new Arbitration Agreement, along with Frequently Asked Questions, in the mail. The new Arbitration Agreement will replace your current Arbitration Agreement.

**If you are employed by the Company on December 10, 2020, you will be bound by the new Arbitration Agreement, without any further action on your part.\* You do not need to sign the new Arbitration Agreement.**

If you stop working for the Company before December 10, 2020, you will not be subject to the new Arbitration Agreement, but you will continue to be bound by your current Arbitration Agreement.

The new Arbitration Agreement applies to claims filed in court or arbitration demands served after October 23, 2020. Your current Arbitration Agreement will continue to apply to claims filed in court or arbitration demands served on or before that date.

Examples of some of the differences between the new Arbitration Agreement and the prior Arbitration Agreement are:
• Associates and the Company are no longer directed to use a specifically designated arbitration provider, such as JAMS. Instead, the parties will have the flexibility to mutually agree on the arbitration provider.
• Claims that qualify for small claims court must be resolved in small claims court – and not arbitration – unless both the Company and the Associate agree to use arbitration.

For a copy of the new Arbitration Agreement and additional information, please:
• Visit the Company's arbitration website, www.dtarbitration.com
• Send an email to dtarbitration@dollartree.com, or
• Consult your own legal counsel.

Thank you for your hard work on behalf of Dollar Tree and Family Dollar.

\*If you timely opted out of Dollar Tree's original Arbitration Agreement in 2015, you may not be bound by this or any other Arbitration Agreement.

EXHIBIT H, Page 38

# EXHIBIT I



# EXHIBIT J



| TASK_DETAIL_ID | TASK_ID | TASK_STATUS | STORE | DISTRICT | REGION | DIVISION | USER_ROLE | COMPLETED_BY | COMPLETED_DATE | CR |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 70377457 | 1011739 | Completed | 11527 | 679 | 35 | 30 | SM;ASM | fdstores\1155259 | 2020-10-27 | NU |

# EXHIBIT K



| TASK_DETAIL_ID | TASK_ID | TASK_STATUS | STORE | DISTRICT | REGION | DIVISION | USER_ROLE | COMPLETED_BY | COMPLETED_DATE | CR |
|---|---|---|---|---|---|---|---|---|---|---|
| 70379104 | 1011739 | Completed | 9182 | 634 | 35 | 30 | SM;ASM | fdstores\6616490 | 2020-10-27 | NU |