1  PAUL HASTINGS LLP
   ELENA R. BACA (SB# 160564)
2  elenabaca@paulhastings.com
   JENNIFER MILAZZO (SB# 318356)
3  jennifermilazzo@paulhastings.com
   515 South Flower Street, 25th Floor
4  Los Angeles, CA 90071
   Telephone: (213) 683-6000
5  Facsimile: (213) 627-0705

6  PAUL HASTINGS LLP
   RYAN D. DERRY (SB# 244337)
7  ryanderry@paulhastings.com
   101 California Street, 48th Floor
8  San Francisco, CA 94111
   Telephone: (415) 856-7000
9  Facsimile: (415) 856-7100

10 Attorneys for Defendant
   FAMILY DOLLAR, INC.
11

12

13              UNITED STATES DISTRICT COURT

14            CENTRAL DISTRICT OF CALIFORNIA

15

16 | JOSEPHINE PERFECTO, MARK          | Case No. 2:22-CV-01410-GW-JC
17 | BOULDIN, YVETTE SIMMONS,          |
   | ASHLEY LEE, DANIEL MENJIVAR,      | **DECLARATION OF VINCENT
   | CRYSTAL STALLINGS, individually,  | VOTTA IN SUPPORT OF
18 | and on behalf of others similarly | DEFENDANT FAMILY DOLLAR,
   | situated,                         | INC.'S MOTION TO COMPEL
19 |                                   | ARBITRATION AND STAY ALL
   |                    Plaintiffs,    | PROCEEDINGS**
20 |                                   |
   |         vs.                       | Date:       June 2, 2022
21 |                                   | Time:       9:00 a.m.
   | FAMILY DOLLAR, INC., a North      | Courtroom:  9D
22 | Carolina corporation; and DOES 1  | Judge:      George H. Wu
   | through 50, inclusive,            |
23 |                                   | Complaint Filed: December 29, 2021
   |                    Defendants.    |
24

25

26

27

28

## DECLARATION OF VINCENT VOTTA

I, Vincent Votta, hereby declare and state:

1.      I am over the age of eighteen and am competent to testify to the matters contained in this Declaration.   This Declaration is based upon my personal knowledge, or know of such facts by my review of the files maintained by Defendant Family Dollar, Inc. ("Family Dollar") in the ordinary course of its business at or near the time of the acts, conditions, or events recorded herein.  If called on as a witness, I would testify competently to the facts stated herein.

2.      Family Dollar is an indirect subsidiary of Dollar Tree, Inc., a nationwide corporation with multiple subsidiaries and retail store locations across the United States.  Family Dollar advertises nationally via the Family Dollar website, available at http://www.familydollar.com.  Family Dollar employees ("Associates") who work nationwide, including California, and are involved in the ordering and/or sale of goods and supplies transported from states other than California.

3.      I am currently employed as a Manager of Talent Acquisition Operations for Dollar Tree Management, LLC ("Dollar Tree"), which is also a subsidiary of Dollar Tree, Inc.  I have worked for Dollar Tree in this capacity since October 2015.  Prior to this position, I worked for Dollar Tree in other talent acquisition and recruiting capacities.

4.      In my capacity as Manager of Talent Acquisition Operations with Dollar Tree, and since Dollar Tree's acquisition of Family Dollar in 2015, I am familiar with the electronic systems used by Family Dollar's subsidiaries for various purposes, including:  to share the "Mutual Agreement to Arbitrate Claims" with its Associates, and to gather, share, and maintain certain personnel records pertaining to each Associate.

5.      Family Dollar requires new Associates to go through an "onboarding process."  Family Dollar used an electronic onboarding system called the "Taleo"

system and all Associates were required to create unique usernames and passwords to access this system. When Family Dollar hired Plaintiffs Daniel Menjivar, Crystal Stallings, Josephine Perfecto, and Yvette Simmons, Taleo accounts were only accessible by prospective Associates through the entry of a unique username and self-created confidential password. Family Dollar required prospective Associates to create an account on Taleo by personally creating a unique username and password to submit an application for employment. A prospective Associate's password was confidentially maintained and encrypted to prevent anyone from discerning it. Prospective Associates were required to utilize the same unique username and confidential password to access his or her account on Taleo during the onboarding process. Family Dollar could not and cannot retrieve a prospective Associate's personally selected and confidential password. If a prospective Associate forgot his or her selected password, Family Dollar would need to reset the Taleo account, which Family Dollar only did upon request from the prospective Associate. Access to a prospective Associate's Taleo account was only granted upon entry of the correct username and password selected by that prospective Associate.

6.     Family Dollar maintains records of Associates' receipt, review, and acknowledgment of all materials presented through the Taleo system. These records are maintained in the regular course of business.

7.     For Mr. Menjivar, Ms. Stallings, Ms. Perfecto, and Ms. Simmons, the process and screens to agree to arbitration were the same.

8.     Upon accessing the Taleo system with their own unique username and password, Associates were prompted to click a link entitled, "Open Door & Arbitration." After clicking the link, Associates were taken to a screen that read, in part, as follows: "The next step in the process involves your review of the Open Door Guidelines and your electronically signing the Mutual Agreement to Arbitrate Claims. Would you prefer to view these documents in English or Spanish?" A record

of an Associate's selection of the language selection is created and maintained in Family Dollar's ordinary course of business.

     a.  A true and correct copy of Daniel Menjivar's selection of "English" is attached as **Exhibit A**.

     b.  A true and correct copy of Crystal Stallings' selection of "English" is attached as **Exhibit B**.

     c.  A true and correct copy of Josephine Perfecto's selection of "English" is attached as **Exhibit C.**

     d.  A true and correct copy of Yvette Simmons' selection of "English" is attached as **Exhibit D**.

9.    After selecting their preferred language, Associates were next taken to an electronic letter from Family Dollar regarding the "Open Door Communication Guidelines" policy and "Mutual Agreement to Arbitrate Claims." This letter provides all Associates with a summary of Family Dollar's "Open Door Guidelines" and explicitly informs them that the Associate and Family Dollar are subject to a binding arbitration agreement requiring both the Associate and Family Dollar to submit all covered employment-related disputes to arbitration. The letter also provides Associates with multiple company contacts in the event they have any questions or concerns about the Open Door Guidelines and/or the Arbitration Agreement.

     a.  The spreadsheet of the exported data attached as **Exhibit A** reflects Mr. Menjivar was provided with a copy of this letter through the Taleo onboarding process.

     b.  A true and correct copy of this letter as it was provided to Ms. Stallings is included as pages 2-4 of the attached **Exhibit E.**

     c.  A true and correct copy of this letter as it was provided to Ms. Perfecto is included as pages 2-4 of the attached **Exhibit F.**

d. A true and correct copy of this letter as it was provided to Ms. Simmons is included as pages 2-4 of the attached **Exhibit G.**

10. After reviewing the electronic letter, Associates then click a "Continue" button and proceed on to the "Open Door Guidelines," as shown in the example at **Exhibit E**, page 3. If an Associate does not click "Continue," they cannot continue with the process and, therefore, start work at Family Dollar.

11. After reviewing the Open Door Guidelines, Associates once again click a "Continue" button, at which point they are provided with a complete electronic version of the "Mutual Agreement to Arbitrate Claims" (the "Arbitration Agreement"). Here again, if an Associate does not click "Continue" they cannot continue through the process.

12. While still logged into the Taleo system under their own unique usernames and passwords, Associates must review the Arbitration Agreement.

13. Associates electronically sign the Arbitration Agreement by entering the last four digits of their social security number in the box provided for their electronic signature and by then clicking a "continue" button.

14. At the time that Family Dollar onboarded Ms. Stallings, Ms. Perfecto, and Ms. Simmons, the Taleo system allowed Family Dollar to retrieve the data recording the different steps in the onboarding process in forms that include the screens that the Associate would have seen when they were going through that process. Although Mr. Menjivar followed the same onboarding process as Ms. Stallings, Ms. Perfecto, and Ms. Simmons, the system only stored the data recording the different steps in a format that is exported to a spreadsheet. In reviewing personnel records relating to Mr. Menjivar's employment with Family Dollar that were created and maintained in the ordinary course of Family Dollar's business at or near the time of the acts, conditions, or events recorded therein, I have confirmed that Family Dollar on-boarded Mr. Menjivar on January 10, 2018.

DECLARATION OF VINCENT VOTTA ISO
MOTION TO COMPEL ARBITRATION &
STAY ALL PROCEEDINGS

15.     Attached hereto as **Exhibit A** is a true and correct copy of the spreadsheet of the exported data reflecting Mr. Menjivar's selections through the Taleo onboarding process in January 2018, created and maintained in Family Dollar's ordinary course of business at or near the time of the acts, conditions, or events recorded.   This spreadsheet shows Mr. Menjivar's accepting the Arbitration Agreement and continuing forward through Taleo onboarding.  I have confirmed that the Taleo system reflects that Mr. Menjivar went through his onboarding process on January 10, 2018, and completed all of the steps described above, including electronically signing the 2016 Arbitration Agreement.

16.     After Mr. Menjivar's hire, in July 2018, Taleo was upgraded and allowed Family Dollar to begin to receive and store copies of this data in a form that shows the screens the Associate viewed during the onboarding process.  For privacy reasons, the Taleo system displays the last four digits of the Associate's social security number as asterisks in that stored arbitration agreement.

  a. A true and accurate copy of the Agreement signed by Ms. Stallings, showing these asterisks, is attached hereto as pages 5-9 of **Exhibit E**.

  b. A true and accurate copy of the Agreement signed by Ms. Perfecto, showing these asterisks, is attached hereto as pages 5-9 of **Exhibit F**.

  c. A true and accurate copy of the Agreement signed by Ms. Simmons, showing these asterisks, is attached hereto as pages 5-9 of **Exhibit G**.

17.     The Arbitration Agreement Family Dollar was using as of January 2018 when Mr. Menjivar agreed to arbitration was the same "2016 Arbitration Agreement" to which Ms. Stallings and Ms. Perfecto agreed, a copy of which is attached as **Exhibit H**.

18.     During the times of on-boarding for Mr. Menjivar, Ms. Stallings, Ms. Perfecto, and Ms. Simmons, the Taleo system captured the date each Associate's electronic signature and acknowledgement was completed by each individual

Associate (along with the date other documents are signed and acknowledged during the Onboarding Process).

19.    As discussed above, Mr. Menjivar agreed to the 2016 Arbitration Agreement on January 10, 2018.

20.    In reviewing personnel records relating to Ms. Stallings' employment with Family Dollar that were created and maintained in the ordinary course of Family Dollar's business at or near the time of the acts, conditions, or events recorded therein, I have confirmed that Ms. Stallings was on-boarded on December 8, 2018. A true and accurate copy of Ms. Stallings' accepted offer of employment is attached hereto as **Exhibit I**. True and accurate copies as PDFs of other electronic records from Taleo have been maintained by Family Dollar in the ordinary course of its regularly conducted business activities. I have also confirmed that the Taleo system reflects that Ms. Stallings went through her onboarding process on December 8, 2018, and completed all of the steps described above, including electronically signing the 2016 Arbitration Agreement, as reflected in **Exhibit E**.

21.    In reviewing personnel records relating to Ms. Perfecto's employment with Family Dollar that were created and maintained in the ordinary course of Family Dollar's business at or near the time of the acts, conditions, or events recorded therein, I have confirmed that Ms. Perfecto was on-boarded on February 23, 2019. A true and accurate copy of Ms. Perfecto's accepted offer of employment is attached hereto as **Exhibit J**. True and accurate copies as PDFs of other electronic records from Taleo for Ms. Perfecto have been maintained by Family Dollar in the ordinary course of its regularly conducted business activities. I have also confirmed that the Taleo system reflects that Ms. Perfecto went through her onboarding process on February 23, 2019, and completed all of the steps described above, including electronically signing the 2016 Arbitration Agreement, as reflected in **Exhibit F**.

22.     In reviewing personnel records relating to Ms. Simmons' employment with Family Dollar that were created and maintained in the ordinary course of Family Dollar's business at or near the time of the acts, conditions, or events recorded therein, I have confirmed that Ms. Simmons was on-boarded on March 6, 2020.  A true and accurate copy of Ms. Simmons' accepted offer of employment is attached hereto as **Exhibit K**.  True and accurate copies as PDFs of other electronic records from Taleo for Ms. Simmons have been maintained by Family Dollar in the ordinary course of its regularly conducted business activities.  At the time of Ms. Simmons' hire, Family Dollar had updated the Arbitration Agreement and Ms. Simmons was presented with a "2019 Arbitration Agreement."  I have confirmed that the Taleo system reflects that Ms. Simmons went through her onboarding process on March 6, 2020 and completed all of the steps described above, including electronically signing the 2019 Arbitration Agreement, as reflected in **Exhibit G**.

23.     Family Dollar's records also show that on January 27, 2020, Ms. Simmons completed an online application for a Customer Service Representative position at store 10254.  As part of the application process, Ms. Simmons was required to visit the www.dtarbitration.com website and review a copy of the 2019 Arbitration Agreement and FAQs about it.  In order to continue with and complete her application, she was then required to click "I Agree" after a statement that said "I acknowledge that I have received and read the Mutual Agreement to Arbitrate Claims, and I agree to its terms."  A true and accurate copy of a screenshot showing this portion of the application process is attached as **Exhibit L**.  In addition, a true and accurate copy of Ms. Simmons' application is attached as **Exhibit M**.  Ms. Simmons clicked "I Agree" at 2:14:16 p.m. on January 27, 2020 as shown in **Exhibit M**, pages 3 & 11.

24.     In order to electronically sign the 2016 Arbitration Agreement, Mr. Menjivar, Ms. Stallings, and Ms. Perfecto had to go through the steps described

1  above.   To access the Taleo system, they each had to create their own unique

2  username and password and click through the various screens that describe the Open

3  Door Guidelines and the 2016 Arbitration Agreement.

4      25.    Similarly, in order to electronically sign the 2019 Arbitration

5  Agreement, Ms. Simmons had to go through the same steps described above.   To

6  access the Taleo system, she had to create her own unique username and password

7  and click through the various screens that describe the Open Door Guidelines and the

8  2019 Arbitration Agreement.

9      26.    After clicking the "Continue" button at the end of the Arbitration

10  Agreement, Associates were also asked to verify their personal email addresses for

11  receipt of a copy of the Arbitration Agreement via e-mail.   Copies of the arbitration

12  agreement to which each associate agreed were sent to their specified email

13  addresses.

14      27.    At the conclusion of the 2016 Arbitration Agreement and 2019

15  Arbitration Agreements, as Reflected in **Exhibit E** at page 9 and **Exhibit G** at page

16  8, Associates were advised in all boldfaced caps, in the space directly above the box

17  for their electronic signature, as follows:

18  **BY SIGNING BELOW, I ACKNOWLEDGE THAT I

19  HAVE CAREFULLY READ AND UNDERSTAND

    THIS AGREEMENT AND AGREE TO ITS TERMS.

20  I AGREE THAT THROUGH THIS AGREEMENT,

    THE COMPANY AND I ARE GIVING UP OUR

21  RIGHTS TO A JURY TRIAL AND THAT

    PURSUANT TO THE TERMS OF THIS

22  AGREEMENT; WE ARE AGREEING TO

    ARBITRATE DISPUTES COVERED BY THIS

23  AGREEMENT.**

24  I declare under penalty of perjury under the laws of the United States, that the

25  foregoing is true and correct.

26  Executed this 4th day of May 2022 at Chesapeake, Virginia.

27

28                                              _____
                                                Vincent Votta

DECLARATION OF VINCENT VOTTA ISO
                                                                            MOTION TO COMPEL ARBITRATION &
                                                                            STAY ALL PROCEEDINGS

# EXHIBIT A

| CANDIDATEID | DOB | PROCESS_NUMBER | FULL_NAME | JOB_NUMBER | JOB_TITLE | LAST4_OF_SSN | OB_PROCESS_NAME | OB_PROCESS_CODE | OB_PROCESS_START_DATE | PROCESS_STATUS | OB_PROCESS_PROGRESS_PCT | LOC_LVL_02 | LOC_LVL_03 | LOC_LVL_04 | ESIGNATURE_DEF_NAME | ESIGNATURE_NAME | ESIGNATURE_IP_ADDRESS | ESIGNATURE_DATE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | | 323013 CA Customer Service Representative | | 8063 California Store Onboarding Process | Onboarding Transitions | 10-JAN-18 03.44.07.000000000 PM | INACTIVE | | 100 California | Whittier | 09121/W CA WHITTIER | CA Pregnancy Disability Leave | Menjivar, Daniel | 208.72.180.21 | 10-Jan-18 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | | 323013 CA Customer Service Representative | | 8063 California Store Onboarding Process | Onboarding Transitions | 10-JAN-18 03.44.07.000000000 PM | INACTIVE | | 100 California | Whittier | 09121/W CA WHITTIER | DCB Notice to Employees | Menjivar, Daniel | 208.72.180.21 | 10-Jan-18 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | | 323013 CA Customer Service Representative | | 8063 California Store Onboarding Process | Onboarding Transitions | 10-JAN-18 03.44.07.000000000 PM | INACTIVE | | 100 California | Whittier | 09121/W CA WHITTIER | MPN & Workers Comp | Menjivar, Daniel | 208.72.180.21 | 10-Jan-18 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | | 323013 CA Customer Service Representative | | 8063 California Store Onboarding Process | Onboarding Transitions | 10-JAN-18 03.44.07.000000000 PM | INACTIVE | | 100 California | Whittier | 09121/W CA WHITTIER | New Hire - Handbook Acknowledgment | Menjivar, Daniel | 208.72.180.21 | 10-Jan-18 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | | 323013 CA Customer Service Representative | | 8063 California Store Onboarding Process | Onboarding Transitions | 10-JAN-18 03.44.07.000000000 PM | INACTIVE | | 100 California | Whittier | 09121/W CA WHITTIER | New Hire Signature - Arbitration - English | Menjivar, Daniel | 208.72.180.21 | 10-Jan-18 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | | 323013 CA Customer Service Representative | | 8063 California Store Onboarding Process | Onboarding Transitions | 10-JAN-18 03.44.07.000000000 PM | INACTIVE | | 100 California | Whittier | 09121/W CA WHITTIER | New Hire Signature - Direct Deposit | Menjivar, Daniel | 208.72.180.21 | 10-Jan-18 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | | 323013 CA Customer Service Representative | | 8063 California Store Onboarding Process | Onboarding Transitions | 10-JAN-18 03.44.07.000000000 PM | INACTIVE | | 100 California | Whittier | 09121/W CA WHITTIER | New Hire Signature - Off the Clock Policy | Menjivar, Daniel | 208.72.180.21 | 10-Jan-18 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | | 323013 CA Customer Service Representative | | 8063 California Store Onboarding Process | Onboarding Transitions | 10-JAN-18 03.44.07.000000000 PM | INACTIVE | | 100 California | Whittier | 09121/W CA WHITTIER | New Hire Signature - Offer Details | Menjivar, Daniel | 208.72.180.21 | 10-Jan-18 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | | 323013 CA Customer Service Representative | | 8063 California Store Onboarding Process | Onboarding Transitions | 10-JAN-18 03.44.07.000000000 PM | INACTIVE | | 100 California | Whittier | 09121/W CA WHITTIER | New Hire Signature - Policy on Harassment in the Workplace | Menjivar, Daniel | 208.72.180.21 | 10-Jan-18 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | | 323013 CA Customer Service Representative | | 8063 California Store Onboarding Process | Onboarding Transitions | 10-JAN-18 03.44.07.000000000 PM | INACTIVE | | 100 California | Whittier | 09121/W CA WHITTIER | New Hire Signature - Privacy Policy | Menjivar, Daniel | 208.72.180.21 | 10-Jan-18 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | | 323013 CA Customer Service Representative | | 8063 California Store Onboarding Process | Onboarding Transitions | 10-JAN-18 03.44.07.000000000 PM | INACTIVE | | 100 California | Whittier | 09121/W CA WHITTIER | New Hire Signature - Wage Notice | Menjivar, Daniel | 208.72.180.21 | 10-Jan-18 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | | 323013 CA Customer Service Representative | | 8063 California Store Onboarding Process | Onboarding Transitions | 10-JAN-18 03.44.07.000000000 PM | INACTIVE | | 100 California | Whittier | 09121/W CA WHITTIER | Paid Family Leave Handout | Menjivar, Daniel | 208.72.180.21 | 10-Jan-18 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | | 323013 CA Customer Service Representative | | 8063 California Store Onboarding Process | Onboarding Transitions | 10-JAN-18 03.44.07.000000000 PM | INACTIVE | | 100 California | Whittier | 09121/W CA WHITTIER | Sexual Harassment Policy | Menjivar, Daniel | 208.72.180.21 | 10-Jan-18 |

| CANDIDATEID | DOB | PROCESS_NUMBER | FULL_NAME | JOB_NUMBER | JOB_TITLE | LAST4_OF_SSN | OB_PROCESS_NAME | OB_PROCESS_CODE | OB_PROCESS_START_DATE | PROCESS_STATUS | OB_PROCESS_PROGRESS_PCT | LOC_LVL_02 | LOC_LVL_03 | LOC_LVL_04 | PROCESS_STEP_CURRENT_STATUS | OB_PROCESS_STEP_NAME | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | Arbitration Email - English | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | Bypass | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | C-CICPlus | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | C1 | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | C2 Router | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | C3 Router | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | C3.5 Router | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | C5 Router | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | C5.5 Router | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | C7 Router | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | C9 Router | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Terminated | CA Anti-Harassment Policy | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Terminated | CA Paid Family Leave | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Terminated | CA Pregnancy Disability Leave | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Terminated | CA Sexual Harassment | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | CICPlus System Task | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | CSR - Create Offer | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | CSR - Offer Details | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | CSR-PDF | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | California Documents | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | Confirm New Hire | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | Confirm Personal Information | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Terminated | Family Dollar Work Number | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | Link to Section 2: I9 | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | New Hire Export | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Terminated | Notice to Employees DE 35 | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Terminated | Off The Clock Policy | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | Onboarding Complete | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | Open Door and Arbitration - English | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | Open Door and Arbitration Language Selection | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | Passthrough Router | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | Pay Card Information | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | R-CICPlus | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | R-eVerify | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | R1 | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | R1.2 | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | R3 | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | R3.5 | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | R4 | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | R4.5 | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | R5 | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | R5.5 | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | R7 | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | R9 | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | Review & Acknowledge Policies | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | VP.1 | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | VP.3 | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | VP.4 | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | Verified Persons System Task | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | Wage-HRY-Weekly | 51 |
| 21519264 | 9-Jan-97 | 4.49988E+14 | Menjivar, Daniel | CSR09121001 | CA Customer Service Represer | 8063 | California Store Onboarding Process | FDS_STORE_CA_ONBTRANS1110-JAN-18 | 03.44.07.000000000 PM | INACTIVE | 100 | California | Whittier | 09121/W CA WHITTIE | Completed | WagePDF-HRY-Weekly | 51 |

# EXHIBIT B

| Candidate Name: Crystal Stallings | Form: Open Door / Arbitration Language Selection (FDS_OPENDOOR_ARBITRATION_LANGUAGE) | Process: California Store Onboarding Process (FDS_STORE_CA_ONBTRANS_06APR18) |
|---|---|---|
| Candidate ID: 22974620 | Form submitted by: Crystal Stallings | Process Number: 226014 |
| Requisition Title: Assistant Store Manager Moreno Valley California | Date submitted (MM-DD-YYYY): 12-08-2018 15:09 -0500 | Step: Open Door and Arbitration Language Selection (HnOZizmdbTAIHxr) |
| Requisition Number: ASS02244 | Language: en | Task: Open Door and Arbitration Language Selection (FDS_OPEN_DOOR_ARBITRATION_LANGUAGE) |

*Mandatory fields are marked with a red indicator.*
*Open Door / Arbitration Language Selection*

**The next step in the process involves your review of the Open Door Guidelines and your electronically signing the Mutual Agreement to Arbitrate Claims.**

**Would you prefer to view these documents in English or Spanish?**

Please choose either English or Spanish
*English*

# EXHIBIT C

| | | |
|---|---|---|
| Candidate Name: Josephine Luevanos Perfecto | Form: Open Door / Arbitration Language Selection (FDS_OPENDOOR_ARBITRATION_LANGUAGE) | Process: California Store Onboarding Process (FDS_STORE_CA_ONBTRANS_06APR18) |
| Candidate ID: 23234649 | Form submitted by: Josephine Luevanos Perfecto | Process Number: 245445 |
| Requisition Title: Customer Service Representative Los Angeles California | Date submitted (MM-DD-YYYY): 02-23-2019 17:36 -0500 | Step: Open Door and Arbitration Language Selection (HnOZizmdbTAIHxr) |
| Requisition Number: CUS04872 | Language: en | Task: Open Door and Arbitration Language Selection (FDS_OPEN_DOOR_ARBITRATION_LANGUAGE) |

*Mandatory fields are marked with a red indicator.*

*Open Door / Arbitration Language Selection*

**The next step in the process involves your review of the Open Door Guidelines and your electronically signing the Mutual Agreement to Arbitrate Claims.**

**Would you prefer to view these documents in English or Spanish?**

Please choose either English or Spanish

*English*

# EXHIBIT D

| | | |
|---|---|---|
| Candidate Name: Yvette Denise Simmons | Form: Open Door / Arbitration Language Selection (FDS_OPENDOOR_ARBITRATION_LANGUAGE) | Process: California Store Onboarding Process (FDS_STORE_CA_ONBTRANS_082019) |
| Candidate ID: 24613193 | Form submitted by: Yvette Denise Simmons | Process Number: 356977 |
| Requisition Title: Customer Service Representative Lake Elsinore California | Date submitted (MM-DD-YYYY): 03-06-2020 18:19 -0500 | Step: Open Door and Arbitration Language Selection (oCacUPaBroKUhtv) |
| Requisition Number: CUS18840 | Language: en | Task: Open Door and Arbitration Language Selection (FDS_OPEN_DOOR_ARBITRATION_LANGUAGE) |

*Mandatory fields are marked with a red indicator.*
*Open Door / Arbitration Language Selection*

**The next step in the process involves your review of the Open Door Guidelines and your electronically signing the Mutual Agreement to Arbitrate Claims.**

**Would you prefer to view these documents in English or Spanish?**

Please choose either English or Spanish
*English*

# EXHIBIT E

| | | |
|---|---|---|
| Candidate Name: *Crystal Stallings* | Form: Family Dollar Open Door / Arbitration Forms - English (FDS_OPENDOOR_ARBITRATION_ENG (8_2017)) | Process: California Store Onboarding Process (FDS_STORE_CA_ONBTRANS_06APR18) |
| Candidate ID: 22974620 | Form submitted by:  Crystal Stallings | Process Number: 226014 |
| Requisition Title: Assistant Store Manager Moreno Valley California | Date submitted (MM-DD-YYYY): *12-08-2018 15:16 -0500* | Step: Open Door and Arbitration - English (IjCZgrrIolHTUwn) |
| Requisition Number: ASS02244 | Language: en | Task: Open Door and Arbitration - English (FDS_OPEN_DOOR_ARBITRATION_ENG) |

*Mandatory fields are marked with a red indicator.*
*Open Door / Arbitration Memo*

FDS_OPEN_DOOR_ARBITRATION_MEMO_HEADER

*Re: Open Door Communication Guidelines/Mutual Agreement to Arbitrate Claims*

*Dear Associate:*

Welcome to the Family Dollar Team!  We want you to have an enjoyable and rewarding work experience with the Company.  At Family Dollar, we strive to make Family Dollar "a compelling place to work."  As a result, Family Dollar implemented its *Open Door Communication Guidelines* ("Open Door Guidelines") and its *Mutual Agreement to Arbitrate Claims* ("Arbitration Agreement").  These apply to how you and Family Dollar resolve employment-related disputes.

*The Open Door Guidelines provide Associates with a process for resolving workplace concerns by working with their chain of leadership and our Human Resources department.  We are convinced that a full internal review of differences is the quickest and most productive way to resolve these disputes. It also maintains good working relationships and avoids unnecessary confrontations.*

*Although the Company urges Associates to participate in the Open Door Process, which we hope will resolve employment-related disputes amicably and fairly, the Company also has an Arbitration Agreement.  The Open Door Guidelines is separate from the Arbitration Agreement.*

*The Arbitration Agreement is a stand-alone and binding agreement that will apply company-wide.  We truly hope that you and Family Dollar will not have legal disputes in connection with your employment, and if such disputes do arise, we hope that they can be resolved informally through the Open Door Policy. However, if an employment-related dispute cannot be resolved, or should you or Family Dollar decide at any time to pursue covered employment-related legal disputes against the other, such disputes must be resolved individually in arbitration—not by way of a judge or jury.    The Arbitration Agreement requires both you and Family Dollar to arbitrate covered disputes, as defined in the Arbitration Agreement, before a private and neutral third-party chosen by the Associate and Family Dollar.*

*If you have any questions about the Open Door Guidelines or Arbitration Agreement, please contact the HR Service Center by visiting the My Family Dollar Life page from work or signing into MyFamilyDollarLife.com.  In the Ask HR box, click Ask HR and View My Questions to submit your question. You may also call 1-866-377-6420. HR Service Center representatives are available Monday-Friday 8 a.m. to 10 p.m. Eastern time.*

*Si desea una copia en español de esta carta y del Acuerdo de Arbitraje adjunto, por favor, contacte al Centro de Servicio de Recursos Humanos, visitando la página de internet My Family Dollar Life desde su lugar de trabajo o desde su casa a través de MyFamilyDollar.com. En el cuadro Ask HR, haga clic en Ask HR y View My Questions. Además, puede llamar al Centro de Servicio de Recursos Humanos al 1-866-377-6420. Los representantes del Centro de Servicio de Recursos Humanos están disponibles de lunes a viernes de 8 a.m. a 10 p.m. hora del este.*

*Sincerely,*

*Gary Philbin*
*President*

*Click Continue to proceed to the next page*

*Open Door Guidelines*

```
FDS_OPEN_DOOR_GUIDELINES_HEADER
```

**Open Door Guidelines**

Family Dollar's Open Door Guidelines provide Associates with a process for expressing their work-related concerns with their leadership team. Family Dollar's leadership team maintains an environment of openness and mutual support. An Associate may contact a member of leadership to discuss concerns either verbally or in writing, in the following order:

1  **Supervisor/Manager:** Associates are encouraged to first contact their immediate Supervisor/Manager to resolve work-related concerns.

2  **Next-Level Manager:** If the Associate and their Supervisor/Manager cannot resolve the concern, or the Associate is uncomfortable approaching their Supervisor/Manager, the Associate may pursue the matter with the next level(s) of leadership.

3  **Human Resources Representative:** If the Associate and their chain of leadership cannot resolve the concern, or the Associate is uncomfortable approaching their chain of leadership, the Associate may pursue the matter with their work location's HR representative.

4  **Written Appeal:** If a Associate is not satisfied with the outcome through the above process, the Associate has 21 days to submit a written appeal to Team Relations at Family Dollar, Inc., ATTN: Team Relations, PO Box 1017, Charlotte, North Carolina 28201-1017, which will be reviewed by the HR Divisional Vice President or HR Vice President of the appropriate line of business. If the matter is not appealed in writing, the decision is final.

*Click Continue to proceed to the next page*

_Arbitration Agreement_

<u>MUTUAL AGREEMENT TO ARBITRATE CLAIMS</u>

This is a Mutual Agreement to Arbitrate Claims ("Agreement") between the Company[1] and its associate ("Associate"). The Company and Associate are each a Party to the Agreement, and together they are the Parties to the Agreement and mutually bound by the Agreement.

The Parties recognize that disputes may arise between them during, or after the end of, Associate's employment with the Company.  The Parties understand and agree that by entering into this Agreement they mutually agree to waive their right to a trial in court by a judge or jury, the Associate waives the right to participate in class or collective actions, and, in exchange, the Parties anticipate gaining the benefits of arbitration as a final and binding dispute-resolution procedure.

The Parties agree that the Federal Arbitration Act, 9 U.S.C. section 1, et seq. ("FAA"), shall govern the interpretation and enforcement of the Agreement and shall govern all proceedings relating to this Agreement.  If the FAA does not apply (it being the Parties' intent that it will apply), then, only in that event, will the law of arbitration of the state in which Associate works or last worked for the Company apply. Nothing contained in this Agreement shall be construed to prevent Associate (individually or in concert with others) or the Company from utilizing the Company's existing internal procedures for resolution of complaints, and this Agreement is not intended to be a substitute for the use of such procedures.

<u>Claims Covered by the Agreement (which must be Arbitrated):</u>  The Parties agree to the resolution by arbitration of all claims or controversies ("claims"), past, present or future, that can be raised under applicable federal, state, or local law, arising out of or related to Associate's employment (or its termination), that the Company may have against Associate or that the Associate may have against any of the following (1) the Company, (2) its officers, directors, employees, or agents in any capacity, (3) the Company's benefit plans or the plans' sponsors, fiduciaries, administrators, affiliates, and agents, and/or (4) all successors and assigns of any of them.

Claims subject to arbitration include, but are not limited to, claims for: overtime, misclassification as to exempt status, breaks, meal periods, expense reimbursement, pay for bank runs, off the clock work, wages, or other compensation; work conditions, including seating; breach of contract or covenant (express or implied); torts (including without limitation defamation either during or after employment with the Company); wrongful termination; retaliation or discrimination (including, but not limited to, race, sex, sexual orientation, religion, national origin, age, marital status, physical or mental disability or handicap, or medical condition); benefits (except for claims for employee benefits under any benefit plan sponsored by the Company and (a) covered by the Employee Retirement Income Security Act of 1974 or (b) funded by insurance); intellectual property, confidential information, or trade secrets; or violation of any federal, state, local, or other governmental law, statute, rule, regulation, or ordinance (except as provided below).

<u>Claims Not Covered by the Agreement (and not subject to Arbitration):</u>  Regardless of any other terms of this Agreement, this Agreement permits the filing of the following:  (1) a court action for temporary equitable relief in aid of arbitration, where available by law; (2) claims for worker's compensation or unemployment compensation benefits. This Agreement also does not cover disputes that, as a matter of law, may not be subject to predispute arbitration agreements, such as claims under the Dodd-Frank Wall Street Reform and Consumer Protection Act (Public Law 111-203).  If Associate works in Texas or any other state where the Company does not participate in the workers' compensation system, all legal and equitable claims relating to on-the-job injuries are covered by this Agreement and must be arbitrated.

Regardless of any other terms of this Agreement, a claim may be brought before and remedies awarded by an administrative agency if applicable law permits the agency to adjudicate the claim notwithstanding the existence of an agreement to arbitrate. Such administrative claims include, without limitation, claims or charges brought before the

Equal Employment Opportunity Commission, the U.S. Department of Labor, or the National Labor Relations Board. Nothing in this Agreement shall be deemed to preclude or excuse a party from bringing an administrative claim before any agency in order to fulfill the party's obligation to exhaust administrative remedies before making a claim in arbitration.

Waiver of Class and Collective Actions:  Associate and the Company agree to bring any dispute in arbitration on an individual basis only, and not on a class or collective basis.  Accordingly, to the maximum extent allowable by law, there will be no right or authority for any dispute to be brought, heard, or arbitrated as a class or collective action ("Class Action Waiver").

Associate will not be retaliated against, disciplined, or threatened with discipline as a result of exercising rights under Section 7 of the National Labor Relations Act by the filing of or participation in a class or collective action in any forum.  However, the Company may lawfully seek enforcement of this Agreement and the Class Action Waiver under the FAA and seek dismissal of any such action.

Time Limits for Initiating Arbitration and Required Notice of All Claims:  The Parties agree that the Party initiating a claim must give written notice to the other Party no later than the expiration of the applicable statute of limitations (that is, the deadline for filing) that the law prescribes for the claim.  Otherwise, the claim shall be deemed waived as determined by the arbitrator but only to the same extent as would be the case in a court of law.  The initiating Party is encouraged to give written notice of any claim as soon as possible after the event in dispute so that arbitration may take place promptly.

The written notice initiating arbitration (a "Demand for Arbitration") shall be sent to the Company, its officers, directors, employees, or agents, at the following address: Dollar Tree Arbitration Program c/o the Chief Legal Officer, 500 Volvo Parkway, Chesapeake, VA 23320.  The Demand for Arbitration shall be sent to Associate at the last address recorded in Associate's Company profile.

The Demand for Arbitration shall identify and describe the nature of all claims asserted, the facts upon which such claims are based, and the relief or remedy sought.  It shall be sent to the other Party by certified or registered mail, return receipt requested.  A Demand for Arbitration form can be found at www.dtarbitration.com.

Arbitration Procedures: Unless the Parties mutually agree to select a non-JAMS affiliated arbitrator, the arbitration will be administered by JAMS (or any successor of JAMS) ("administrator").  The arbitration shall be held in accordance with the then-current JAMS Employment Arbitration Rules & Procedures (and no other rules), which are currently available at http://www.jamsadr.com/rules-employment-arbitration.  A link to this site can also be found at www.dtarbitration.com.  The Company will supply Associate with a printed copy of those rules upon written request, which must be made by sending an email to dtarbitration@dollartree.com.  In the event of any conflict between the terms of this Agreement and the JAMS Employment Arbitration Rules & Procedures ("JAMS rules"), this Agreement shall control.

The Arbitration shall be conducted before a single arbitrator, who shall be either a retired federal or state judicial officer who presided in the jurisdiction where the arbitration will be conducted, or an attorney who is experienced in employment law or the relevant subject matter of the dispute and is licensed to practice law in the state in which the arbitration is convened (the "Arbitrator").  The Parties may mutually agree upon any qualified Arbitrator whether or not he/she is on the JAMS panel, but all Arbitrators shall conduct the proceedings under this Agreement and the JAMS rules.  If the Parties are unable to agree upon an Arbitrator, the selection process of the JAMS rules will apply.

After receipt of a Demand for Arbitration, the Parties will discuss whether to participate in a pre-arbitration mediation,

using a mutually-selected mediator, whose fees will be paid by the Company.  If the Parties agree to mediate, such mediation will be held promptly.  The Parties agree that mediation is encouraged as an initial step in this dispute-resolution process, but participation in mediation is entirely voluntary.

The Arbitrator shall apply the substantive law (and the law of remedies, if applicable) of the state in which the claim arose, or federal law, or both, as applicable to the claim(s) asserted.  The Arbitrator is without jurisdiction to apply any different substantive law or law of remedies.  The Federal Rules of Evidence shall apply, and a link to these rules can be found at www.dtarbitration.com.  The Arbitration shall be final and binding upon the Parties.  The Arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold pre-hearing conferences by telephone or in person, as the Arbitrator deems advisable.  The Arbitrator shall have the authority to entertain dispositive motions, including but not limited to a motion to dismiss and/or a motion for summary judgment by any Party and shall apply the standards governing such motions under the Federal Rules of Civil Procedure, and a link to these rules can be found at www.dtarbitration.com.  Either Party upon its request shall be given leave to file a post-hearing brief.  The time for filing such a brief shall be set by the Arbitrator.

The Arbitrator shall render an award and written opinion in the form typically rendered in labor and employment arbitrations, normally no later than thirty (30) days from the date the arbitration hearing concludes or the post-hearing briefs (if requested) are received, whichever is later.  The opinion shall include the essential factual and legal basis for the award.

Representation: Any Party may be represented by an attorney or other representative in arbitration.

Notice of Claims, Discovery, Pre-Hearing, Hearing, and Award Rules: Unless modified by this Agreement, the pre-hearing procedures, including notice of claims by either party, exchange of information, discovery, pre-hearing submissions, the designation of and the securing of witnesses and documents, the conduct of the hearing and the issuance of the arbitration award shall be in accordance with JAMS rules, with the Arbitrator taking into account the Parties' mutual desire to have a speedy, less-formal, cost-effective dispute-resolution mechanism.  Claims made by different associates shall not be consolidated under any circumstance, and any JAMS rule to the contrary shall not apply in proceedings under this Agreement.

Subpoenas: Each Party shall have the right to subpoena witnesses and documents to the extent allowable by law, subject to any limitations the Arbitrator shall impose for good cause shown.

Place of Arbitration: The arbitration shall take place in the county (or comparable governmental unit) in which Associate is or was last employed by the Company, unless both Parties otherwise agree in writing.

Arbitration Fees and Costs: The Company will be responsible for paying any filing fee and the fees and costs of the Arbitrator and arbitration forum; provided, however, that if Associate is the Party initiating the claim, Associate will contribute the lesser of the filing fee required by JAMS or the filing fee to initiate a claim in the court of general jurisdiction in the state in which Associate is (or was last) employed by the Company, with the Company making up the difference.  Each Party shall pay in the first instance its own litigation costs and attorney's fees, if any.  However, if any Party prevails on a statutory claim which affords the prevailing Party attorneys' fees and litigation costs, or if there is a written agreement providing for attorneys' fees and/or litigation costs, the Arbitrator shall rule upon a motion for attorneys' fees and/or litigation costs under the same standards a court would apply under the law applicable to the claim(s) at issue.  Either Party may bring an action in any court of competent jurisdiction to compel arbitration under this Agreement, as well as to enforce, confirm, modify, correct, or vacate an arbitration award as provided in the FAA.

Interstate Commerce: Associate agrees that the Company is engaged in transactions involving interstate commerce and that Associate's employment is related to such interstate transactions.

Retaliation Prohibited: It is against Company policy to retaliate against any associate who exercises his or her right to assert a claim under this Agreement.  If Associate believes that he or she has been subject to retaliation, Associate should report such conduct immediately by going online to associateconnection.dollartree.com or by calling 1-800-876-8077.

Survival: This Agreement shall survive the termination of Associate's employment and the expiration of any benefit plan.

At Will Employment: This Agreement does not create a promise of employment for any period of time.  Associate understands that he or she is and will remain employed "at will" and that either Party may terminate Associate's employment at any time.

Sole and Entire Agreement: This Agreement is the full and complete agreement relating to the formal resolution of disputes between the Parties.  No Party is relying on any representations, oral or written, relating to the subject matter of this Agreement, except as specifically set forth in this Agreement.

Construction and Severability: If any provision of this Agreement is adjudged to be void, voidable, or otherwise unenforceable, in whole or in part, such adjudication shall not affect the validity of the remainder of the Agreement.  All other provisions shall remain in full force and effect based on the Parties' mutual intent to create a binding agreement to arbitrate their disputes.

Consideration: The promises by the Company and by Associate to arbitrate disputes, rather than litigate them before courts or other bodies, provide consideration for each other.  In addition, the Company's offer of employment to Associate is conditioned on and made in consideration of this Agreement.

Electronic Signatures: The Parties agree that their electronic signatures, whether digital or encrypted, are intended to authenticate this writing and to have the same force and effect as manual signatures.  Electronic signature means any electronic sound, symbol or process attached to or logically associated with a record and executed and adopted by a Party with the intent to sign such record.

Effective Date:  The Effective Date of this Agreement is the day Associate agreed to this Agreement by affixing his or her electronic signature at the time of hire.

ASSOCIATE ACKNOWLEDGES THAT ASSOCIATE HAS CAREFULLY READ THIS AGREEMENT AND UNDERSTANDS ITS TERMS, THAT ALL UNDERSTANDINGS AND AGREEMENTS BETWEEN THE PARTIES RELATING TO THE SUBJECTS COVERED IN THE AGREEMENT ARE CONTAINED IN IT, AND THAT ASSOCIATE HAS ENTERED INTO THE AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE COMPANY, OTHER THAN THOSE CONTAINED IN THIS AGREEMENT ITSELF.

ASSOCIATE FURTHER ACKNOWLEDGES THAT ASSOCIATE HAS BEEN GIVEN THE OPPORTUNITY TO DISCUSS THIS AGREEMENT WITH ASSOCIATE'S PRIVATE LEGAL COUNSEL AND HAS DONE SO TO THE EXTENT ASSOCIATE WISHES.

ASSOCIATE UNDERSTANDS THAT ASSOCIATE IS GIVING UP THE RIGHT TO A TRIAL IN COURT WITH A JUDGE OR JURY.

[1]"The Company" or "Dollar Tree" means Dollar Tree, Inc. and any of its direct or indirect subsidiaries organized under the laws of the United States or a state or jurisdiction of the United States that employs Associate, including but not limited to Family Dollar Stores, Inc. and its subsidiaries, Dollar Tree Stores, Inc., Dollar Tree Distribution, Inc., Dollar Tree Management, Inc., or Greenbrier International, Inc.

**BY SIGNING BELOW, I ACKNOWLEDGE THAT I HAVE CAREFULLY READ AND UNDERSTAND THIS AGREEMENT AND AGREE TO ITS TERMS.  I AGREE THAT THROUGH THIS AGREEMENT, THE COMPANY AND I ARE GIVING UP OUR RIGHTS TO A JURY TRIAL AND THAT PURSUANT TO THE TERMS OF THIS AGREEMENT; WE ARE AGREEING TO ARBITRATE DISPUTES COVERED BY THIS AGREEMENT.**

Electronic Signature
******

Click Continue to proceed to the next page

---

Arbitration Agreement Email

A copy of the Arbitration Agreement will be emailed to your personal email address.  If you would like to access the agreement and don't see it within your mailbox, please check your spam/junk mail folder.

Please verify that the personal email address listed below is correct.  If it is incorrect, please update the email address.

Personal Email Address
vanhove13@gmail.com

Click the Submit button to move to the next step

# EXHIBIT F

| Candidate Name: Josephine Luevanos Perfecto | Form: Family Dollar Open Door / Arbitration Forms - English (FDS_OPENDOOR_ARBITRATION_ENG (8_2017)) | Process: California Store Onboarding Process (FDS_STORE_CA_ONBTRANS_06APR18) |
|---|---|---|
| Candidate ID: 23234649 | Form submitted by:  Josephine Luevanos Perfecto | Process Number: 245445 |
| Requisition Title: Customer Service Representative Los Angeles California | Date submitted (MM-DD-YYYY): 02-23-2019 17:37 -0500 | Step: Open Door and Arbitration - English (IjCZgrrIolHTUwn) |
| Requisition Number: CUS04872 | Language: en | Task: Open Door and Arbitration - English (FDS_OPEN_DOOR_ARBITRATION_ENG) |

*Mandatory fields are marked with a red indicator.*
*Open Door / Arbitration Memo*

> *FDS_OPEN_DOOR_ARBITRATION_MEMO_HEADER*

*Re: Open Door Communication Guidelines/Mutual Agreement to Arbitrate Claims*

*Dear Associate:*

Welcome to the Family Dollar Team!  We want you to have an enjoyable and rewarding work experience with the Company.  At Family Dollar, we strive to make Family Dollar "a compelling place to work."  As a result, Family Dollar implemented its *Open Door Communication Guidelines* ("Open Door Guidelines") and its *Mutual Agreement to Arbitrate Claims* ("Arbitration Agreement").  These apply to how you and Family Dollar resolve employment-related disputes.

*The Open Door Guidelines provide Associates with a process for resolving workplace concerns by working with their chain of leadership and our Human Resources department.  We are convinced that a full internal review of differences is the quickest and most productive way to resolve these disputes. It also maintains good working relationships and avoids unnecessary confrontations.*

*Although the Company urges Associates to participate in the Open Door Process, which we hope will resolve employment-related disputes amicably and fairly, the Company also has an Arbitration Agreement.  The Open Door Guidelines is separate from the Arbitration Agreement.*

*The Arbitration Agreement is a stand-alone and binding agreement that will apply company-wide.  We truly hope that you and Family Dollar will not have legal disputes in connection with your employment, and if such disputes do arise, we hope that they can be resolved informally through the Open Door Policy. However, if an employment-related dispute cannot be resolved, or should you or Family Dollar decide at any time to pursue covered employment-related legal disputes against the other, such disputes must be resolved individually in arbitration—not by way of a judge or jury.    The Arbitration Agreement requires both you and Family Dollar to arbitrate covered disputes, as defined in the Arbitration Agreement, before a private and neutral third-party chosen by the Associate and Family Dollar.*

*If you have any questions about the Open Door Guidelines or Arbitration Agreement, please contact the HR Service Center by visiting the My Family Dollar Life page from work or signing into MyFamilyDollarLife.com.  In the Ask HR box, click Ask HR and View My Questions to submit your question. You may also call 1-866-377-6420. HR Service Center representatives are available Monday-Friday 8 a.m. to 10 p.m. Eastern time.*

*Si desea una copia en español de esta carta y del Acuerdo de Arbitraje adjunto, por favor, contacte al Centro de Servicio de Recursos Humanos, visitando la página de internet My Family Dollar Life desde su lugar de trabajo o desde su casa a través de MyFamilyDollar.com. En el cuadro Ask HR, haga clic en Ask HR and View My Questions. Además, puede llamar al Centro de Servicio de Recursos Humanos al 1-866-377-6420. Los representantes del Centro de Servicio de Recursos Humanos están disponibles de lunes a viernes de 8 a.m. a 10 p.m. hora del este.*

*Sincerely,*

*Gary Philbin*
*President*

*Click Continue to proceed to the next page*

*Open Door Guidelines*

> FDS_OPEN_DOOR_GUIDELINES_HEADER

**Open Door Guidelines**

Family Dollar's Open Door Guidelines provide Associates with a process for expressing their work-related concerns with their leadership team. Family Dollar's leadership team maintains an environment of openness and mutual support. An Associate may contact a member of leadership to discuss concerns either verbally or in writing, in the following order:

1  **Supervisor/Manager:** Associates are encouraged to first contact their immediate Supervisor/Manager to resolve work-related concerns.

2  **Next-Level Manager:** If the Associate and their Supervisor/Manager cannot resolve the concern, or the Associate is uncomfortable approaching their Supervisor/Manager, the Associate may pursue the matter with the next level(s) of leadership.

3  **Human Resources Representative:** If the Associate and their chain of leadership cannot resolve the concern, or the Associate is uncomfortable approaching their chain of leadership, the Associate may pursue the matter with their work location's HR representative.

4  **Written Appeal:** If a Associate is not satisfied with the outcome through the above process, the Associate has 21 days to submit a written appeal to Team Relations at Family Dollar, Inc., ATTN: Team Relations, PO Box 1017, Charlotte, North Carolina 28201-1017, which will be reviewed by the HR Divisional Vice President or HR Vice President of the appropriate line of business. If the matter is not appealed in writing, the decision is final.

*Click Continue to proceed to the next page*

*Arbitration Agreement*

### MUTUAL AGREEMENT TO ARBITRATE CLAIMS

This is a Mutual Agreement to Arbitrate Claims ("Agreement") between the Company[1] and its associate ("Associate"). The Company and Associate are each a Party to the Agreement, and together they are the Parties to the Agreement and mutually bound by the Agreement.

The Parties recognize that disputes may arise between them during, or after the end of, Associate's employment with the Company. The Parties understand and agree that by entering into this Agreement they mutually agree to waive their right to a trial in court by a judge or jury, the Associate waives the right to participate in class or collective actions, and, in exchange, the Parties anticipate gaining the benefits of arbitration as a final and binding dispute-resolution procedure.

The Parties agree that the Federal Arbitration Act, 9 U.S.C. section 1, et seq. ("FAA"), shall govern the interpretation and enforcement of the Agreement and shall govern all proceedings relating to this Agreement. If the FAA does not apply (it being the Parties' intent that it will apply), then, only in that event, will the law of arbitration of the state in which Associate works or last worked for the Company apply. Nothing contained in this Agreement shall be construed to prevent Associate (individually or in concert with others) or the Company from utilizing the Company's existing internal procedures for resolution of complaints, and this Agreement is not intended to be a substitute for the use of such procedures.

Claims Covered by the Agreement (which must be Arbitrated): The Parties agree to the resolution by arbitration of all claims or controversies ("claims"), past, present or future, that can be raised under applicable federal, state, or local law, arising out of or related to Associate's employment (or its termination), that the Company may have against Associate or that the Associate may have against any of the following (1) the Company, (2) its officers, directors, employees, or agents in any capacity, (3) the Company's benefit plans or the plans' sponsors, fiduciaries, administrators, affiliates, and agents, and/or (4) all successors and assigns of any of them.

Claims subject to arbitration include, but are not limited to, claims for: overtime, misclassification as to exempt status, breaks, meal periods, expense reimbursement, pay for bank runs, off the clock work, wages, or other compensation; work conditions, including seating; breach of contract or covenant (express or implied); torts (including without limitation defamation either during or after employment with the Company); wrongful termination; retaliation or discrimination (including, but not limited to, race, sex, sexual orientation, religion, national origin, age, marital status, physical or mental disability or handicap, or medical condition); benefits (except for claims for employee benefits under any benefit plan sponsored by the Company and (a) covered by the Employee Retirement Income Security Act of 1974 or (b) funded by insurance); intellectual property, confidential information, or trade secrets; or violation of any federal, state, local, or other governmental law, statute, rule, regulation, or ordinance (except as provided below).

Claims Not Covered by the Agreement (and not subject to Arbitration): Regardless of any other terms of this Agreement, this Agreement permits the filing of the following: (1) a court action for temporary equitable relief in aid of arbitration, where available by law; (2) claims for worker's compensation or unemployment compensation benefits. This Agreement also does not cover disputes that, as a matter of law, may not be subject to predispute arbitration agreements, such as claims under the Dodd-Frank Wall Street Reform and Consumer Protection Act (Public Law 111-203). If Associate works in Texas or any other state where the Company does not participate in the workers' compensation system, all legal and equitable claims relating to on-the-job injuries are covered by this Agreement and must be arbitrated.

Regardless of any other terms of this Agreement, a claim may be brought before and remedies awarded by an administrative agency if applicable law permits the agency to adjudicate the claim notwithstanding the existence of an agreement to arbitrate. Such administrative claims include, without limitation, claims or charges brought before the

Equal Employment Opportunity Commission, the U.S. Department of Labor, or the National Labor Relations Board. Nothing in this Agreement shall be deemed to preclude or excuse a party from bringing an administrative claim before any agency in order to fulfill the party's obligation to exhaust administrative remedies before making a claim in arbitration.

Waiver of Class and Collective Actions:  Associate and the Company agree to bring any dispute in arbitration on an individual basis only, and not on a class or collective basis.  Accordingly, to the maximum extent allowable by law, there will be no right or authority for any dispute to be brought, heard, or arbitrated as a class or collective action ("Class Action Waiver").

Associate will not be retaliated against, disciplined, or threatened with discipline as a result of exercising rights under Section 7 of the National Labor Relations Act by the filing of or participation in a class or collective action in any forum.  However, the Company may lawfully seek enforcement of this Agreement and the Class Action Waiver under the FAA and seek dismissal of any such action.

Time Limits for Initiating Arbitration and Required Notice of All Claims:  The Parties agree that the Party initiating a claim must give written notice to the other Party no later than the expiration of the applicable statute of limitations (that is, the deadline for filing) that the law prescribes for the claim.  Otherwise, the claim shall be deemed waived as determined by the arbitrator but only to the same extent as would be the case in a court of law.  The initiating Party is encouraged to give written notice of any claim as soon as possible after the event in dispute so that arbitration may take place promptly.

The written notice initiating arbitration (a "Demand for Arbitration") shall be sent to the Company, its officers, directors, employees, or agents, at the following address: Dollar Tree Arbitration Program c/o the Chief Legal Officer, 500 Volvo Parkway, Chesapeake, VA 23320.  The Demand for Arbitration shall be sent to Associate at the last address recorded in Associate's Company profile.

The Demand for Arbitration shall identify and describe the nature of all claims asserted, the facts upon which such claims are based, and the relief or remedy sought.  It shall be sent to the other Party by certified or registered mail, return receipt requested.  A Demand for Arbitration form can be found at www.dtarbitration.com.

Arbitration Procedures: Unless the Parties mutually agree to select a non-JAMS affiliated arbitrator, the arbitration will be administered by JAMS (or any successor of JAMS) ("administrator").  The arbitration shall be held in accordance with the then-current JAMS Employment Arbitration Rules & Procedures (and no other rules), which are currently available at http://www.jamsadr.com/rules-employment-arbitration.  A link to this site can also be found at www.dtarbitration.com.  The Company will supply Associate with a printed copy of those rules upon written request, which must be made by sending an email to dtarbitration@dollartree.com.  In the event of any conflict between the terms of this Agreement and the JAMS Employment Arbitration Rules & Procedures ("JAMS rules"), this Agreement shall control.

The Arbitration shall be conducted before a single arbitrator, who shall be either a retired federal or state judicial officer who presided in the jurisdiction where the arbitration will be conducted, or an attorney who is experienced in employment law or the relevant subject matter of the dispute and is licensed to practice law in the state in which the arbitration is convened (the "Arbitrator").  The Parties may mutually agree upon any qualified Arbitrator whether or not he/she is on the JAMS panel, but all Arbitrators shall conduct the proceedings under this Agreement and the JAMS rules.  If the Parties are unable to agree upon an Arbitrator, the selection process of the JAMS rules will apply.

After receipt of a Demand for Arbitration, the Parties will discuss whether to participate in a pre-arbitration mediation,

using a mutually-selected mediator, whose fees will be paid by the Company.  If the Parties agree to mediate, such mediation will be held promptly.  The Parties agree that mediation is encouraged as an initial step in this dispute-resolution process, but participation in mediation is entirely voluntary.

The Arbitrator shall apply the substantive law (and the law of remedies, if applicable) of the state in which the claim arose, or federal law, or both, as applicable to the claim(s) asserted.  The Arbitrator is without jurisdiction to apply any different substantive law or law of remedies.  The Federal Rules of Evidence shall apply, and a link to these rules can be found at www.dtarbitration.com.  The Arbitration shall be final and binding upon the Parties.  The Arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold pre-hearing conferences by telephone or in person, as the Arbitrator deems advisable.  The Arbitrator shall have the authority to entertain dispositive motions, including but not limited to a motion to dismiss and/or a motion for summary judgment by any Party and shall apply the standards governing such motions under the Federal Rules of Civil Procedure, and a link to these rules can be found at www.dtarbitration.com.  Either Party upon its request shall be given leave to file a post-hearing brief.  The time for filing such a brief shall be set by the Arbitrator.

The Arbitrator shall render an award and written opinion in the form typically rendered in labor and employment arbitrations, normally no later than thirty (30) days from the date the arbitration hearing concludes or the post-hearing briefs (if requested) are received, whichever is later.  The opinion shall include the essential factual and legal basis for the award.

Representation:  Any Party may be represented by an attorney or other representative in arbitration.

Notice of Claims, Discovery, Pre-Hearing, Hearing, and Award Rules:  Unless modified by this Agreement, the pre-hearing procedures, including notice of claims by either party, exchange of information, discovery, pre-hearing submissions, the designation of and the securing of witnesses and documents, the conduct of the hearing and the issuance of the arbitration award shall be in accordance with JAMS rules, with the Arbitrator taking into account the Parties' mutual desire to have a speedy, less-formal, cost-effective dispute-resolution mechanism.  Claims made by different associates shall not be consolidated under any circumstance, and any JAMS rule to the contrary shall not apply in proceedings under this Agreement.

Subpoenas:  Each Party shall have the right to subpoena witnesses and documents to the extent allowable by law, subject to any limitations the Arbitrator shall impose for good cause shown.

Place of Arbitration:  The arbitration shall take place in the county (or comparable governmental unit) in which Associate is or was last employed by the Company, unless both Parties otherwise agree in writing.

Arbitration Fees and Costs:  The Company will be responsible for paying any filing fee and the fees and costs of the Arbitrator and arbitration forum; provided, however, that if Associate is the Party initiating the claim, Associate will contribute the lesser of the filing fee required by JAMS or the filing fee to initiate a claim in the court of general jurisdiction in the state in which Associate is (or was last) employed by the Company, with the Company making up the difference.  Each Party shall pay in the first instance its own litigation costs and attorney's fees, if any.  However, if any Party prevails on a statutory claim which affords the prevailing Party attorneys' fees and litigation costs, or if there is a written agreement providing for attorneys' fees and/or litigation costs, the Arbitrator shall rule upon a motion for attorneys' fees and/or litigation costs under the same standards a court would apply under the law applicable to the claim(s) at issue.  Either Party may bring an action in any court of competent jurisdiction to compel arbitration under this Agreement, as well as to enforce, confirm, modify, correct, or vacate an arbitration award as provided in the FAA.

Interstate Commerce: Associate agrees that the Company is engaged in transactions involving interstate commerce and that Associate's employment is related to such interstate transactions.

Retaliation Prohibited: It is against Company policy to retaliate against any associate who exercises his or her right to assert a claim under this Agreement.  If Associate believes that he or she has been subject to retaliation, Associate should report such conduct immediately by going online to associateconnection.dollartree.com or by calling 1-800-876-8077.

Survival: This Agreement shall survive the termination of Associate's employment and the expiration of any benefit plan.

At Will Employment: This Agreement does not create a promise of employment for any period of time.  Associate understands that he or she is and will remain employed "at will" and that either Party may terminate Associate's employment at any time.

Sole and Entire Agreement: This Agreement is the full and complete agreement relating to the formal resolution of disputes between the Parties.  No Party is relying on any representations, oral or written, relating to the subject matter of this Agreement, except as specifically set forth in this Agreement.

Construction and Severability: If any provision of this Agreement is adjudged to be void, voidable, or otherwise unenforceable, in whole or in part, such adjudication shall not affect the validity of the remainder of the Agreement. All other provisions shall remain in full force and effect based on the Parties' mutual intent to create a binding agreement to arbitrate their disputes.

Consideration: The promises by the Company and by Associate to arbitrate disputes, rather than litigate them before courts or other bodies, provide consideration for each other.  In addition, the Company's offer of employment to Associate is conditioned on and made in consideration of this Agreement.

Electronic Signatures: The Parties agree that their electronic signatures, whether digital or encrypted, are intended to authenticate this writing and to have the same force and effect as manual signatures.  Electronic signature means any electronic sound, symbol or process attached to or logically associated with a record and executed and adopted by a Party with the intent to sign such record.

Effective Date:  The Effective Date of this Agreement is the day Associate agreed to this Agreement by affixing his or her electronic signature at the time of hire.

ASSOCIATE ACKNOWLEDGES THAT ASSOCIATE HAS CAREFULLY READ THIS AGREEMENT AND UNDERSTANDS ITS TERMS, THAT ALL UNDERSTANDINGS AND AGREEMENTS BETWEEN THE PARTIES RELATING TO THE SUBJECTS COVERED IN THE AGREEMENT ARE CONTAINED IN IT, AND THAT ASSOCIATE HAS ENTERED INTO THE AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE COMPANY, OTHER THAN THOSE CONTAINED IN THIS AGREEMENT ITSELF.

ASSOCIATE FURTHER ACKNOWLEDGES THAT ASSOCIATE HAS BEEN GIVEN THE OPPORTUNITY TO DISCUSS THIS AGREEMENT WITH ASSOCIATE'S PRIVATE LEGAL COUNSEL AND HAS DONE SO TO THE EXTENT ASSOCIATE WISHES.

Case 2:22-cv-01410-GW-JC   Document 16-4   Filed 05/05/22   Page 42 of 92   Page ID #:273

ASSOCIATE UNDERSTANDS THAT ASSOCIATE IS GIVING UP THE RIGHT TO A TRIAL IN COURT WITH A JUDGE OR JURY.

[1]"The Company" or "Dollar Tree" means Dollar Tree, Inc. and any of its direct or indirect subsidiaries organized under the laws of the United States or a state or jurisdiction of the United States that employs Associate, including but not limited to Family Dollar Stores, Inc. and its subsidiaries, Dollar Tree Stores, Inc., Dollar Tree Distribution, Inc., Dollar Tree Management, Inc., or Greenbrier International, Inc.

**BY SIGNING BELOW, I ACKNOWLEDGE THAT I HAVE CAREFULLY READ AND UNDERSTAND THIS AGREEMENT AND AGREE TO ITS TERMS.  I AGREE THAT THROUGH THIS AGREEMENT, THE COMPANY AND I ARE GIVING UP OUR RIGHTS TO A JURY TRIAL AND THAT PURSUANT TO THE TERMS OF THIS AGREEMENT; WE ARE AGREEING TO ARBITRATE DISPUTES COVERED BY THIS AGREEMENT.**

Electronic Signature
******

Click Continue to proceed to the next page

Arbitration Agreement Email

A copy of the Arbitration Agreement will be emailed to your personal email address.  If you would like to access the agreement and don't see it within your mailbox, please check your spam/junk mail folder.

Please verify that the personal email address listed below is correct.  If it is incorrect, please update the email address.

Personal Email Address
perfecto9009@gmail.com
Click the Submit button to move to the next step

# EXHIBIT G

| Candidate Name: *Yvette Denise Simmons* | Form: Family Dollar Open Door / Arbitration Forms - English (FDS_OPENDOOR_ARBITRATION_ENG (8_2017)) | Process: California Store Onboarding Process (FDS_STORE_CA_ONBTRANS_082019) |
|---|---|---|
| Candidate ID: 24613193 | Form submitted by:  Yvette Denise Simmons | Process Number: 356977 |
| Requisition Title: Customer Service Representative Lake Elsinore California | Date submitted (MM-DD-YYYY): *03-06-2020 18:19 -0500* | Step: Open Door and Arbitration - English (FuNixvKFDGrxRKO) |
| Requisition Number: CUS18840 | Language: en | Task: Open Door and Arbitration - English (FDS_OPEN_DOOR_ARBITRATION_ENG) |

*Mandatory fields are marked with a red indicator.*
*Open Door / Arbitration Memo*

> FDS_OPEN_DOOR_ARBITRATION_MEMO_HEADER

*Re: Open Door Communication Guidelines/Mutual Agreement to Arbitrate Claims*

*Dear Associate:*

Welcome to the Family Dollar Team!  We want you to have an enjoyable and rewarding work experience with the Company.  At Family Dollar, we strive to make Family Dollar "a compelling place to work."  As a result, Family Dollar implemented its *Open Door Communication Guidelines* ("Open Door Guidelines") and its *Mutual Agreement to Arbitrate Claims* ("Arbitration Agreement").  These apply to how you and Family Dollar resolve employment-related disputes.

*The Open Door Guidelines provide Associates with a process for resolving workplace concerns by working with their chain of leadership and our Human Resources department.  We are convinced that a full internal review of differences is the quickest and most productive way to resolve these disputes. It also maintains good working relationships and avoids unnecessary confrontations.*

*Although the Company urges Associates to participate in the Open Door Process, which we hope will resolve employment-related disputes amicably and fairly, the Company also has an Arbitration Agreement.  The Open Door Guidelines is separate from the Arbitration Agreement.*

*The Arbitration Agreement is a stand-alone and binding agreement that will apply company-wide.  We truly hope that you and Family Dollar will not have legal disputes in connection with your employment, and if such disputes do arise, we hope that they can be resolved informally through the Open Door Policy. However, if an employment-related dispute cannot be resolved, or should you or Family Dollar decide at any time to pursue covered employment-related legal disputes against the other, such disputes must be resolved individually in arbitration—not by way of a judge or jury.    The Arbitration Agreement requires both you and Family Dollar to arbitrate covered disputes, as defined in the Arbitration Agreement, before a private and neutral third-party chosen by the Associate and Family Dollar.*

*If you have any questions about the Open Door Guidelines or Arbitration Agreement, please contact the HR Service Center by visiting the My Family Dollar Life page from work or signing into MyFamilyDollarLife.com.  In the Ask HR box, click Ask HR and View My Questions to submit your question. You may also call 1-866-377-6420. HR Service Center representatives are available Monday-Friday 8 a.m. to 10 p.m. Eastern time.*

*Si desea una copia en español de esta carta y del Acuerdo de Arbitraje adjunto, por favor, contacte al Centro de Servicio de Recursos Humanos, visitando la página de internet My Family Dollar Life desde su lugar de trabajo o desde su casa a través de MyFamilyDollar.com. En el cuadro Ask HR, haga clic en Ask HR and View My Questions. Además, puede llamar al Centro de Servicio de Recursos Humanos al 1-866-377-6420. Los representantes del Centro de Servicio de Recursos Humanos están disponibles de lunes a viernes de 8 a.m. a 10 p.m. hora del este.*

*Sincerely,*

*Gary Philbin*
*President*

*Click Continue to proceed to the next page*

*Open Door Guidelines*

---

| FDS_OPEN_DOOR_GUIDELINES_HEADER |
|---|

**Open Door Guidelines**

Family Dollar's Open Door Guidelines provide Associates with a process for expressing their work-related concerns with their leadership team. Family Dollar's leadership team maintains an environment of openness and mutual support. An Associate may contact a member of leadership to discuss concerns either verbally or in writing, in the following order:

1 **Supervisor/Manager:** Associates are encouraged to first contact their immediate Supervisor/Manager to resolve work-related concerns.

2 **Next-Level Manager:** If the Associate and their Supervisor/Manager cannot resolve the concern, or the Associate is uncomfortable approaching their Supervisor/Manager, the Associate may pursue the matter with the next level(s) of leadership.

3 **Human Resources Representative:** If the Associate and their chain of leadership cannot resolve the concern, or the Associate is uncomfortable approaching their chain of leadership, the Associate may pursue the matter with their work location's HR representative.

4 **Written Appeal:** If a Associate is not satisfied with the outcome through the above process, the Associate has 21 days to submit a written appeal to Associate Relations at Family Dollar, Inc., ATTN: Associate Relations, 500Volvo Parkway, Chesapeake, VA 23320, which will be reviewed by the HR Divisional Vice President or HR Vice President of the appropriate line of business. If the matter is not appealed in writing, the decision is final.

*Click Continue to proceed to the next page*

*Arbitration Agreement*

## <u>MUTUAL AGREEMENT TO ARBITRATE CLAIMS</u>

*This is a Mutual Agreement to Arbitrate Claims ("Agreement") between the Company[1] and its applicant/associate ("Associate"). The Company and Associate are each a Party to the Agreement, and together they are the Parties to the Agreement and mutually bound by the Agreement.*

*The Parties recognize that disputes may arise between them during or related to the application process and/or during or after the end of Associate's employment with the Company. The Parties understand and agree that by entering into this Agreement they mutually agree to waive their right to a trial in court by a judge or jury, and the right to participate in class or collective actions, and, in exchange, the Parties anticipate gaining the benefits of arbitration as a final and binding dispute-resolution procedure.*

*The Parties agree that the Federal Arbitration Act, 9 U.S.C. section 1, et seq. ("FAA"), shall govern the interpretation and enforcement of the Agreement and shall govern all proceedings relating to this Agreement. If the FAA does not apply (it being the Parties' intent that it will apply), then, only in that event, will the law of arbitration of the state in which Associate applied for employment, works or last worked for the Company, whichever is later, apply. Nothing contained in this Agreement shall be construed to prevent Associate (individually or in concert with others) or the Company from utilizing the Company's existing internal procedures for resolution of complaints, and this Agreement is not intended to be a substitute for the use of such procedures.*

*<u>Claims Covered by the Agreement (which must be Arbitrated)</u>: The Parties agree to the resolution by arbitration of all claims or controversies ("claims"), past, present or future, that can be raised under applicable federal, state, or local law, whether or not arising out of or related to Associate's application for employment, employment or its termination, that the Company may have against Associate or that the Associate may have against any of the following: (1) the Company, (2) its officers, directors, employees, or agents in any capacity, (3) the Company's benefit plans or the plans' sponsors, fiduciaries, administrators, affiliates, and agents, and/or (4) all successors and assigns of any of them; and, where Associate asserts a claim against any Company officer, director, employee or agent ("co-defendant"), claims that any such co-defendant may have against Associate.*

*Claims subject to arbitration include, but are not limited to, claims for: overtime, misclassification as to exempt status, breaks, meal periods, expense reimbursement, pay for bank runs, off the clock work, wages, or other compensation; work conditions, including seating; breach of contract or covenant (express or implied); torts (including without limitation defamation related to the application process or during or after employment with the Company); wrongful termination; retaliation or discrimination (including, but not limited to, race, sex, sexual orientation, religion, national origin, age, marital status, physical or mental disability or handicap, or medical condition); benefits (except for claims for employee benefits under any benefit plan sponsored by the Company and (a) covered by the Employee Retirement Income Security Act of 1974 or (b) funded by insurance); intellectual property, confidential information, or trade secrets; or violation of any federal, state, local, or other governmental law, statute, rule, regulation, or ordinance (except as provided below).*

*<u>Claims Not Covered by the Agreement (and not subject to Arbitration)</u>: Regardless of any other terms of this Agreement, this Agreement permits the filing of the following: (1) a court action for temporary equitable relief in aid of arbitration, where available by law; (2) claims for workers' compensation or unemployment compensation benefits. This Agreement also does not cover disputes that, as a matter of law, may not be subject to pre-dispute arbitration agreements, such as certain claims under the Sarbanes-Oxley Act. If Associate works in Texas or any other state where the Company does not participate in the workers' compensation system, all legal and equitable claims relating to on-the-job injuries are covered by this Agreement and must be arbitrated.*

*Regardless of any other terms of this Agreement, a claim may be brought before and remedies awarded by an administrative agency if applicable law permits the agency to adjudicate the claim notwithstanding the existence of an agreement to arbitrate. Such administrative claims include, without limitation, claims or charges brought before the Equal Employment Opportunity Commission, the U.S. Department of Labor, or the National Labor Relations Board. Nothing in this Agreement shall be deemed to preclude or excuse a party from bringing an administrative claim before any agency in order to fulfill the party's obligation to exhaust administrative remedies before making a claim in arbitration.*

*<u>Waiver of Class and Collective Actions</u>: Associate and the Company agree to bring any dispute in arbitration on an individual basis only, and not on a class or collective basis. Accordingly, to the maximum extent allowable by law, there will be no right or authority for any dispute to be brought, heard, or arbitrated as a class or collective action ("Class Action Waiver").*

<u>Time Limits for Initiating Arbitration and Required Notice of All Claims:</u>  The Parties agree that the Party initiating a claim must give written notice to the other Party no later than the expiration of the applicable statute of limitations (that is, the deadline for filing) that the law prescribes for the claim. Otherwise, the claim shall be deemed waived as determined by the arbitrator but only to the same extent as would be the case in a court of law.  The initiating Party is encouraged to give written notice of any claim as soon as possible after the event in dispute so that arbitration may take place promptly.

If initiated by Associate, the written notice initiating arbitration (a "Demand for Arbitration"), or any counterclaim, shall be sent by certified or registered mail, return receipt requested to the Company, its officers, directors, employees, or agents, at the following address: Dollar Tree Arbitration Program c/o the Chief Legal Officer, 500 Volvo Parkway, Chesapeake, VA 23320.  If initiated by the Company, the Demand for Arbitration, or any counterclaim, shall be sent by certified or registered mail, return receipt requested to Associate at the last address recorded in Associate's Company profile.  If Associate initiates arbitration against a former officer, director, employee or agent of Company, then, in sending the Demand for Arbitration to such individual, Associate must follow procedures for serving a lawsuit in accordance with the laws of the state in which Associate's claim arose.

The Demand for Arbitration shall identify and describe the nature of all claims asserted, the facts upon which such claims are based, and the relief or remedy sought.  A Demand for Arbitration form can be found at www.dtarbitration.com.

<u>Arbitration Procedures:</u> The arbitration will be administered by JAMS (or any successor of JAMS) ("administrator").  The arbitration shall be held in accordance with the then-current JAMS Employment Arbitration Rules & Procedures (and no other rules), which are currently available at http://www.jamsadr.com/rule-cmployment-arbitration.  A link to this site can also be found at www.dtarbitration.com.  The Company will supply Associate with a printed copy of those rules upon written request, which must be made by sending an email to dtarbitration@dollartree.com.   In the event of any conflict between the terms of this Agreement and the JAMS Employment Arbitration Rules & Procedures ("JAMS rules"), this Agreement shall control.

The Arbitration shall be conducted before a single arbitrator, who shall be either a retired federal or state judicial officer who presided in the jurisdiction where the arbitration will be conducted, or an attorney who is experienced in employment law or the relevant subject matter of the dispute and is licensed to practice law in the state in which the arbitration is convened (the "Arbitrator").  The Parties may mutually agree upon any qualified Arbitrator whether or not he/she is on the JAMS panel, but all Arbitrators shall conduct the proceedings under this Agreement and the JAMS rules.  If the Parties are unable to agree upon an Arbitrator, the selection process of the JAMS rules will apply.

After receipt of a Demand for Arbitration, the Parties will discuss whether to participate in a prearbitration mediation, using a mutually-selected mediator, whose fees will be paid by the Company.  If the Parties agree to mediate, such mediation will be held promptly.  The Parties agree that mediation is encouraged as an initial step in this dispute-resolution process, but participation in mediation is entirely voluntary.

The Arbitrator shall apply the substantive law (and the law of remedies, if applicable) of the state in which the claim arose, or federal law, or both, as applicable to the claim(s) asserted.  The Arbitrator is without jurisdiction to apply any different substantive law or law of remedies. The Federal Rules of Evidence shall apply, and a link to these rules can be found at www.dtarbitration.com.  The Arbitration shall be final and binding upon the Parties.  The Arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold pre-hearing conferences by telephone or in person, as the Arbitrator deems advisable.  The Arbitrator shall entertain dispositive motions, including but not limited to a motion to dismiss and/or a motion for summary judgment by any Party and shall apply the standards governing such motions under the Federal Rules of Civil Procedure, and a link to these rules can be found at www.dtarbitration.com.  Either Party upon its request shall be given leave to file a post-hearing brief.  The time for filing such a brief shall be set by the Arbitrator.

The Arbitrator shall render an award and written opinion in the form typically rendered in labor and employment arbitrations, normally no later than thirty (30) days from the date the arbitration hearing concludes or the post-hearing briefs (if requested) are received, whichever is later. The opinion shall include the essential factual and legal basis for the award.

<u>Representation:</u> Any Party may be represented by an attorney or other representative in arbitration.

<u>Notice of Claims, Discovery, Pre-Hearing, Hearing, and Award Rules:</u> Unless  modified  by this Agreement, the pre-hearing procedures, including notice of claims by any party, exchange of information, discovery, pre-hearing submissions, the designation of and the securing of witnesses and documents, the conduct of the hearing and the issuance of the arbitration award shall be in accordance with JAMS rules, with the Arbitrator taking into account the Parties' mutual desire to have a speedy, less-formal, cost-effective dispute-resolution mechanism. Claims made by different Associates shall not be consolidated under any circumstance, and any JAMS rule to the contrary shall not apply in proceedings under this Agreement.

Subpoenas: Each Party shall have the right to subpoena witnesses and documents to the extent allowable by law, subject to any limitations the Arbitrator shall impose for good cause shown.

Place of Arbitration: The arbitration shall take place in the county (or comparable governmental unit) in which Associate sought employment, is or was last employed by the Company, unless all Parties otherwise agree in writing.

Arbitration Fees and Costs: The Company will be responsible for paying any filing fee and the fees and costs of the Arbitrator and arbitration forum; provided, however, that if Associate is the Party initiating the claim, Associate will contribute the lesser of the filing fee required by JAMS or the filing fee to initiate a claim in the court of general jurisdiction in the state in which Associate sought employment or is or was last employed by the Company, whichever is later, with the Company making up the difference. Each Party shall pay in the first instance its own litigation costs and attorney's fees, if any. However, if any Party prevails on a statutory claim which affords the prevailing Party attorneys' fees and litigation costs, or if there is a written agreement providing for attorneys' fees and/or litigation costs, the Arbitrator shall rule upon a motion for attorneys' fees and/or litigation costs under the same standards a court would apply under the law applicable to the claim(s) at issue. Any Party may bring an action in any court of competent jurisdiction to compel arbitration under this Agreement, as well as to enforce, confirm, modify, correct, or vacate an arbitration award as provided by law.

Interstate Commerce: Associate agrees that the Company is engaged in transactions involving interstate commerce and that Associate's application for and/or employment is related to such interstate transactions.

Retaliation Prohibited: It is against Company policy to retaliate against any Associate who exercises his or her right to assert a claim under this Agreement. If Associate believes that he or she has been subject to retaliation, Associate should report such conduct immediately by going online to associateconnection.dollartree.com or by calling 1-800-876-8077.

Survival: This Agreement shall survive the termination of Associate's employment and the expiration of any benefit plan.

At Will Employment: This Agreement does not create a promise of employment for any period of time. Associate understands that, if employed, he or she is and will remain employed "at will" and that Associate or the Company may terminate Associate's employment at any time.

Entire Agreement: No Party is relying on any representations, oral or written, relating to the subject matter of this Agreement, except as specifically set forth in this Agreement.

Construction and Severability: If any provision of this Agreement is adjudged to be void, voidable, or otherwise unenforceable, in whole or in part, such adjudication shall not affect the validity of the remainder of the Agreement. All other provisions shall remain in full force and effect based on the Parties' mutual intent to create a binding agreement to arbitrate their disputes.

Consideration: The promises by the Company and by Associate to arbitrate disputes, rather than litigate them before courts or other bodies, provide consideration for each other. In addition, any offer of employment by the Company to Associate, and any employment pursuant to that offer, is conditioned on and made in consideration of this Agreement.

Electronic Signatures: The Parties agree that their electronic signatures, whether digital or encrypted, are intended to authenticate this writing and to have the same force and effect as manual signatures. Electronic signature means any electronic sound, symbol or process attached to or logically associated with a record and executed and adopted by a Party with the intent to sign such record.

ASSOCIATE ACKNOWLEDGES THAT ASSOCIATE HAS CAREFULLY READ THIS AGREEMENT AND UNDERSTANDS ITS TERMS, THAT ALL UNDERSTANDINGS AND AGREEMENTS BETWEEN THE PARTIES RELATING TO THE SUBJECTS COVERED IN THE AGREEMENT ARE CONTAINED IN IT, AND THAT ASSOCIATE HAS ENTERED INTO THE AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE COMPANY, OTHER THAN THOSE CONTAINED IN THIS AGREEMENT ITSELF.

ASSOCIATE FURTHER ACKNOWLEDGES THAT ASSOCIATE HAS BEEN GIVEN THE OPPORTUNITY TO DISCUSS THIS AGREEMENT WITH ASSOCIATE'S PRIVATE LEGAL COUNSEL AND HAS DONE SO TO THE EXTENT ASSOCIATE WISHES.

THE PARTIES UNDERSTAND THAT THEY ARE GIVING UP THE RIGHT TO A TRIAL IN COURT WITH A JUDGE OR JURY.

This Agreement is made by the Parties:

DOLLAR TREE, INC.

By: _____

    Gary Philbin

    President

ASSOCIATE   (electronically signed)

_____

[1] "The Company" or "Dollar Tree" means Dollar Tree, Inc. and any of its direct or indirect subsidiaries organized under the laws of the United States or a state or jurisdiction of the United States that employs Associate, including but not limited to Family Dollar Stores, Inc. and its subsidiaries, Dollar Tree Stores, Inc., Dollar Tree Distribution, Inc., Dollar Tree Management, Inc., or Greenbrier International, Inc.

**BY SIGNING BELOW, I ACKNOWLEDGE THAT I HAVE CAREFULLY READ AND UNDERSTAND THIS AGREEMENT AND AGREE TO ITS TERMS.  I AGREE THAT THROUGH THIS AGREEMENT, THE COMPANY AND I ARE GIVING UP OUR RIGHTS TO A JURY TRIAL AND THAT PURSUANT TO THE TERMS OF THIS AGREEMENT; WE ARE AGREEING TO ARBITRATE DISPUTES COVERED BY THIS AGREEMENT.**

Electronic Signature
******

**Click Continue to proceed to the next page**

Case 2:22-cv-01410-GW-JC   Document 16-4   Filed 05/05/22   Page 53 of 92   Page ID #:284

## Arbitration Agreement Email

A copy of the Arbitration Agreement will be emailed to your personal email address.  If you would like to access the agreement and don't see it within your mailbox, please check your spam/junk mail folder.

Please verify that the personal email address listed below is correct.  If it is incorrect, please update the email address.

Personal Email Address
yvettesimmons084@gmail.com

**Click the Submit button to move to the next step**

# EXHIBIT H

# MUTUAL AGREEMENT TO ARBITRATE CLAIMS

This is a Mutual Agreement to Arbitrate Claims ("Agreement") between the Company[1] and its associate ("Associate").  The Company and Associate are each a Party to the Agreement, and together they are the Parties to the Agreement and mutually bound by the Agreement.

The Parties recognize that disputes may arise between them during, or after the end of, Associate's employment with the Company.  The Parties understand and agree that by entering into this Agreement they mutually agree to waive their right to a trial in court by a judge or jury, the Associate waives the right to participate in class or collective actions, and, in exchange, the Parties anticipate gaining the benefits of arbitration as a final and binding dispute-resolution procedure.

The Parties agree that the Federal Arbitration Act, 9 U.S.C. section 1, *et seq*. ("FAA"), shall govern the interpretation and enforcement of the Agreement and shall govern all proceedings relating to this Agreement.  If the FAA does not apply (it being the Parties' intent that it will apply), then, only in that event, will the law of arbitration of the state in which Associate works or last worked for the Company apply.  Nothing contained in this Agreement shall be construed to prevent Associate (individually or in concert with others) or the Company from utilizing the Company's existing internal procedures for resolution of complaints, and this Agreement is not intended to be a substitute for the use of such procedures.

**Claims Covered by the Agreement (which must be Arbitrated)**:  The Parties agree to the resolution by arbitration of all claims or controversies ("claims"), past, present or future, that can be raised under applicable federal, state, or local law, arising out of or related to Associate's employment (or its termination), that the Company may have against Associate or that the Associate may have against any of the following (1) the Company, (2) its officers, directors, employees, or agents in any capacity, (3) the Company's benefit plans or the plans' sponsors, fiduciaries, administrators, affiliates, and agents, and/or (4) all successors and assigns of any of them.

Claims subject to arbitration include, but are not limited to, claims for: overtime, misclassification as to exempt status, breaks, meal periods, expense reimbursement, pay for bank runs, off the clock work, wages, or other compensation; work conditions, including seating; breach of contract or covenant (express or implied); torts (including without limitation defamation either during or after employment with the Company); wrongful termination; retaliation or discrimination (including, but not limited to, race, sex, sexual orientation, religion, national origin, age, marital status, physical or mental disability or handicap, or medical condition); benefits (except for claims for employee benefits under any benefit plan sponsored by the Company and (a) covered by the Employee Retirement Income Security Act of 1974 or (b) funded by insurance); intellectual property, confidential information, or trade secrets; or violation of any federal, state, local, or other governmental law, statute, rule, regulation, or ordinance (except as provided below).

**Claims *Not* Covered by the Agreement (and not subject to Arbitration)**:  Regardless of any other terms of this Agreement, this Agreement permits the filing of the following:  (1) a court action for temporary equitable relief in aid of arbitration, where available by law; (2) claims for worker's compensation or unemployment compensation benefits.  This Agreement also does not cover disputes that, as a matter of law, may not be subject to predispute arbitration agreements, such as claims under the Dodd-Frank Wall Street Reform and Consumer Protection Act (Public Law 111-203).  If Associate works in Texas or any other state where the Company does not participate in the workers' compensation system, all legal and equitable claims relating to on-the-job injuries are covered by this Agreement and

---

[1] "The Company" or "Dollar Tree" means Dollar Tree, Inc. and any of its direct or indirect subsidiaries organized under the laws of the United States or a state or jurisdiction of the United States that employs Associate, including but not limited to Family Dollar Stores, Inc. and its subsidiaries, Dollar Tree Stores, Inc., Dollar Tree Distribution, Inc., Dollar Tree Management, Inc., or Greenbrier International, Inc.

Revised effective 2/1/16

must be arbitrated.

Regardless of any other terms of this Agreement, a claim may be brought before and remedies awarded by an administrative agency if applicable law permits the agency to adjudicate the claim notwithstanding the existence of an agreement to arbitrate. Such administrative claims include, without limitation, claims or charges brought before the Equal Employment Opportunity Commission, the U.S. Department of Labor, or the National Labor Relations Board. Nothing in this Agreement shall be deemed to preclude or excuse a party from bringing an administrative claim before any agency in order to fulfill the party's obligation to exhaust administrative remedies before making a claim in arbitration.

**Waiver of Class and Collective Actions**:  Associate and the Company agree to bring any dispute in arbitration on an individual basis only, and not on a class or collective basis.  Accordingly, to the maximum extent allowable by law**,** there will be no right or authority for any dispute to be brought, heard, or arbitrated as a class or collective action ("Class Action Waiver").

Associate will not be retaliated against, disciplined, or threatened with discipline as a result of exercising rights under Section 7 of the National Labor Relations Act by the filing of or participation in a class or collective action in any forum.  However, the Company may lawfully seek enforcement of this Agreement and the Class Action Waiver under the FAA and seek dismissal of any such action.

**Time Limits for Initiating Arbitration and Required Notice of All Claims**:  The Parties agree that the Party initiating a claim must give written notice to the other Party no later than the expiration of the applicable statute of limitations (that is, the deadline for filing) that the law prescribes for the claim. Otherwise, the claim shall be deemed waived as determined by the arbitrator but only to the same extent as would be the case in a court of law.  The initiating Party is encouraged to give written notice of any claim as soon as possible after the event in dispute so that arbitration may take place promptly.

The written notice initiating arbitration (a "Demand for Arbitration") shall be sent to the Company, its officers, directors, employees, or agents, at the following address: Dollar Tree Arbitration Program c/o the Chief Legal Officer, 500 Volvo Parkway, Chesapeake, VA 23320.  The Demand for Arbitration shall be sent to Associate at the last address recorded in Associate's Company profile.

The Demand for Arbitration shall identify and describe the nature of all claims asserted, the facts upon which such claims are based, and the relief or remedy sought.  It shall be sent to the other Party by certified or registered mail, return receipt requested.  A Demand for Arbitration form can be found at www.dtarbitration.com.

**Arbitration Procedures**: Unless the Parties mutually agree to select a non-JAMS affiliated arbitrator, the arbitration will be administered by JAMS (or any successor of JAMS) ("administrator").  The arbitration shall be held in accordance with the then-current JAMS Employment Arbitration Rules & Procedures (and no other rules), which are currently available at http://www.jamsadr.com/rules-employment-arbitration.  A link to this site can also be found at www.dtarbitration.com.  The Company will supply Associate with a printed copy of those rules upon written request, which must be made by sending an email to dtarbitration@dollartree.com.  In the event of any conflict between the terms of this Agreement and the JAMS Employment Arbitration Rules & Procedures ("JAMS rules"), this Agreement shall control.

The Arbitration shall be conducted before a single arbitrator, who shall be either a retired federal or state judicial officer who presided in the jurisdiction where the arbitration will be conducted, or an attorney who is experienced in employment law or the relevant subject matter of the dispute and is licensed to practice law in the state in which the arbitration is convened (the "Arbitrator").  The Parties may mutually agree upon any qualified Arbitrator whether or not he/she is on the JAMS panel, but all Arbitrators shall conduct the proceedings under this Agreement and the JAMS rules.  If the Parties are unable to agree upon an Arbitrator, the selection process of the JAMS rules will apply.

After receipt of a Demand for Arbitration, the Parties will discuss whether to participate in a pre-arbitration mediation, using a mutually-selected mediator, whose fees will be paid by the Company.  If the Parties agree to mediate, such mediation will be held promptly.  The Parties agree that mediation is encouraged as an initial step in this dispute-resolution process, but participation in mediation is entirely voluntary.

The Arbitrator shall apply the substantive law (and the law of remedies, if applicable) of the state in which the claim arose, or federal law, or both, as applicable to the claim(s) asserted.  The Arbitrator is without jurisdiction to apply any different substantive law or law of remedies.  The Federal Rules of Evidence shall apply, and a link to these rules can be found at www.dtarbitration.com.  The Arbitration shall be final and binding upon the Parties.  The Arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold pre-hearing conferences by telephone or in person, as the Arbitrator deems advisable.  The Arbitrator shall have the authority to entertain dispositive motions, including but not limited to a motion to dismiss and/or a motion for summary judgment by any Party and shall apply the standards governing such motions under the Federal Rules of Civil Procedure, and a link to these rules can be found at www.dtarbitration.com.  Either Party upon its request shall be given leave to file a post-hearing brief.  The time for filing such a brief shall be set by the Arbitrator.

The Arbitrator shall render an award and written opinion in the form typically rendered in labor and employment arbitrations, normally no later than thirty (30) days from the date the arbitration hearing concludes or the post-hearing briefs (if requested) are received, whichever is later.  The opinion shall include the essential factual and legal basis for the award.

**Representation**: Any Party may be represented by an attorney or other representative in arbitration.

**Notice of Claims, Discovery, Pre-Hearing, Hearing, and Award Rules**: Unless modified by this Agreement, the pre-hearing procedures, including notice of claims by either party, exchange of information, discovery, pre-hearing submissions, the designation of and the securing of witnesses and documents, the conduct of the hearing and the issuance of the arbitration award shall be in accordance with JAMS rules, with the Arbitrator taking into account the Parties' mutual desire to have a speedy, less-formal, cost-effective dispute-resolution mechanism.  Claims made by different associates shall not be consolidated under any circumstance, and any JAMS rule to the contrary shall not apply in proceedings under this Agreement.

**Subpoenas**: Each Party shall have the right to subpoena witnesses and documents to the extent allowable by law, subject to any limitations the Arbitrator shall impose for good cause shown.

**Place of Arbitration**: The arbitration shall take place in the county (or comparable governmental unit) in which Associate is or was last employed by the Company, unless both Parties otherwise agree in writing.

**Arbitration Fees and Costs**: The Company will be responsible for paying any filing fee and the fees and costs of the Arbitrator and arbitration forum; provided, however, that if Associate is the Party initiating the claim, Associate will contribute the lesser of the filing fee required by JAMS or the filing fee to initiate a claim in the court of general jurisdiction in the state in which Associate is (or was last) employed by the Company, with the Company making up the difference.  Each Party shall pay in the first instance its own litigation costs and attorney's fees, if any.  However, if any Party prevails on a statutory claim which affords the prevailing Party attorneys' fees and litigation costs, or if there is a written agreement providing for attorneys' fees and/or litigation costs, the Arbitrator shall rule upon a motion for attorneys' fees and/or litigation costs under the same standards a court would apply under the law applicable to the claim(s) at issue.  Either Party may bring an action in any court of competent jurisdiction to compel arbitration under this Agreement, as well as to enforce, confirm, modify, correct, or vacate an arbitration award as provided in the FAA.

- 3 -

**Interstate Commerce**: Associate agrees that the Company is engaged in transactions involving interstate commerce and that Associate's employment is related to such interstate transactions.

**Retaliation Prohibited**: It is against Company policy to retaliate against any associate who exercises his or her right to assert a claim under this Agreement. If Associate believes that he or she has been subject to retaliation, Associate should report such conduct immediately by going online to associateconnection.dollartree.com or by calling 1-800-876-8077.

**Survival**: This Agreement shall survive the termination of Associate's employment and the expiration of any benefit plan.

**At Will Employment**: This Agreement does not create a promise of employment for any period of time. Associate understands that he or she is and will remain employed "at will" and that either Party may terminate Associate's employment at any time.

**Sole and Entire Agreement**: This Agreement is the full and complete agreement relating to the formal resolution of disputes between the Parties. No Party is relying on any representations, oral or written, relating to the subject matter of this Agreement, except as specifically set forth in this Agreement.

**Construction and Severability**: If any provision of this Agreement is adjudged to be void, voidable, or otherwise unenforceable, in whole or in part, such adjudication shall not affect the validity of the remainder of the Agreement. All other provisions shall remain in full force and effect based on the Parties' mutual intent to create a binding agreement to arbitrate their disputes.

**Consideration**: The promises by the Company and by Associate to arbitrate disputes, rather than litigate them before courts or other bodies, provide consideration for each other. In addition, the Company's offer of employment to Associate is conditioned on and made in consideration of this Agreement.

**Electronic Signatures**: The Parties agree that their electronic signatures, whether digital or encrypted, are intended to authenticate this writing and to have the same force and effect as manual signatures. Electronic signature means any electronic sound, symbol or process attached to or logically associated with a record and executed and adopted by a Party with the intent to sign such record.

**Effective Date**: The Effective Date of this Agreement is the day Associate agreed to this Agreement by affixing his or her electronic signature at the time of hire.

ASSOCIATE ACKNOWLEDGES THAT ASSOCIATE HAS CAREFULLY READ THIS AGREEMENT AND UNDERSTANDS ITS TERMS, THAT ALL UNDERSTANDINGS AND AGREEMENTS BETWEEN THE PARTIES RELATING TO THE SUBJECTS COVERED IN THE AGREEMENT ARE CONTAINED IN IT, AND THAT ASSOCIATE HAS ENTERED INTO THE AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE COMPANY, OTHER THAN THOSE CONTAINED IN THIS AGREEMENT ITSELF.

ASSOCIATE FURTHER ACKNOWLEDGES THAT ASSOCIATE HAS BEEN GIVEN THE OPPORTUNITY TO DISCUSS THIS AGREEMENT WITH ASSOCIATE'S PRIVATE LEGAL COUNSEL AND HAS DONE SO TO THE EXTENT ASSOCIATE WISHES.

ASSOCIATE UNDERSTANDS THAT ASSOCIATE IS GIVING UP THE RIGHT TO A TRIAL IN COURT WITH A JUDGE OR JURY.

This Agreement is made as of the Effective Date by the Parties:

DOLLAR TREE

By:

Gary Philbin
President

ASSOCIATE  (signed electronically at the time of hire)

# EXHIBIT I

| | | |
|---|---|---|
| Candidate Name:  Crystal Stallings | Form: Offer Details - Hourly - Non-Contingent (FDS_OFFERDETAILS_HOURLY_ASM) | Process: California Store Onboarding Process (FDS_STORE_CA_ONBTRANS_06APR18) |
| Candidate ID: 22974620 | Form submitted by:  Crystal Stallings | Process Number: 226014 |
| Requisition Title: Assistant Store Manager Moreno Valley California | Date submitted (MM-DD-YYYY): 12-08-2018 15:08 -0500 | Step: Hourly ASM - Offer Details (DISeRRBhCFGSzmh) |
| Requisition Number: ASS02244 | Language: en | Task: Offer Details (FDS_OFFERDETAILS_HOURLY_ASM) |

*Mandatory fields are marked with a red indicator.*
*Offer Details*

*Please review the offer details and indicate your acceptance below.*

Full Name:
*Crystal Stallings*

Job Title:
*Assistant Store Manager Moreno Valley California*

Starting Hourly Salary:

*$14.00*

Pay Basis:
*Per Hour*

Start Date:
*Dec 8, 2018*

*I am pleased to offer you the opportunity to join one of the best retail teams in America. Creating a culture that provides a compelling place to shop, work, and invest is essential to achieving our corporate goals. I look forward to working with you.*

*In addition, Family Dollar offers health, dental and vision, flexible spending accounts, life and disability insurance benefits to full-time Associates and their eligible dependents. You will be eligible to enroll in your first 90 days of employment and will be sent a letter notifying you of your opportunity prior to your enrollment window.*

*This offer is for at-will employment only and is not to be construed as offering employment for a definite term nor does it constitute an employment contract. If you accept this offer, your employment with Family Dollar may be terminable by you or the Company at any time, with or without cause unless expressly set forth in a separate written agreement executed by you and the Vice President of Human Resources. Additionally, as a condition of employment with Family Dollar, you will be subject to and requested to execute a Mutual Agreement to Arbitrate Claims, which will require that both you and Family Dollar agree to arbitrate covered disputes, including, without limitation, disputes arising out of or in connection with the employment relationship.*

*As part of Family Dollar, you will have an opportunity to play a vital role in our success. We look forward to your joining us*

*Sincerely*
*Store Manager*

*Wild*

*ACKNOWLEDGEMENT AND ACCEPTANCE OF EMPLOYMENT OFFER*

Please indicate your acceptance:

*I accept*

Electronic Signature
*\*\*\*\*\*\**

*Click Submit to finish.*

# EXHIBIT J

| | | |
|---|---|---|
| *Candidate Name:* Josephine Luevanos Perfecto | *Form:* Offer Details - CSR - Non-Contingent (FDS_OFFERDETAILS_CSR_NON CONTINGENT) | *Process:* California Store Onboarding Process (FDS_STORE_CA_ONBTRANS_06APR18) |
| *Candidate ID:* 23234649 | *Form submitted by:* Josephine Luevanos Perfecto | *Process Number:* 245445 |
| *Requisition Title:* Customer Service Representative Los Angeles California | *Date submitted (MM-DD-YYYY):* 02-23-2019 17:35 -0500 | *Step:* CSR - Offer Details (qUUmixYriMRAbcf) |
| *Requisition Number:* CUS04872 | *Language:* en | *Task:* Offer Details (FDS_OFFERDETAILS_CSR_NON CONTINGENT) |

Mandatory fields are marked with a red indicator.

## Offer Details

Please review the offer details and indicate your acceptance below.

Full Name:
Josephine Perfecto

Job Title:
Customer Service Representative Los Angeles California

Starting Hourly Salary:

$13.50

Pay Basis:
Per Hour

Start Date:
Feb 23, 2019

I am pleased to offer you the opportunity to join one of the best retail teams in America. Creating a culture that provides a compelling place to shop, work, and invest is essential to achieving our corporate goals. I look forward to working with you.

In addition, Family Dollar offers health, dental and vision, flexible spending accounts, life and disability insurance benefits to full-time Associates and their eligible dependents. You will be eligible to enroll in your first 90 days of employment and will be sent a letter notifying you of your opportunity prior to your enrollment window.

This offer is for at-will employment only and is not to be construed as offering employment for a definite term nor does it constitute an employment contract. If you accept this offer, your employment with Family Dollar may be terminable by you or the Company at any time, with or without cause unless expressly set forth in a separate written agreement executed by you and the Vice President of Human Resources. Additionally, as a condition of employment with Family Dollar, you will be subject to and requested to execute a *Mutual Agreement to Arbitrate Claims*, which will require that both you and Family Dollar agree to arbitrate covered disputes, including, without limitation, disputes arising out of or in connection with the employment relationship.

As part of Family Dollar, you will have an opportunity to play a vital role in our success. We look forward to your joining us.

Sincerely,

Walter

Maldonado

District Manager

ACKNOWLEDGEMENT AND ACCEPTANCE OF EMPLOYMENT OFFER

Please indicate your acceptance:

I accept

Electronic Signature

******

Click Submit to finish.

# EXHIBIT K

| | | |
|---|---|---|
| *Candidate Name:* Yvette Denise Simmons | *Form:* Offer Details - CSR - Non-Contingent (FDS_OFFERDETAILS_CSR_NON CONTINGENT2019) | *Process:* California Store Onboarding Process (FDS_STORE_CA_ONBTRANS_082019) |
| *Candidate ID:* 24613193 | *Form submitted by:* Yvette Denise Simmons | *Process Number:* 356977 |
| *Requisition Title:* Customer Service Representative Lake Elsinore California | *Date submitted (MM-DD-YYYY):* 03-06-2020 18:18 -0500 | *Step:* CSR - Offer Details (grgOeAQauViIcKF) |
| *Requisition Number:* CUS18840 | *Language:* en | *Task:* Offer Details (FDS_OFFERDETAILS_CSR_NON CONTINGENT2019) |

Mandatory fields are marked with a red indicator.

## Offer Details

Please review the offer details and indicate your acceptance below.

Full Name:
Yvette Simmons

Job Title:
Customer Service Representative Lake Elsinore California

Starting Hourly Salary:
12.50

Pay Basis
Per Hour

Start Date
Mar 6, 2020

I am pleased to offer you the opportunity to join one of the best retail teams in America. Creating a culture that provides a compelling place to shop, work, and invest is essential to achieving our corporate goals. I look forward to working with you.

In addition, Family Dollar offers health, dental and vision, flexible spending accounts, life and disability insurance benefits to full-time Associates and their eligible dependents. You will be eligible to enroll in your first 90 days of employment and will be sent a letter notifying you of your opportunity prior to your enrollment window.

This offer is for at-will employment only and is not to be construed as offering employment for a definite term nor does it constitute an employment contract. If you accept this offer, your employment with Family Dollar may be terminable by you or the Company at any time, with or without cause unless expressly set forth in a separate written agreement executed by you and the Vice President of Human Resources. Additionally, as a condition of employment with Family Dollar, you will be subject to and requested to execute a *Mutual Agreement to Arbitrate Claims*, which will require that both you and Family Dollar agree to arbitrate covered disputes, including, without limitation, disputes arising out of or in connection with the employment relationship.

As part of Family Dollar, you will have an opportunity to play a vital role in our success. We look forward to your joining us.

Sincerely,

Dennise

Bugna

Store Manager

## ACKNOWLEDGEMENT AND ACCEPTANCE OF EMPLOYMENT OFFER

Please indicate your acceptance:

EXHIBIT K, Page 70

# EXHIBIT L



Family Dollar, where applicable, will use your Social Security Number and date of birth to review their records to determine if you have ever been terminated from Family Dollar for cause, or failed a drug or alcohol test as part of a previous application for employment.

Please select that you accept Family Dollar's use of your Social Security Number and date of birth.*

| Not Specified | ▼ |
|---|---|

Please click dtarbitration.com and review Dollar Tree's Mutual Agreement to Arbitrate Claims and the Arbitration Program FAQs.

I acknowledge that I have received and read   *
the Mutual Agreement to Arbitrate Claims, and
I agree to its terms.

○ Not Specified

◉ I Agree

**Questionnaire**

Please answer the following questions as accurately as possible.

1. What is the longest amount of time you have been employed by one company?*

○ None
○ Less than one year
○ 1 - 2 years
○ 2 - 5 years
○ 5 - 7 years
○ 7 + years

# EXHIBIT M

| Candidate Name | Job Title |
|---|---|
| **Simmons, Yvette Denise (24613193)** | **Customer Service Representative Lake Elsinore California (CUS18840)** |

| Step | Latest Submission | Recruiter |
|---|---|---|
| **Hire** | **Online** | **Generic Recruiter-Hiring Manager** |

| Status | Source | Hiring Manager |
|---|---|---|
| **Hired / Start Onboarding** | **FamilyDollar.com** | **Generic Recruiter-Hiring Manager** |

| Creation Date | Source Type | Internal Submission? |
|---|---|---|
| **Jan 27, 2020** | **Our Web Site** | **false** |

# History

| Date | Events | Details | Comments | By |
|---|---|---|---|---|
| General Profile | | | | |
| Mar 06, 2020, 06:24:08 P.M. | Contact information - Updated | Cellular Number before change: ███████ | - | Yvette Simmons |
| Mar 05, 2020, 10:29:21 A.M. | Correspondence sent | Forgot Password Forgot Password | - | Candidate |
| Mar 05, 2020, 10:29:03 A.M. | Correspondence sent | Forgot Password Forgot Password | - | Candidate |
| Mar 04, 2020, 11:11:13 A.M. | Correspondence sent | Forgot Password Forgot Password | - | Candidate |
| Mar 04, 2020, 11:02:31 A.M. | Updated profile | Background Check Consent - ALWAYS POST (External) The submission is complete | - | Candidate |
| Mar 04, 2020, 10:53:28 A.M. | Correspondence sent | Forgot Password Forgot Password | - | Candidate |
| Feb 11, 2020, 01:21:17 P.M. | Updated profile | Stores Career Section (External) The submission is complete | - | Candidate |
| Feb 11, 2020, 01:07:05 P.M. | Contact information - Updated | Address (line 2) before change: | - | Candidate |
| Feb 11, 2020, 01:07:05 P.M. | Contact information - Updated | City before change: Road | - | Candidate |

| | | | | |
|---|---|---|---|---|
| Feb 11, 2020, 01:07:05 P.M. | Contact information - Updated | Address (line 2) before change: | - | Candidate |
| Feb 11, 2020, 01:07:05 P.M. | Contact information - Updated | City before change: Road | - | Candidate |
| Feb 11, 2020, 01:04:38 P.M. | Answer to a question - Updated | | - | Candidate |
| Feb 11, 2020, 01:04:38 P.M. | Answer to a question - Update | | - | Candidate |
| Feb 11, 2020, 01:04:38 P.M. | Updated profile | Stores Career Section (External) The submission is complete | - | Candidate |
| Feb 11, 2020, 01:04:13 P.M. | Basic profile - Updated | Job level before change: Entry Level | - | Candidate |
| Feb 11, 2020, 01:04:13 P.M. | Basic profile - Updated | Schedule before change: Variable | - | Candidate |
| Feb 11, 2020, 01:04:13 P.M. | Basic profile - Updated | Preferred job field(s) before change | -Customer Service Team Members | Candidate |
| Feb 11, 2020, 12:47:41 P.M. | Correspondence sent | Forgot Password Forgot Password | - | Candidate |
| Jan 27, 2020, 03:04:56 P.M. | Contact information - Updated | Previous Employee before change: | - | Integration |
| Jan 27, 2020, 03:04:56 P.M. | Contact information - Updated | Re-Hire Eligibility before change: | - | Integration |
| Jan 27, 2020, 03:04:56 P.M. | Contact information - Updated | Drug Test History before change: | - | Integration |
| Jan 27, 2020, 02:55:20 P.M. | Submitted profile | Stores Career Section (External) The submission is complete | - | Candidate |
| Jan 27, 2020, 02:54:57 P.M. | Updated profile | Stores Career Section (External) The submission is incomplete | - | Candidate |
| Jan 27, 2020, 02:52:36 P.M. | Updated profile | Stores Career Section (External) The submission is incomplete | - | Candidate |
| Jan 27, 2020, 02:18:56 P.M. | Attached File in Resume - Added | yvette simmons new resume ed's fault.docx | This file includes a resume from which basic | Candidate |

| | | candidate information has been extracted.- | | |
|---|---|---|---|---|
| Jan 27, 2020, 02:18:11 P.M. | Answer to a question - Updated | | - | Candidate |
| Jan 27, 2020, 02:18:11 P.M. | Answer to a question - Updated | | - | Candidate |
| Jan 27, 2020, 02:18:11 P.M. | Answer to a question - Updated | | - | Candidate |
| Jan 27, 2020, 02:18:11 P.M. | Answer to a question - Update | | - | Candidate |
| Jan 27, 2020, 02:18:11 P.M. | Answer to a question - Update | | - | Candidate |
| Jan 27, 2020, 02:18:11 P.M. | Answer to a question - Update | | - | Candidate |
| Jan 27, 2020, 02:18:11 P.M. | Updated profile | Stores Career Section (External) The submission is incomplete | - | Candidate |
| Jan 27, 2020, 02:14:16 P.M. | Contact information - Updated | I acknowledge that I have received and read the Mutual Agreement to Arbitrate Claims, and I agree to its terms. before change: | - | Candidate |
| Jan 27, 2020, 02:14:15 P.M. | Profile process - Start | selfRegister The submission is incomplete | - | Candidate |
| **ASS15331 (Assistant Store Manager Lake Elsinore California)** | | | | |
| Mar 06, 2020, 06:09:32 P.M. | Status changed to Not Recommended in step Candidate Review | Candidate was hired for requisition CUS18840 - Customer Service Representative Lake Elsinore California | | System |
| Feb 11, 2020, 01:33:51 P.M. | Steps bypassed. Step reached: Candidate Review | | PASSED | Integration |
| Feb 11, 2020, 01:33:51 P.M. | Status changed to Initial Review in step Candidate Review | | | Integration |
| Feb 11, 2020, 01:21:52 P.M. | Status changed to Perform Hire Eligibility in step Perform Hire Eligibility | | | System |
| Feb 11, 2020, | Applied online | Stores Career Section | | Candidate |

| | | | | |
|---|---|---|---|---|
| 01:21:51 P.M. | | (External) The submission is complete | | |
| Feb 11, 2020, 01:21:51 P.M. | Correspondence sent | Assistant Store Manager Lake Elsinore California-ASS15331 at Family Dollar | | System |
| Feb 11, 2020, 01:21:17 P.M. | Submission updated | Stores Career Section (External) The submission is incomplete | | Candidate |
| Feb 11, 2020, 01:21:16 P.M. | Provider status changed | Assessment, Assess-Systems | | Candidate |
| Feb 11, 2020, 01:21:16 P.M. | Results received | Assessment, Assess-Systems, {results} Results received: Results Text, Assessment, Overall Recommendation, Passed, Score, Provider Status. | | Candidate |
| Feb 11, 2020, 01:21:16 P.M. | Service status changed to Completed | Assessment, Assess-Systems | | Candidate |
| Feb 11, 2020, 01:17:28 P.M. | Service status changed to In progress | Assessment, Assess-Systems | | Candidate |
| Feb 11, 2020, 01:17:28 P.M. | Results received | Assessment, Assess-Systems, {results} Results received: Results Text, Score, Provider Status, hidden web Address. | | Candidate |
| Feb 11, 2020, 01:17:28 P.M. | Provider status changed | Assessment, Assess-Systems | | Candidate |
| Feb 11, 2020, 01:08:08 P.M. | Service status changed to Acknowledged by provider | Assessment, Assess-Systems | | Candidate |
| Feb 11, 2020, 01:08:08 P.M. | Provider status changed | Assessment, Assess-Systems | | Candidate |
| Feb 11, 2020, 01:08:08 P.M. | Results received | Assessment, Assess-Systems, {results} Results received: Provider Status, hidden web Address. | | Candidate |
| Feb 11, 2020, 01:08:06 P.M. | Service requested | Assessment, Assess-Systems | | Candidate |
| Feb 11, 2020, 01:04:18 P.M. | Privacy Agreement Accepted | Document agreed to: {0} - {1} 102140030327 | Yvette Simmons | Candidate |

| Feb 11, 2020, 01:04:13 P.M. | Application process - Start | Profile process - Start Stores Career Section (External) The submission is incomplete | Candidate |
|---|---|---|---|
| Feb 11, 2020, 01:04:13 P.M. | Work experience - Added | Cash Office Manager;Ross Dress For Less Cash;01/2014;01/2016;0; | Candidate |
| Feb 11, 2020, 01:04:13 P.M. | Work experience - Added | Shift Manager;Fry's Market Place;01/2002;05/2014;0; | Candidate |
| Feb 11, 2020, 01:04:13 P.M. | Work experience - Added | Customer Service Desk;The Home Depot;01/2016;01/2017;0; | Candidate |
| Feb 11, 2020, 01:04:13 P.M. | Education - Added | Medical;College America;;01/2015; | Candidate |
| Feb 11, 2020, 01:04:13 P.M. | Education - Added | Medical Specialist;College America;;01/2015; | Candidate |
| Feb 11, 2020, 01:04:13 P.M. | Education - Added | EDUCATION;Valley High School;;; | Candidate |
| CUS18840 (Customer Service Representative Lake Elsinore California) | | | |
| Jun 03, 2020, 06:00:23 A.M. | Service status changed to Unable to process | Background Screening, SterlingBackcheck | Candidate |
| Mar 06, 2020, 06:10:05 P.M. | Correspondence sent | List of Acceptable Documents | System |
| Mar 06, 2020, 06:09:32 P.M. | Start New Hire Process Request Sent | A request to start the new hire process "{0}" has been sent. California Store Onboarding Process | DENNISE BUGNA |
| Mar 06, 2020, 06:09:28 P.M. | Moved to step Hire | | DENNISE BUGNA |
| Mar 06, 2020, 06:09:28 P.M. | Status changed to Hired / Start Onboarding in step Hire | | DENNISE BUGNA |
| Mar 06, 2020, 06:09:28 P.M. | Hired | Start Date: {0} Mar 6, 2020, 12:00:00 AM (UTC -05:00) Eastern Time - Montreal, New York, Washington D.C. | DENNISE BUGNA |
| Mar 05, 2020, 05:00:33 A.M. | Status changed to Background Complete in step | | System |

| | | | |
|---|---|---|---|
| | Offsite BG Check | | |
| Mar 05, 2020, 04:52:56 A.M. | Results received | Background Screening, SterlingBackcheck, {results} Results received: Adjudication Result, Provider Status, Summary. | Candidate |
| Mar 04, 2020, 11:02:42 A.M. | Status changed to Pending Background in step Offsite BG Check | | System |
| Mar 04, 2020, 11:02:41 A.M. | Results received | Background Screening, SterlingBackcheck, {results} Results received: Error Message. | Candidate |
| Mar 04, 2020, 11:02:41 A.M. | Service status changed to Acknowledged by provider | Background Screening, SterlingBackcheck | Candidate |
| Mar 04, 2020, 11:02:36 A.M. | Service requested | Background Screening, SterlingBackcheck | Candidate |
| Mar 04, 2020, 11:02:35 A.M. | Moved to step Offsite BG Check | | System |
| Mar 04, 2020, 11:02:35 A.M. | Status changed to PreEmp Consent Rec'vd/Checks Started in step Offsite BG Check | | System |
| Mar 04, 2020, 11:02:31 A.M. | Submission updated | Background Check Consent - ALWAYS POST (External) The submission is complete | Candidate |
| Mar 04, 2020, 10:14:59 A.M. | Status changed to Verbal Offer Accepted in step Offer | | DENNISE BUGNA |
| Mar 03, 2020, 10:05:06 A.M. | Correspondence sent | Family Dollar Employment - Next Steps | System |
| Mar 03, 2020, 10:02:24 A.M. | Status changed to Conditional Offer Extended in step Offer | | DENNISE BUGNA |
| Mar 03, 2020, 10:02:17 A.M. | Moved to step Offer | | DENNISE BUGNA |
| Mar 03, 2020, 10:02:17 A.M. | Status changed to Offer to be made | | DENNISE BUGNA |

| | | | | |
|---|---|---|---|---|
| | in step Offer | | | |
| Mar 03, 2020, 10:02:08 A.M. | Status changed to Interview Complete in step Candidate Review | | | DENNISE BUGNA |
| Mar 03, 2020, 10:02:04 A.M. | Status changed to Conduct Phone Screen in step Candidate Review | | | DENNISE BUGNA |
| Mar 03, 2020, 10:02:01 A.M. | Status changed to Hiring Manager Review in step Candidate Review | | | DENNISE BUGNA |
| Jan 27, 2020, 03:03:43 P.M. | Steps bypassed. Step reached: Candidate Review | | PASSED | Integration |
| Jan 27, 2020, 03:03:43 P.M. | Status changed to Initial Review in step Candidate Review | | | Integration |
| Jan 27, 2020, 02:56:25 P.M. | Provider status changed | Tax Credit Assessment, ERNST_YOUNG | | Candidate |
| Jan 27, 2020, 02:56:25 P.M. | Service status changed to Completed | Tax Credit Assessment, ERNST_YOUNG | | Candidate |
| Jan 27, 2020, 02:56:25 P.M. | Results received | Tax Credit Assessment, ERNST_YOUNG, {results} Results received: State Credits, Provider Status, Tax Credit Partner Summary, Federal Credits. | | Candidate |
| Jan 27, 2020, 02:55:21 P.M. | Status changed to Perform Hire Eligibility in step Perform Hire Eligibility | | | System |
| Jan 27, 2020, 02:55:21 P.M. | Correspondence sent | Customer Service Representative Lake Elsinore California-CUS18840 at Family Dollar | | System |
| Jan 27, 2020, 02:55:20 P.M. | Applied online | Stores Career Section (External) The submission is complete | | Candidate |
| Jan 27, 2020, 02:54:57 P.M. | Submission updated | Stores Career Section (External) The | | Candidate |

| | | submission is incomplete | |
|---|---|---|---|
| Jan 27, 2020, 02:53:21 P.M. | Service status changed to Acknowledged by provider | Tax Credit Assessment, ERNST_YOUNG | Candidate |
| Jan 27, 2020, 02:53:21 P.M. | Provider status changed | Tax Credit Assessment, ERNST_YOUNG | Candidate |
| Jan 27, 2020, 02:53:21 P.M. | Results received | Tax Credit Assessment, ERNST_YOUNG, {results} Results received: Provider Last Error Message, Provider Status, hidden web Address. | Candidate |
| Jan 27, 2020, 02:53:19 P.M. | Service requested | Tax Credit Assessment, ERNST_YOUNG | Candidate |
| Jan 27, 2020, 02:52:36 P.M. | Submission updated | Stores Career Section (External) The submission is incomplete | Candidate |
| Jan 27, 2020, 02:52:35 P.M. | Results received | Assessment, Assess-Systems, {results} Results received: Results Text, Assessment, Overall Recommendation, Passed, Score, Provider Status. | Candidate |
| Jan 27, 2020, 02:52:35 P.M. | Service status changed to Completed | Assessment, Assess-Systems | Candidate |
| Jan 27, 2020, 02:52:35 P.M. | Provider status changed | Assessment, Assess-Systems | Candidate |
| Jan 27, 2020, 02:47:53 P.M. | Results received | Assessment, Assess-Systems, {results} Results received: Results Text, Score, Provider Status, hidden web Address. | Candidate |
| Jan 27, 2020, 02:47:53 P.M. | Provider status changed | Assessment, Assess-Systems | Candidate |
| Jan 27, 2020, 02:47:53 P.M. | Service status changed to In progress | Assessment, Assess-Systems | Candidate |
| Jan 27, 2020, 02:36:33 P.M. | Service status changed to Acknowledged by provider | Assessment, Assess-Systems | Candidate |
| Jan 27, 2020, | Provider status | Assessment, | Candidate |

| | | | |
|---|---|---|---|
| 02:36:33 P.M. | changed | Assess-Systems | |
| Jan 27, 2020, 02:36:33 P.M. | Results received | Assessment, Assess-Systems, {results} Results received: Provider Status, hidden web Address. | Candidate |
| Jan 27, 2020, 02:36:31 P.M. | Service requested | Assessment, Assess-Systems | Candidate |
| Jan 27, 2020, 02:34:58 P.M. | Work experience - Updated | Work experience before change Customer Service Desk;The Home Depot;01/2016;01/2017;0; | Candidate |
| Jan 27, 2020, 02:34:58 P.M. | Work experience - Updated | Work experience before change Cash Office Manager;Ross Dress For Less Cash;01/2014;01/2016;0; | Candidate |
| Jan 27, 2020, 02:34:58 P.M. | Work experience - Updated | Work experience before change Shift Manager;Fry's Market Place;01/2002;05/2014;0; | Candidate |
| Jan 27, 2020, 02:34:58 P.M. | Education - Updated | Education before change Medical;College America;;01/2015; | Candidate |
| Jan 27, 2020, 02:34:58 P.M. | Education - Updated | Education before change Medical Specialist;College America;;01/2015; | Candidate |
| Jan 27, 2020, 02:34:58 P.M. | Education - Updated | Education before change EDUCATION;Valley High School;;; | Candidate |
| Jan 27, 2020, 02:34:58 P.M. | Work experience - Updated | Work experience before change Customer Service Desk;The Home Depot;01/2016;01/2017;0; | Candidate |
| Jan 27, 2020, 02:34:58 P.M. | Work experience - Updated | Work experience before change Cash Office Manager;Ross Dress For Less Cash;01/2014;01/2016;0; | Candidate |
| Jan 27, 2020, 02:34:58 P.M. | Work experience - Updated | Work experience before change Shift Manager;Fry's Market Place;01/2002;05/2014;0; | Candidate |
| Jan 27, 2020, 02:34:58 P.M. | Education - Updated | Education before change Medical;College America;;01/2015; | Candidate |

| Jan 27, 2020, 02:34:58 P.M. | Education - Updated | Education before change Medical Specialist;College America;;01/2015; | | Candidate |
| Jan 27, 2020, 02:34:58 P.M. | Education - Updated | Education before change EDUCATION;Valley High School;;;; | | Candidate |
| Jan 27, 2020, 02:18:56 P.M. | File identified as relevant for the submission | yvette simmons new resume ed's fault.docx | This file includes a resume from which basic candidate information has been extracted. | Candidate |
| Jan 27, 2020, 02:14:25 P.M. | Privacy Agreement Accepted | Document agreed to: {0} - {1} 102140030327 | | Candidate |
| Jan 27, 2020, 02:14:16 P.M. | Application process - Start | Profile process - Start Stores Career Section (External) The submission is incomplete | | Candidate |

# Resume

## Candidate Personal Information

First Name
**Yvette**

Last Name
**Simmons**

Middle Name
**Denise**

Address (line 1)
████████

City
**Lake Elsinore**

Zip/Postal Code
**92530**

Place of Residence
**United States > California > Temecula**

Primary Number
**Home Phone**

Cellular Number
████████

Date of Birth
**1976-04-08T00:00:00**

Social Security Number
████████

Email Address                          Internal Candidate?
**yvettesimmons084@gmail.com**         **false**

## FDS Custom Fields Re-hire Eligibility Section

Re-Hire Eligibility                    Previous Employee
**Recommended**

Drug Test History
**Not Found**

Drug Test Info

<mark>I acknowledge that I have received and read the Mutual Agreement to Arbitrate Claims, and I agree to its terms.</mark>
<mark>**I Agree**</mark>

BaseSalaryExpectations

As of (Rec Optional)

If you answered Yes to the previous question, please indicate where and when you applied to work at Family Dollar.

If you answered Yes to the previous question, please indicate where and when you worked for Family Dollar.

If you answered Yes to the previous question, please provide the name, relationship, and location of each relative.

If you answered Yes to the previous question, please indicate the name of the Assocoate who referred you.

If you answered Yes to the previous question, please provide a brief explanation.

Current Title (Rec Optional)

Hourly Wage

Specimen ID/Chain of Custody Number

Urine Kit Lot #

Have you ever applied to work at Family Dollar?

Have you ever worked at Family Dollar?

Are you currently or have you ever worked at Dollar Tree or Deals?

Do you have any relatives working for Family Dollar?

Do you have any relatives working for Dollar Tree or Deals?

Were you referred to this job by a Family Dollar Associate?

Were you referred to this job by a Dollar Tree or Deals Associate?

Have you been convicted of any crimes in the past 7 years? The job you are applying for & the time, nature & seriousness of the conviction will be considered. Don't answer yes if the conviction involved possession of marijuana & is more than 2 years old.

Have you been convicted of any crimes in the past seven years? Do not answer yes if the conviction has been expunged. The job you are applying for, and the time, nature and seriousness of the conviction will be taken into account.

Do you wish to consent?

Do you wish to consent?(New)

In accordance with the Navajo Preference in Employment Act, please indicate whether you are:

Minimum Salary Required

Reason For Pursuing New Employment

Please select that you accept Family Dollar's use of your Social Security Number and date of birth.
**Accept**

## Account Information

Account Status

User Name
**yvettesimmons084@gmail.com**

## Education

### Education 1

Program
**Medical**

Other Institution
**College America**

Education Level (Achieved)
**Associate's Degree/College Diploma (±13 years)**

### Education 2

Program
**Medical Specialist**

Other Institution
**College America**

Education Level (Achieved)
**Associate's Degree/College Diploma (±13 years)**

### Education 3

Program
**EDUCATION**

Other Institution
**Valley High School**

Education Level (Achieved)
**High School Diploma/GED (±11 years)**

## Work Experience

### Work Experience 1

**Current Job: false**

| | |
|---|---|
| Other Employer<br>**The Home Depot** | Job Title<br>**Customer Service Desk** |
| Start Date<br>**Jan, 2016** | End Date<br>**Jan, 2017** |
| Supervisor's Phone | May we contact the Supervisor? |
| Supervisor's Name | Reason for Leaving |
| Supervisor's Title | Achievements<br>**Receive / stock product. Customer assistance. Self-serve register customer service.** |

---

**Work Experience 2**

**Current Job: false**

| | |
|---|---|
| Other Employer<br>**Ross Dress For Less Cash** | Job Title<br>**Cash Office Manager** |
| Start Date<br>**Jan, 2014** | End Date<br>**Jan, 2016** |
| Supervisor's Phone | May we contact the Supervisor? |
| Supervisor's Name<br>**Donna Campbell** | Reason for Leaving |
| Supervisor's Title | Achievements<br>**Manage all company money, Prepare store deposits daily, accounting, and bookkeeping.** |

---

**Work Experience 3**

**Current Job: false**

| | |
|---|---|
| Other Employer<br>**Fry's Market Place** | Job Title<br>**Shift Manager** |

Start Date
**Jan, 2002**

End Date
**May, 2014**

Supervisor's Phone
**480-766-6777**

May we contact the Supervisor?
**Yes**

Supervisor's Name
**Charles McBribe**

Reason for Leaving

Supervisor's Title

Achievements
**Receive / stock product Operate Western Union terminal to send / receive money Implement company policies/procedures Balance store safe / multiple cashier tills Issue money orders General product ordering**

**References**

# Screening

## ASSESSMENT(Assess Systems)

Validated pre-employment assessments designed to identify characteristics important to job success, targeted to specific industries. Assessments available for associate through management level candidates.

| Requester | Requested Date | Provider Status | Status | Result Summary |
|---|---|---|---|---|
| | **Jan 27, 2020** | **Completed** | **Completed** | **- Select for Family Dollar - CSR (v2):** |
| Results Expiration Date | Last Activity Date | Reference Number (Internal) | Reference Number (External) | |
| **Mar 27, 2020** | **Jan 27, 2020** | **29498506** | **107448194** | |
| Results | | | | |
| **DETAILS: - Select for Family Dollar - CSR (v2): PHASE: Select for Family Dollar - CSR (v2) SCORE: 100** | | | | |

## REGULATORYSERVICE(ERNST_YOUNG)

Tax Credit Assessment.

| Requester | Requested Date | Provider Status | Status | | Result Summary |
|---|---|---|---|---|---|
| | **Jan 27, 2020** | **Results Available** | **Completed** | | **Appears Ineligible (Fed AND State)** |
| Results Expiration Date | Last Activity Date | Reference Number (Internal) | Reference Number (External) | | |
| | **Jan 27, 2020** | **29498823** | **a1bdf4eb-dd1c-4968-8735-55b4362dd4e1** | | |
| Results | | | | | |
| **DETAILS: Appears Ineligible (Fed AND State) FEDERAL: Appears Ineligible STATE: Appears Ineligible** | | | | | |

## ASSESSMENT(Assess Systems)

Validated pre-employment assessments designed to identify characteristics important to job success, targeted to specific industries. Assessments available for associate through management level candidates.

| Requester | Requested Date | Provider Status | Status | Result Summary |
|---|---|---|---|---|
| | **Feb 11, 2020** | **Completed** | **Completed** | **- Select for Family Dollar - ASM (v2):** |
| Results Expiration Date | Last Activity Date | Reference Number (Internal) | Reference Number (External) | |
| **Apr 11, 2020** | **Feb 11, 2020** | **29582565** | **109229971** | |
| Results | | | | |
| **DETAILS: - Select for Family Dollar - ASM (v2): PHASE: Select for Family Dollar - ASM (v2) SCORE: 100** | | | | |

## BACKGROUNDCHECK(SterlingBackcheck)

SterlingBackcheck delivers confident hiring for a safer, more productive world. An NABPS accredited, global background screening partner, we employ over 3,000 people in 5 countries and help over 20,000 organizations hire and retain the right people. We are 100% focused on efficiency, accuracy, compliance and exceptional customer service. Visit www.sterlingbackcheck.com

| Requester | Requested Date | Provider Status | Status | Result Summary |
|---|---|---|---|---|
| | **Mar 04, 2020** | | **Unable to process** | **criminal : Clear criminal : Level1 criminal : Level1 criminal : Level1 ssn : Complete** |
| Results Expiration | Last Activity Date | Reference Number | Reference Number | |

| Date | (Internal) | (External) |
|---|---|---|
| **Jun 03, 2020** | **29690667** | **89504241** |
| Results | | |

# Profile

## Employment Preferences

**Job Field**

| Category | Function | Specialty |
|---|---|---|
| **Store Careers** | **Assistant Store Management** | |
| **Store Careers** | **Customer Service Team Members** | |

**Organization**

| Executive | Sub Executive | Subsidiary | Division | Zone | Region | District | Store |
|---|---|---|---|---|---|---|---|
| **Family Dollar Stores, Inc** | **8600000 Executive** | **8610000 Executive COO** | **7200000 Store Operations** | **7270070 Group 70** | **7280035 Region 35** | **7290679 District 679** | **9810254 Store 10254 (CA)** |

**Locations**

| Location |
|---|
| **United States - California - Lake Elsinore - 10254/W CA LAKE ELSI** |

## Submission Medium

Original Submission Medium
**Online**

Latest Submission Medium
**Online**

## Source Tracking

General
**Our Web Site**

Specific
**FamilyDollar.com**

# Basic Profile

Job Level
**Team Leader Entry Level**

Education Level
**High School Diploma/GED (±11 years)**

Schedule
**Full-time Variable**

Shift
**Variable**

Employee Status
**Regular**

# Prescreening

| Questions for: CUS18840 | Required Asset |
|---|---|
| There are no job-specific questions to display. | |

| Disqualification Questions for: CUS18840 | Result |
|---|---|

1. 158383 - Family Dollar requires that all Associates be at least 18 years old to be hired. Are you 18 years of age or older?

   *Type:Single Answer*

   **Answer | Possible Answers**

   | ▶ Yes | The Candidate Passes |
   |---|---|
   | No | |

2. 158385 - Do you have the legal right to work in the United States? (If you currently hold an H-1B or Green Card, you are considered eligible to work in the United States until that VISA expires. However, please note that Family Dollar does not routinely sponsor employees for initial or renewal of H-1B Visas and Green Cards unless prior approval is obtained.)

   *Type:Single Answer*

   **Answer | Possible Answers**

   | ▶ Yes | The Candidate Passes |
   |---|---|
   | No | |

3. 173048 - I consent to drug and/or alcohol testing as a condition of employment in compliance with Company Policy. I understand that information regarding my test results will be released to Family Dollar & may be used as grounds for adverse employment action, including withdrawal of any conditional employment offer, or termination. I have the right to refuse testing; however, refusal, including adulterating, substituting, or diluting specimens will be considered voluntary withdrawal of my employment application. I understand that I have 2 business days to arrive at the clinic listed on the Chain of Custody Form to complete the Drug Test. I have read the above consent to drug and/or alcohol testing & certify that I understand

this document, & stipulate that my consent is knowing & voluntary. I understand that employment with Family Dollar is at-will. By accepting below, I hereby agree to submit to drug and/or alcohol tests requested by Family Dollar.

*Type:Single Answer*

| **Answer | Possible Answers** | |
|---|---|
| I consent | |
| I do not consent | |

4. 234960 - Are you a member of the Navajo Tribe?

*Type:Single Answer*

| **Answer | Possible Answers** | |
|---|---|
| Yes | |
| No | |

5. 239436 - Do you have any relatives working for Family Dollar?

*Type:Single Answer*

| **Answer | Possible Answers** | |
|---|---|
|  No | The Candidate Passes |
| Yes | |

## eSignature

Unique Identifier
**4999**

IP Address of computer used to eSign:
**172.116.192.25**

eSignature date and time
**Jan 27, 2020, 02:55:15 P.M.**

## Background Check

| Consent | Inquiry Report Requested |
|---|---|
| **true** | **false** |